IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **LAKEISHA EZELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 4:20-CV-2058-ACA |
| v. | ) |
| | ) |
| **JEFFERSON DUNN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO STRIKE OR, IN THE
## ALTERNATIVE, MOTION TO DISMISS

COME NOW Defendants Jefferson Dunn ("Commissioner Dunn"), Grantt Culliver ("Culliver"), Jeffery Williams ("Williams"), Edward Ellington ("Ellington"), Karla Jones ("Jones"), Gwendolyn Givens ("Givens"), and Anthony Brooks ("Brooks," and, collectively with Commissioner Dunn, Culliver, Williams, Ellington, Jones, and Givens, the "ADOC Officials"), and hereby move to strike the Amended Complaint filed by Plaintiff Lakeisha Ezell ("Plaintiff") as a shotgun pleading and for failure to comply with this Court's previous Order (Doc. No. 30). In the alternative, the ADOC Officials move to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)6) of the Federal Rules of Civil Procedure. As grounds for and in support of this Motion, the ADOC Officials submit their

Memorandum of Law in Support of the Motion to Dismiss and further state as follows:

1.  The Court struck Plaintiff's original Complaint as an impermissible "shotgun pleading" and ordered her to file an amended complaint including "a <u>separate count</u> for <u>each claim</u> against <u>one defendant</u>, and the factual basis for that claim only." (Doc. No. 30 at 4). The Court further directed that "each count must allege facts showing how one specific defendant's acts or omissions give rise to the claim, and where applicable to certain § 1983 claims, facts showing how that specific defendant had requisite knowledge of underlying information sufficient to state a claim." (<u>Id.</u>). Plaintiff utterly failed to comply with the Court's instruction. Instead of setting forth each claim against each ADOC Official in a separate count, including facts specific to that ADOC Official, the Amended Complaint continues to lump ADOC Officials and other individual defendants together, including multiple individuals in each count. (<u>See</u>, <u>e.g.</u>, Doc. No. 34, ¶¶ 240-246, 265-271, 277-280, 295-298, 302, and 316-323). The Amended Complaint remains an impermissible shotgun pleading, and the Court should strike it for failure to comply with the Court's express Order.

2.  Even if Plaintiff met the basic pleading standards, which she did not, the Amended Complaint would remain subject to dismissal under Rules 12(b)(1) and 12(b)(6), for at least the following five (5) reasons: (1) Alabama law provides

an adequate damages remedy before the Alabama Board of Adjustment, and Plaintiff therefore cannot avoid Eleventh Amendment and state sovereign immunity by suing the ADOC Officials individually; (2) Plaintiff fails to allege a plausible 42 U.S.C. § 1983 ("section 1983") claim against any ADOC Official; (3) qualified immunity protects the ADOC Officials from Plaintiff's section 1983 claims; (4) state-agent immunity bars Plaintiff's state-law claim; and (5) Plaintiff fails to plead a state-law claim against any ADOC Official.

3. **Alabama law provides an adequate damages remedy.** Plaintiff apparently recognizes that she cannot recover damages against ADOC or its officials in their official capacities, and she therefore attempts to recover damages from the ADOC Officials individually. However, Alabama law already contains a mechanism to deal with damages claims that sovereign immunity would otherwise bar – the Alabama Board of Adjustment. Ala. Code § 41-9-62 (1975). The Board of Adjustment specifically holds jurisdiction over "[a]ll claims for damages to the person or property growing out of any injury done to either the person or property by the State of Alabama or any of its agencies, commissions, boards, institutions or departments" and "[a]ll claims for personal injuries to or the death of any convict." Ala. Code. § 41-9-62(a)(1), (2). Thus, to the extent Plaintiff seeks damages for harm Andrews sustained while in ADOC's custody, the Alabama Board of Adjustment exists to adjudicate those very claims.

4. **Plaintiff fails to state a section 1983 claim.** Plaintiff seeks to hold the ADOC Officials personally liable for harm Andrews allegedly suffered at the hands of another inmate. Plaintiff must clear a high bar to impose personal liability on these public servants. Plaintiff does not allege that any of the ADOC Officials were present during the alleged attack on Andrews by the other inmate. Instead, she seeks to hold the ADOC Officials personally liable solely in their capacity as supervisors. "'It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'" Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999); Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994). "[A] plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Id., (citing Cottone, 326 F.3d at 1360). Moreover, a plaintiff must show "'more than a generalized awareness of risk' to make out a deliberate-indifference claim." Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019). The Amended Complaint does not include allegations that plausibly state a claim for supervisory liability.

5. **Qualified immunity protects the ADOC Officials from Plaintiff's individual-capacity claims.** Even if Plaintiff could allege an underlying constitutional violation on the part of any ADOC Official, Plaintiff fails to allege the type of conduct necessary to overcome qualified immunity and impose personal liability on these public servants. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Even if Plaintiff properly alleged a constitutional violation (she did not and cannot), she cannot establish a violation of *clearly established* law. Plaintiff can point to no prior caselaw suggesting that the ADOC Officials should have been on notice that their conduct violated Plaintiff's constitutional rights. To the contrary, the caselaw plainly establishes that supervisory liability is not appropriate in these circumstances. See Marbury, 936 F.3d at 1233-38 (no liability where warden and correctional officer allegedly ignored plaintiff's requests for transfer before attack by fellow inmate and knew of a general risk of violence within the prison). Accordingly, qualified immunity protects the ADOC Officials from Plaintiff's section 1983 claims.

6. **Plaintiff's state-law wrongful death claim is subject to dismissal.** The ADOC Officials are entitled to state-agent immunity from Plaintiff's state-law wrongful death claim. Plaintiff repeats the language from the Alabama Supreme

Court's exception to state-agent immunity, but fails to plead facts supporting those allegations. The Court need not accept Plaintiff's conclusory allegations that lack factual support. See Ex parte Gilland, 274 So. 3d 976, 985 n.3 (Ala. 2018) ("Although we are required to accept [plaintiff's] <u>factual</u> allegations as true at this stage of the proceedings, we are not required to accept her <u>conclusory</u> allegations that [defendant] acted willfully, maliciously, fraudulently, or in bad faith;" instead, plaintiff must "plead <u>facts</u> that would support those conclusory allegations"). Even if state-agent immunity did not apply, Plaintiff fails to allege that any ADOC Official performed any "wrongful act, omission, or negligence . . . whereby the death of [Andrews] was caused." Ala. Code § 6-5-410. Accordingly, Plaintiff cannot state a wrongful death claim under Alabama law.

WHEREFORE, based on the foregoing, the ADOC Officials respectfully request that this Court strike Plaintiff's Amended Complaint as a shotgun pleading and for failure to comply with this Court's Order, or, in the alternative, dismiss all claims asserted against them by Plaintiff.

Respectfully submitted this 2nd day of April, 2021.

> /s/ William R. Lunsford
> William R. Lunsford
> *Attorney for the ADOC Officials*

William R. Lunsford

Matthew B. Reeves
La Keisha W. Butler
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
lbutler@maynardcooper.com

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 2nd day of April, 2021:

>Ruth Z. Brown
>Megan Pierce
>**LOEVY & LOEVY**
>311 N. Aberdeen, 3rd Floor
>Chicago, IL 60607
>T: (312) 243-5900
>F: (312) 243-5902
>E: ruth@loevy.com
>E: megan@loevy.com
>
>Anil A. Mujumdar
>**DAGNEY JOHNSON LAW GROUP**
>2170 Highland Avenue, Suite 250
>Birmingham, AL 35205
>T: (205) 590-6986
>F: (205) 809-7899
>E: anil@dagneylaw.com
>
>*Attorneys for Plaintiff*

>/s/ William R. Lunsford
>Of Counsel