# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| LAKEISHA EZELL, as representative of the ESTATE OF TERRENCE ANDREWS, | ) ) ) ) |
| Plaintiff, | ) Honorable Judge Annemarie Carney Axon ) |
| v. | ) Case No.: 4:20-cv-02058-ACA ) ) |
| JEFFERSON DUNN, et al., | ) ) ) |
| Defendants. | ) ) ) JURY TRIAL DEMANDED ) ) |

**PLAINTIFF'S *UNOPPOSED* MOTION FOR SECOND EXTENSION OF RULE 4(m) PERIOD TO COMPLETE SERVICE ON FINAL DEFENDANT**

Plaintiff LaKeisha Ezell, by and through her attorneys with the law firms of Loevy & Loevy and the Dagney Johnson Law Group, moves this Court for a 21-day extension of the Rule 4(m) period to complete service on the single remaining defendant. In support of this motion, Plaintiff states as follows:

1. Since the filing of Plaintiff's complaint, Plaintiff has successfully served 16 of the 17 defendants in this action,[1] but requires an additional time to serve the single remaining defendant: Charles Daniels. Plaintiff thus respectfully seeks a 21-day extension in the Rule 4(m) period for service. Mr. Daniels's counsel from Maynard Cooper and defense counsel from

---

[1] Defendants Baker, Ary, Estelle, Graham, Malone, Williams, Dunn, and Ellington were served via certified mail. Dkt. 9, 22. Defendants Culliver and Brooks were served via process server. Dkts. 23 & 24. Defendant White accepted service through his counsel. Dkt. 14. Defendant Sanders's counsel accepted service on Sanders's behalf via an agreement between the parties reached on March 5, 2021. Defendants Jones and Givens waived service on March 29, 2021. Dkts. 44 &45. Defendants Caver and Garrett accepted service via their counsel by email on April 1, 2021.

1

Cappell & Howard have indicated that their clients are unopposed to the 21-day extension sought in Plaintiff's motion.

2.  Rule 4(m) of the Federal Rules of Civil Procedure provides that if a plaintiff "shows good cause" for failing to serve a defendant within the time period specified by the rule, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Rule 4(m) previously afforded 120 days for service; when that period was shortened to 90 days, the advisory committee clarified: "Shortening the presumptive time for service will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails [or] a defendant is difficult to serve . . ." Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendments. "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Hong-Diep Vu v. Phong Ho*, 756 F. App'x 881, 882 (11th Cir. 2018) (quoting *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

3.  "Even absent a showing of good cause, . . . district courts have discretion to extend the time for service of process" when circumstances so warrant. *Reis v. Comm'r of Soc. Sec.*, 710 F. App'x 828, 829 (11th Cir. 2017); *see also Bilal v. Geo Care*, LLC, 981 F.3d 903, 919 (11th Cir. 2020). Courts have provided permissive extensions where, for example, the plaintiff "acted with reasonable diligence" rather than "simply shirk[ing] his service obligation until it was too late" and an unserved defendant moved out of state. *Prince Hotel, S.A. v. Blake Marine Grp.*, 858 F. Supp. 2d 1287, 1293 (S.D. Ala. 2012). Likewise, "where the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service, the Advisory Committee Note to Rule 4(m) suggests that an extension

might be appropriate." *Bilal*, 981 F.3d at 919 (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments) (quotation omitted).

4. Plaintiff has good cause for her unopposed requested extension of time to serve. Plaintiff has now successfully served 16 of the 17 defendants named in Plaintiff's amended complaint, which provides evidence of Plaintiff's diligence. Defendant Daniels has been "difficult to serve." Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendments.

5. First, Defendant Daniels moved out of state, which has made service more difficult. *See Prince Hotel, S.A.*, 858 F. Supp. 2d at 1293. Second, Plaintiff has made three separate attempts at service of Mr. Daniels by certified mail, but those attempts have been pending with no resolution due to factors outside of Plaintiff's control. Dkts. 22, 26, & 43. More specifically, Plaintiff sent a first summons by certified mail to Defendant Daniels on February 18 and knows from the package tracking number that it was delivered to the addressee, but the Court has yet to receive the returned certified mail card and indicate whether service was executed or unexecuted. Dkt. 26. Plaintiff sent a second summons to Daniels on March 22, which, pursuant to the postal tracking information, was also delivered, but again, the Court did not receive the return certified mail card. Dkt. 43. On April 12, Plaintiff sent a third attempt at service by certified mail to Mr. Daniels at a different location, and that attempt remains pending as well. Dkt. 54. Thus, Plaintiff does not yet know if any of these attempts were successful at reaching Mr. Daniels. In addition to her attempts at service by certified mail, Plaintiff also hired a process server to personally serve Mr. Daniels at his workplace, but the process server has been unable to effect service on Mr. Daniels and has reported that he was told that Mr. Daniels travels between two different offices.

6.      In addition, Plaintiff worked cooperatively with defendants to reach an agreement in lieu of Plaintiff filing a motion for limited discovery to facilitate service. Pursuant to that agreement, "Defendants' counsel will work to obtain waivers of service for remaining unserved defendants or, if an unserved defendant cannot be reached or a waiver obtained, provide a correct name and last known address for any such unserved defendant." Mr. Daniels's counsel have represented that they have not yet been able to reach Mr. Daniels to determine whether he is willing to execute a waiver of service. Mr. Daniels' counsel have agreed to provide Mr. Daniels's last known address to Plaintiff by April 22 if unable to secure by that date a commitment to waive service.

7.      Plaintiff has thus been diligent and, due to forces outside her control such as the lack of return of certified mail receipts to the Court, requires a brief extension of time to work cooperatively with defense counsel and complete service upon Defendant Daniels. These circumstances satisfy the good cause requirement for a mandatory extension of the time to serve. *See D.S. v. Dunn, et al.*, Case No. 2:20-cv-02012-RDP (N.D. Ala.), Dkts. 71 & 72.

8.      Even absent good cause, the same considerations and history of diligent efforts at service support a permissive extension of the Rule 4(m) period for service. In addition, no defendant will suffer any prejudice from a brief extension of time to serve, as the case is in its initial stages, and discovery has not yet commenced. Additionally, a statute of limitations defense could prevent recovery by Plaintiff against the unserved defendants for a portion of their misconduct, contravening the preference in the Federal Rules for resolution of cases on the merits. *See Bilal*, 981 F.3d at 919 (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments). Finally, Plaintiff has diligently sought an extension prior to the expiration of the

time to serve. For these reasons, this Court should grant additional time to serve on a permissive basis even absent a finding of good cause.

## CONCLUSION

WHEREFORE, Plaintiff respectfully seeks a twenty-one (21) day extension of the Rule 4(m) period (until May 12, 2021), to facilitate service upon the single remaining unserved defendant. Plaintiff has shown good cause for such an extension, and, in the alternative, ample grounds exist for a permissive extension.

Respectfully submitted,

**D.S.**

BY: /s/ Ruth Brown
  *Counsel of Record*

BY: /s/ Anil Mujumdar
  *Local Counsel*

*Ruth Z. Brown (pro hac vice) (IL No. 6299187)
Megan Pierce (pro hac vice) (CA No. 314044)
Attorneys for Plaintiff
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: 312s-243-5900
Fax: 312-243-5902
Email: ruth@loevy.com, megan@loevy.com
*Counsel of Record

Anil A. Mujumdar (ASB-2004-L65M)
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35205
T: 205.590.6986
F: 205.809.7899
E: anil@dagneylaw.com
* Local Counsel

## **CERTIFICATE OF SERVICE**

I, Ruth Brown, hereby certify that on April 20, 2021, I caused the foregoing Motion for Extension of Time to Complete Service to be filed using the Court's CM/ECF system, causing it to be filed on counsel for all Defendants.

/s/ Ruth Brown
*One of Plaintiff's Attorneys*