FILED
2021 May-04 PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| LAKEISHA EZELL, as representative of the ESTATE OF TERRENCE ANDREWS, <br><br>    Plaintiff, <br><br> v. <br><br> JEFFERSON DUNN, et al. <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 4:20-cv-02058-ACA <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' REPLY BRIEF IN SUPPORT
## OF MOTION TO DISMISS

Defendants Carl Sanders ("Sanders"), Gary Malone ("Malone"), Kevin White ("White"), Carla Graham ("Graham"), Neketris Estelle ("Estelle"), Larry Baker ("Baker"), and Tanya Ary ("Ary") (collectively "Defendants") and submit this Reply in Support of their Motion to Dismiss (Doc. 46) (the "Motion") and in response to Plaintiff Lakeisha Ezell's ("Plaintiff") Response to Motion to Dismiss (Doc. 60).

### INTRODUCTION

Plaintiff's action arises from a December 2018 altercation between her son, Terrence Andrews, and Cedric Davis, both inmates at St. Clair Correctional Facility ("St. Clair"), in which Davis allegedly stabbed and killed Andrews. (Doc. 34 at ¶¶ 1, 38). Plaintiff pleads well-over 400 paragraphs (including sub-parts) in an attempt

to hold Defendants, as well as 10 other co-defendants, liable for this altercation. (Doc. 34).

**ARGUMENT**

I. **PLAINTIFF'S SHOTGUN COMPLAINT DOES NOT COMPLY WITH THIS COURT'S ORDER AND SHOULD BE DISMISSED WITH PREJUDICE.**

Plaintiff's arguments confirm she disregarded this Court's Order. This Court ordered Plaintiff to state a "<u>separate count</u> for <u>each claim</u> against <u>one defendant</u>," so that Defendants would have fair notice of the claims and allegations that Plaintiff asserts against them. (Doc. 30 p. 4 (emphasis in original)). Plaintiff argues that she "sets forth in separate counts the allegations supporting <u>each claim for relief against Defendants with parallel liability</u> and adds detail within each count to specify the conduct asserted against each individual Defendant." (Doc. 60 p. 29 (emphasis added)). Plaintiff's approach violates this Court's express instructions by stating multiple counts for multiple types of claims against multiple defendants.

Even if Plaintiff's "parallel liability" approach afforded Defendants proper notice, the allegations in Plaintiff's Complaint do not support her assertion. For example, Plaintiff purportedly asserts supervisory and direct liability claims against either Baker or Ary, or both in every single count. (Doc. 60 at p. 32-33, n.10); (Doc. 34 pp. 40-53). However, unlike the "Defendant Facility Supervisors," she does not allege Defendants Baker or Ary acted in a supervisory capacity. (*See, e.g.,* Doc. 34 at ¶¶ 32, 34, 35). There are no allegations that Ary supervised any subordinates. (*See*

Id. at ¶¶ 32, 35). Plaintiff's Conspiracy claim does not attempt to draw a distinction as it is asserted against "All Defendants." (Id. at p. 47; *see* Doc. 60 at p. 33 n.10). And Plaintiff continues to include allegations alleging defendants acted in conspiracy with "other Defendants" under counts unrelated to that cause of action. (Id. at ¶¶ 241, 252, 267, 287, 331). Accordingly, it is apparent Plaintiff did not plead her Complaint in accordance with the Court's Order.

Plaintiff also asserts Defendants "nitpick" the allegations and claims in her Complaint and that they collectively provide fair notice. Regardless of Plaintiff's characterization, the Complaint still references "Defendants" in bulk in connection with a multitude of allegations asserting some act, omission, or knowledge. (*See* Doc. 47 at pp. 7-8). In addition, Plaintiff fails to reference any specific Defendant or allegation in attempting to state claims for failure to intervene in Counts VII and VIII. (Doc. 34 ¶¶ 300-312). This "nitpicky" problem is further exacerbated by the counts that incorporate the paragraphs containing these problematic allegations.[1]

The Complaint's failure to follow the Court's Order warrants dismissal of the Complaint with prejudice. "Where a plaintiff fails to make meaningful modification to her complaint, a district may dismiss the case under the authority of either Rule

---

[1] Specifically, Counts I, III, VII, and IX incorporate every "factual" paragraph except those that name new defendants. *See Snow v. Etowah Cnty. Sheriff's Dept.*, 2020 WL 6899168, *3-4 (N.D. Ala. Nov. 24, 2020) (shotgun pleading incorporated "each fact plead in the complaint into several counts, creat[ing] the same confusions.").

41(b) or the court's inherent power to manage docket." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F. 3d 1313, 1325 (11th Cir. 2015) (internal quotation omitted). Accordingly, dismissal of Plaintiff's Complaint with prejudice is warranted here. *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021).

## II. NEITHER RELATION-BACK NOR EQUITABLE TOLLING SAVE PLAINTIFF'S COMPLAINT.

Plaintiff's Complaint appears on its face to be barred by the statute of limitations. Plaintiff asserts, however, that it is saved by the doctrine of relation back. However, Defendant's argument preempts application of relation back. As Defendants argued in their initial brief, a pleading stricken by a court is a nullity and considered as if never having been filed. *Swift Spinning, Inc. v. Mercados Internacionales, S.A.*, 2008 WL 11417687, *4 (S.D. Fla. March 7, 2008); *Williams v. Am. Tel. & Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991). Relation-back cannot apply where the new complaint has nothing to relate back to avoid the statute of limitations. *See Swift Spinning*, 2008 WL 1836948, at *4; *Male v. Tops Friendly Markets*, 2008 WL 1836948, at *7 (W.D. N.Y. April 22, 2008) (a complaint that violates Rule 8 does "not effectively commence an action under Rule 3…cannot relate back for statute of limitations purposes under Rule 15(c).").

In addition, Plaintiff's reference to equitable tolling in her argument, and then argued in a footnote, would not apply here because she was negligent in filing a pleading that violated the Eleventh Circuit's well-established rule against shotgun

4

pleadings. *See Justice v. U.S.*, 6 F.3d 317, 1479 (11th Cir. 1993), ("The Supreme Court has made clear…a generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations."); *see also Tops Friendly*, 2008 WL 1836948, at *7. Accordingly, Plaintiff's arguments to avoid the bar of the statute of limitations are inapplicable because her original complaint was a legal nullity as a result of being stricken as a shotgun pleading.

### III. PLAINTIFF FAILS TO ALLEGE A CONSTITUTIONAL VIOLATION.

Plaintiff argues in response that she has stated claims against the Defendants for their "roles" in Andrews death. However, Plaintiff relies upon conclusory and contradictory allegations that are not entitled to any presumption of truth and are insufficient to support her claims.

First, Plaintiff fails to allege sufficient well-plead factual allegations to state a "direct involvement" claim against any Defendant. (*See* Doc. 60 at p. 16 n.6). Plaintiff also fails to allege facts indicating Defendants were on notice of any specific threat Andrews faced from his assailant (*see* Doc. 34 ¶ 42); rather, Plaintiff's theory is that Defendants knowledge came from the general nature of their "roles" at St. Clair. This is insufficient. *Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013); *see also Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019).

Second, Plaintiff also fails to state supervisory claims against these Defendants. Plaintiff argues that she "alleges supervisory liability against each

5

Defendant." (Doc. 60 p. 15). Yet, she does not sue Defendants Baker or Ary in a supervisory capacity. (Doc. 34 ¶¶ 32, 34-35). Plaintiff fails to allege Defendants personally participated, had any actual knowledge of, or exercised any authority that caused Andrews's death. Instead, Plaintiff relies upon contradictory and conclusory allegations in an attempt to establish Defendants knew of a generalized risk of inmate-on-inmate violence. These allegations are insufficient to infer a "strong likelihood." *Marbury*, 936 F.3d at 1236.

**IV. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

As discussed above, Plaintiff has failed to allege sufficient factual allegations to meet her burden of showing that each individual Defendant violated Andrews' Constitutional rights. This alone is sufficient to trigger qualified immunity. Plaintiff, though, has also failed to carry her burden of pointing to clearly established law that would put these Defendants on notice.

Plaintiff relies heavily on *Dickinson v. Cochran*, 833 F. App'x 268 (11th Cir. 2020), to argue that Defendants had fair notice that their conduct violated Andrews' constitutional rights. The mere fact that Plaintiff must use *Dickinson* to attempt to show a clearly established right indicates the Defendants did not have sufficient notice to deprive them of qualified immunity. As Plaintiff admits, *Dickinson* post-dates the conduct at issue, while asserting that *Marbury v. Warden*, 936 F.3d 1227 (11th Cir. 2019), is inapplicable for the same reason. Plaintiff fails to acknowledge

6

a key fundamental difference: *Dickinson* is an unpublished opinion, while *Marbury* is published. In the Eleventh Circuit, published opinions are binding precedent, while unpublished opinions are not because a majority of the panel believe it to have no precedential value. CTA11 RULE 36-2. Thus, the only controlling authority cited here is *Marbury*.

Plaintiff argues *Marbury*'s factual similarity to the allegations of Plaintiff's Complaint is inapposite because *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579 (11th Cir. 1995), and *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014 (11th Cir. 2001), clearly establish the Defendants violated Andrews' rights.[2] However, Plaintiff cannot avoid the fact that *Marbury*, clearly controlling case law, was adjudicated based on facts arising from events that occurred and conditions that existed at or around the same time as the allegations in Plaintiff's Complaint. At the very least, *Marbury* confirms that it was not clearly established in December of 2019 the Defendants had fair notice that their conduct violated Andrews's rights.

Even if *Marbury* were factually dissimilar, *Hale* and *Marsh* do not clearly establish Defendants violated Andrews's rights. *Hale* involved a pretrial detainee who was housed "in a 13-by-20-foot day cell…known as the 'bullpen' because its small confines often held thirteen or more inmates during times of overcrowding,

---

[2] Plaintiff's reliance upon the *Hale* and *Marsh* plaintiffs' allegations is misplaced as these cases were decided before *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

7

including the day Hale was detained." 50 F.3d at 1580-81. *Marsh* alleged that there was no screening or segregation whatsoever among inmates, detainees, or the mental or physically ill. 68 F.3d at 1029. Moreover, the jail had no locks, no lock down, and, incredibly, no guard was assigned to monitor the area where most of the inmates were housed. *Id.* Plaintiff's allegations, at the very least, show St. Clair employed classification officers, housed inmates in two-man cells, and there were correctional officers assigned to a cube for the dorm and the gate. (Doc. 34). In addition, Plaintiff has not plead any material contextual facts concerning the size or population of St. Clair, as a whole, or P/Q Dorm specifically. *See Marbury*, 936 F.3d at 1234; *Harrison v. Culliver*, 746 F.3d 1288, 1299-1300 (11th Cir. 2014). This failure severs any contextual link between the conditions at St. Clair, a large state-run prison, and the Butler and Tallapoosa County Jails at issue in *Hale* and *Marsh*.

Lastly, *Marbury*'s factual similarity, and the line of cases that it relies upon, precludes application of the "obvious clarity" exceptions as the facts are not "novel" and are not an obvious constitutional violation. *Gaines v. Wardynski*, 871 F.3d 1203, 1210 (11th Cir. 2017) ("This court has stated many times that if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.") (internal quotation omitted).

## V.   DEFENDANTS ARE ENTITLED TO STATE-AGENT IMMUNITY.

Plaintiff's arguments do not change the bare recitation of the elements for state-agent immunity. While Plaintiff is correct in that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," FED. R. CIV. P. 9(b), "this does not mean it is sufficient to make only conclusory allegations of intent." *Ahmed v. Bd. of Trs. of Ala. Agric. & Mech. Univ.*, 2015 WL 13743584, *6 (N.D. Ala. July 13, 2015). Accordingly, Plaintiff's bare recitation of the elements of a state-agent immunity exception does not satisfy Rules 8 or 9(b), FED. R. CIV. P.

Respectfully submitted this 4th day of May 2021.

                                                   /s/C. Richard Hill, Jr.
                                                   C. RICHARD HILL, JR. (ASB-0773-L72C)
                                                   W. JACKSON BRITTON (ASB-8252-K46-Y)
                                                 JAMES N. WALTER, JR. (ASB-2722-R68J)
                                                 ROBERT F. NORTHCUTT (ASB-9358-T79R)

                                                 *Attorneys for Defendants Sanders, Malone,*
                                                 *White, Graham, Estelle, Baker, and Ary.*

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8043
Facsimile:(334) 241-8243
Email:  rick.hill@chlaw.com
        Jackson.britton@chlaw.com
        bob.northcutt@chlaw.com
        jimmy.walter@chlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of May 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record as indicated below:

Ruth Zemel Brown
Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
ruth@loevy.com
megan@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
anil@dagneylaw.com

William R. Lunsford
Matthew B. Reeves
Stephen C. Rogers
LaKeisha Butler
**MAYNARD COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com

                                            /s/ C. Richard Hill, Jr.
                                            Of Counsel