FILED
2023 Apr-14  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **LAKEISHA EZELL, as representative** of the Estate of Terrance Andrews, <br><br> **Plaintiff,** <br><br><br> **v.** <br><br> **JEFFERSON DUNN**, *et al.*, <br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. 4:20-CV-02058-ACA** |

## ADOC OFFICIALS' ANSWER
## TO PLAINTIFF's AMENDED COMPLAINT

Defendants Jefferson Dunn ("Dunn"), Edward Ellington ("Ellington"), and Karla Jones ("Jones" and, collectively with Dunn, and Ellington the "ADOC Officials") hereby submit this Answer to the Amended Complaint (Doc. No. 34, the "Amended Complaint") filed by Plaintiff Lakeisha Ezell ("Plaintiff"). The ADOC Officials answer the Amended Complaint as follows:

## INTRODUCTION[1]

1.     In response to Paragraph 1 of the Amended Complaint, the ADOC Officials admit the following:

---

[1] The ADOC Officials' Answer uses the section headings from the Amended Complaint as a matter of convenience, and the use of those headings shall not be construed as an admission by the ADOC Officials or a waiver of any objection or denial that the ADOC Officials may have to Plaintiff's allegations.

  a. Plaintiff is the mother and estate representative of Terrance Andrews;

  b. Terrance Andrews was an inmate incarcerated within the Alabama Department of Corrections ("ADOC") until December 29, 2018;

  c. As of December 29, 2018, Plaintiff was incarcerated at St. Clair Correctional Facility ("St. Clair"); and

  d. On or about December 29, 2018, Terrance Andrews was stabbed by another inmate and is now deceased.

Except as expressly admitted hereinabove, the ADOC Officials deny each and every remaining allegation in Paragraph 1 of the Amended Complaint. Additionally, to the extent the allegations in Paragraph 1 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

  2. In response to Paragraph 2 of the Amended Complaint, the ADOC Officials admit that another inmate stabbed Terrance Andrews. Except as expressly admitted hereinabove, the ADOC Officials deny each and every remaining allegation in Paragraph 2 of the Amended Complaint. Additionally, to the extent the allegations in Paragraph 2 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to

form a basis to either admit or deny the allegations and, therefore, deny the allegations.

3.      In response to Paragraph 3 of the Amended Complaint, the ADOC Officials admit that a group of prisoners transported Terrance Andrews to the infirmary.  Except as expressly admitted hereinabove, the ADOC Officials deny each and every remaining allegation in Paragraph 3 of the Amended Complaint. Further, the allegations in Paragraph 3 of the Amended Complaint are vague and speculative; therefore, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, as such, deny the allegations.  Additionally, to the extent the allegations in Paragraph 3 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

4.      In response to Paragraph 4 of the Amended Complaint, the ADOC Officials deny the allegations asserted against them.  Additionally, to the extent the allegations in Paragraph 4 fail to articulate any source or basis for the vague information and appear to be based upon sheer speculation, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraph 4 of the Amended Complaint relate to parties other than the ADOC

Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

5.     In response to Paragraph 5 of the Amended Complaint, the ADOC Officials expressly deny each and every allegation asserted against the ADOC Officials.  Additionally, to the extent the allegations in Paragraph 5 fail to articulate any source or basis for the vague and speculative information, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraph 5 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

6.     In response to Paragraph 6 of the Amended Complaint, the ADOC Officials expressly deny each and every allegation asserted against the ADOC Officials.  Additionally, to the extent the allegations in Paragraph 6 fail to articulate any source or basis for the vague and speculative information, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations purport to describe or to characterize the contents of a document, the document speaks for itself and the ADOC Officials deny any misdescription or mischaracterization of such document.  To the extent the allegations in Paragraph 6 of the Amended

4

Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

7.     In response to Paragraph 7 of the Amended Complaint, the ADOC Officials deny the allegations asserted against the ADOC Officials.  Additionally, to the extent the allegations in Paragraph 7 fail to articulate any source or basis for the vague information which appears to be based upon sheer speculation, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.   To the extent the allegations in Paragraph 7 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

## JURISDICTION AND VENUE

8.     In response to Paragraph 8 of the Amended Complaint, the ADOC Officials admit that Plaintiff alleges meritless claims in this action pursuant to 42 U.S.C § 1983.  Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 8 of the Amended Complaint.

9.     The ADOC Officials admit Plaintiff brings meritless claims in this action pursuant to 28 U.S.C. §§ 1331 (original jurisdiction) and 1367 (supplemental

5

jurisdiction).    The ADOC Officials deny this Court possesses subject-matter jurisdiction over Plaintiff's claims due to the existence of sovereign and/or qualified immunity shielding them from liability in this action.  Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 9 of the Amended Complaint.

10.    In response to Paragraph 10 of the Amended Complaint, the ADOC Officials admit venue is proper in the Northern District of Alabama because St. Clair is located in St. Clair County, Alabama.  Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 10 of the Amended Complaint.

## **PARTIES**

11.    In response to Paragraph 11 of the Amended Complaint, the ADOC Officials admit the following:

a.    Based upon information and belief, Plaintiff is the mother of Terrance Andrews; and

b.    Plaintiff is the representative of Terrance Andrew's estate.

12.    In response to Paragraph 12 of the Amended Complaint, the ADOC Officials admit the following:

a.    Based upon information and belief, Terrance Andrews was incarcerated at St. Clair Correctional Facility; and

6

b.     Terrance Andrews was twenty-four (24) years old at the time of his death.

Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 12 of the Amended Complaint.

13.     In response to Paragraph 13 of the Amended Complaint, the ADOC Officials admit that Plaintiff asserts meritless claims against them solely in their individual capacities.  To the extent the allegations in Paragraph 13 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

14.     In response to Paragraph 14 of the Amended Complaint, the ADOC Officials admit the following:

a.     At all times relevant to Plaintiff's claims, the ADOC Officials acted within the scope of their employment in their individual roles within ADOC; and

b.     As such, the ADOC Officials acted under the color of law.

Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 14 of the Amended Complaint.

15.     In response to Paragraph 15 of the Amended Complaint, the ADOC Officials admit the following:

      a.     Dunn is over the age of nineteen (19) years;

      b.     Ellington is over the age of nineteen (19) years; and

      c.     Jones is over the age of nineteen (19) years.

Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 15 of the Amended Complaint. To the extent the allegations in Paragraph 15 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

16.    In response to Paragraph 16 of the Amended Complaint, the ADOC Officials deny the allegation that Dunn was "responsible" for the matters alleged to the extent the term is intended to imply legal responsibility or liability. The ADOC Officials generally admit the following:

      a.     Dunn served as Commissioner of ADOC from April 1, 2015, until December 29, 2021;

      b.     Dunn is no longer employed by ADOC;

      c.     The Commissioner of ADOC is the highest ranking official within the ADOC; and

      d.     The Commissioner of ADOC is responsible for the direction, supervision, and control of ADOC.

Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 16 of the Amended Complaint.

17.     The allegations in Paragraph 17 of the Amended Complaint relate to Grantt Culliver.  The Court dismissed all counts against Culliver in its order on March 31, 2023.  (Doc. No. 105).

18.     The allegations in Paragraph 18 of the Amended Complaint relate to parties other than the ADOC Officials; thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

19.     The allegations in Paragraph 19 of the Amended Complaint relate to Jeremy Williams.  The Court dismissed all counts against Jeremy Williams pursuant to the Court's order on March 31, 2023.  (Doc. No. 105).

20.     In response to the allegations in Paragraph 20 of the Amended Complaint, the ADOC Officials admit the following:

a.     Ellington currently serves as the Regional Coordinator for the Northern Region of ADOC;

b.     Ellington assumed the role of Regional Coordinator for the Northern Region of ADOC beginning in June 2017; and

c.     St. Clair Correctional Facility is located in St. Clair County, which is included in the Northern Region of ADOC.

The ADOC Officials deny the allegation that Ellington was "responsible" for the matters alleged to the extent that the term is intended to imply legal responsibility or liability.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 20 of the Amended Complaint.

21.    To the extent the allegations in Paragraph 21 of the Amended Complaint relate to Grantt Culliver, Charles Daniels, and Jeremy Williams, the Court dismissed all counts against Culliver, Daniels, and Williams in its March 31, 2023 order.  (Doc. No. 105).  In response to the allegations in Paragraph 21 of the Amended Complaint asserted against Dunn and Ellington, the ADOC Officials admit that Plaintiff refers to Dunn and Ellington as the "Defendant Administrative Supervisors" in the Amended Complaint.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 21 of the Amended Complaint.

22.    In response to the allegations in Paragraph 22 of the Amended Complaint, the ADOC Officials admit that Dunn, Ellington, and Jones served in various roles which included supervision of other employees.  Except as expressly admitted hereinabove the ADOC Officials deny the remaining allegations in Paragraph 22 of the Amended Complaint.

23.    In response to the allegations in Paragraph 23 of the Amended Complaint, the ADOC Officials admit that Jones served the Correctional Warden III

at St. Clair until July 16, 2019.  The ADOC Officials deny the allegation that Jones was "responsible" for the matters alleged to the extent that the term is meant to imply legal responsibility or liability.  Except as expressly admitted hereinabove the ADOC Officials deny the remaining allegations in Paragraph 25 of the Amended Complaint.

24.     The allegations in Paragraph 24 of the Amended Complaint relate to Gwendolyn Givens.  The Court dismissed all counts against Givens pursuant to its order on March 31, 2023. (Doc. No. 105).  The ADOC Officials deny the allegation that Givens was "responsible" for the matters alleged to the extent the term is meant to imply legal responsibility or liability.  The ADOC Officials admit that Givens served as a Warden at St. Clair.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 24 of the Amended Complaint.

25.     The allegations in Paragraph 25 of the Amended Complaint relate to Anthony Brooks.  All counts against Brooks were dismissed pursuant to the Court's order on March 31, 2023. (Doc. No. 105).  The ADOC Officials deny the allegation that Brooks was "responsible" for the matters alleged to the extent the term is meant to imply legal responsibility or liability.  The ADOC Officials admit that Brooks served as a Warden at St. Clair.  Except as expressly admitted hereinabove, the

ADOC Officials deny all remaining allegations in Paragraph 25 of the Amended Complaint.

26.     The allegations in Paragraph 26 of the Amended Complaint relate to parties other than the ADOC Officials, thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

27.     The allegations in Paragraph 27 of the Amended Complaint relate to parties other than the ADOC Officials, thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

28.     The allegations in Paragraph 28 of the Amended Complaint relate to parties other than the ADOC Officials, thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

29.     The allegations in Paragraph 29 of the Amended Complaint relate to parties other than the ADOC Officials, thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

30.     The allegations in Paragraph 30 of the Amended Complaint relate to parties other than the ADOC Officials, thus, the ADOC Officials lack sufficient

knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

31.     In response to Paragraph 31 of the Amended Complaint, the ADOC Officials admit that Plaintiff refers to defendants Jones, Givens, Sanders, White, Malone, Graham, and Estelle as the "Defendant Facility Supervisors" in the Amended Complaint.  All counts against Givens, Sanders, White, Malone, Graham, and Estelle were dismissed pursuant to the Court's order on March 31, 2023.  (Doc. No. 105).  Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 31 of the Amended Complaint.

32.     The allegations in Paragraph 32 of the Amended Complaint, relate to defendants Karla Jones, Gwendolyn Givens, Anthony Brooks, Carl Sanders, Kevin White, Gary Malone, Carla Graham, and Neketris Estelle.  All counts against Givens, Brooks, Sanders, White, Malone, Graham, and Estelle were dismissed pursuant to the Court's order on March 31, 2023.  (Doc. No. 105).  The ADOC Officials deny the allegation that Jones or the other "Defendant Facility Supervisors" were "responsible" for the matters alleged to the extent the term is meant to imply legal responsibility or liability.  Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 32 of the Amended Complaint.

33.     In response to Paragraph 33 of the Amended Complaint, the ADOC Officials admit that Plaintiff refers to the "Defendant Administrative Supervisors" and the "Defendant Facility Supervisors" collectively as the "Defendant Supervisors." Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 33 of the Amended Complaint.

34.     Paragraph 34 of the Amended Complaint relate to parties other than the ADOC Officials; thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

35.     The allegations in Paragraph 35 of the Amended Complaint relate to parties other than the ADOC Officials; thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations

36.     The allegations in Paragraph 36 of the Amended Complaint relate to parties other than the ADOC Officials; thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

37.     The allegations in Paragraph 37 of the Amended Complaint relate to parties other than the ADOC Officials; thus, the ADOC Officials lack sufficient

knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

38.     In response to Paragraph 38 of the Amended Complaint, the ADOC Officials admit that another inmate stabbed Terrance Andrews on or about December 29, 2018.  The ADOC Officials further admit that Terrance Andrews was an inmate at St. Clair at the time of his death.   Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 38 of the Amended Complaint.

39.     Paragraphs 39 through 44 of the Amended Complaint contain vague and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

40.     In response to the allegations in Paragraph 46 of the Amended Complaint, the ADOC Officials admit that another inmate assaulted Terrance Andrews on or about December 29, 2018.   Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 46 of the Amended Complaint.

41.     Paragraphs 46-63 of the Amended Complaint contain vague and speculative allegations without identifying the source of the information.  Thus, the

ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

42.     Paragraphs 64 through 68 of the Amended Complaint fail to articulate any source or basis of information for the vague and speculative allegations contained therein.  Additionally, the allegations in Paragraphs 64 through 68 of the Amended Complaint relate to parties other than the ADOC Officials.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

43.     Paragraphs 69 through 125 of the Amended Complaint contain vague and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

44.     In response to Paragraph 126 of the Amended Complaint, to the extent the allegations purport to describe or to characterize the contents of documents (including any publicly available report), the document speaks for itself and the ADOC Officials deny any misdescription or mischaracterization of the document. To the extent the allegations in Paragraph 126 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the

16

ADOC Officials deny all remaining allegations in Paragraph 126 of the Amended Complaint.

45.    The allegations in Paragraph 127 of the Amended complaint are vague and speculative and fail to identify the source or basis of the information, therefore, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations purport to describe or to characterize the contents of documents (including any publicly available report), the document speaks for itself and the ADOC Officials deny any misdescriptions or mischaracterization of the document.

46.    In response to Paragraph 128 of the Amended Complaint, the ADOC Officials deny the allegations.

47.    In response to the allegations in Paragraph 129 of the Amended Complaint, the ADOC Officials deny the allegations.  To the extent the allegations purport to describe or to characterize the contents of documents (including any publicly available report), the document speaks for itself and the ADOC Officials deny any misdescription or mischaracterization of the document.

48.    In response to the allegations in Paragraph 130 of the Amended Complaint, the ADOC Officials admit that, on October 13, 2014, attorneys with EJI filed a complaint on behalf of multiple inmates alleging various deficiencies with

the conditions of confinement at St. Clair styled <u>Cheathem et. al. v. Thomas et. al</u>. That case is now styled <u>Duke v. Dunn</u>.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 130 of the Amended Complaint.

49.    In response to the allegations in Paragraph 131 of the Amended Complaint, the ADOC Officials admit the complaint in <u>Cheathem</u> alleged various deficiencies in the conditions of confinement at St. Clair, which ADOC expressly denied.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 131 of the Amended Complaint.

50.    In response to the allegations in Paragraph 132 of the Amended Complaint, the ADOC Officials admit Carl Sanders and Gary Malone were named defendants in <u>Cheathem</u>.  The ADOC Officials further admit that the Court automatically substituted Dunn as a defendant to the action when he took over as commissioner of ADOC in 2015.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 132 of the Amended Complaint.

51.    Paragraph 133 of the Amended Complaint contains vague and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the

allegations in Paragraph 133 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient information or knowledge to form a basis to admit or deny the allegations and, therefore, deny the allegations.

52.    Paragraph 134 of the Amended Complaint contains vague and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

53.    In response to Paragraph 135 of the Amended Complaint, the ADOC Officials admit that, in October 2016, U.S. Department of Justice ("DOJ") opened an investigation into whether the conditions in Alabama's prisons for men violated the Eighth Amendment of the United States Constitution.  Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 135 of the Third Amended Complaint.

54.    In response to Paragraph 136 of the Amended Complaint, the ADOC Officials admit that they were provided notice of the DOJ investigation.  To the extent the allegations in Paragraph 136 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 136 of the Amended Complaint.

19

55.     In response to Paragraph 137 of the Amended Complaint, to the extent the allegations in Paragraph 137 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove the ADOC Officials deny all remaining allegations in Paragraph 137 of the Amended Complaint.

56.     In response to Paragraph 138 of the Amended Complaint, the ADOC Officials admit the <u>Cheathem</u> case settled in November of 2017.  To the extent the allegations purport to describe or to characterize the contents of documents (including any publicly available report), the document speaks for itself and the ADOC Officials deny any misdescription or mischaracterization of the document. To the extent the allegations in Paragraph 138 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 138 of the Amended Complaint.

57.     The allegations in Paragraph 139 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Therefore, the ADOC Officials lack sufficient information or

knowledge to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraph 139 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

58.    The ADOC Officials deny the allegations in Paragraph 140 of the Amended Complaint.  To the extent the allegations in Paragraph 140 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

59.    Paragraph 141 contains vague and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

60.    Paragraph 142 of the Amended Complaint contains vague and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either

admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

61.     In response to Paragraphs 143 through 146 of the Amended Complaint, the ADOC Officials admit that EJI addressed a letter, dated September 6, 2018, to Dunn.  To the extent the allegations purport to describe or to characterize the contents of documents (including any publicly available report), the document speaks for itself and the ADOC Officials deny any misdescription or mischaracterization of the document.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 143 through 146 of the Amended Complaint.

62.     In response to Paragraphs 147 and 148 of the Amended Complaint, the ADOC Officials deny the vague and conclusory allegations.

63.     In response to paragraph 149 of the Amended Complaint, the ADOC Officials admit that inmates initiated legal actions styled McGregor v. Thomas et al., Case No. 4:17-cv-00593; Miller v. Dunn et al., Case No. 4:17-cv-00180; and Townsel v. Thomas et al., Case No. 4:17-cv-00516.  Notably, no judgment resulted from any of these actions.  Except as expressly admitted hereinabove, the ADOC

Officials deny all remaining allegations in Paragraph 149 of the Amended Complaint.

64.    In response to Paragraph 150 of the Amended Complaint, the ADOC Officials deny the allegations.

65.    In response to Paragraphs 151-153 of the Amended Complaint, the ADOC Officials admit that, in April 2019 and July 2020, DOJ issued the 2019 and 2020 DOJ Letters, which the ADOC Officials deny and dispute.  Notably, the 2019 and 2020 DOJ letters state: "The Department does not serve as a tribunal authorized to make factual findings and legal conclusions binding on, or admissible in, any court, and nothing in this Notice Letter should be construed as such.  Consequently, this Notice Letter is not intended to be admissible evidence and does not create any legal rights or obligations."  (2019 and 2020 DOJ Letters at 1)."  Except as expressly admitted hereinabove, the ADOC Officials deny the remaining allegations in Paragraph 151 though 153 of the Amended Complaint.

66.    In response to Paragraph 154 of the Amended Complaint, the ADOC Officials admit that, in December of 2020, DOJ filed a lawsuit styled United States v. State of Alabama, No. 2:20-cv-01971-RDP, in the U.S. District Court for the Northern District of Alabama.  Except as expressly admitted to hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 154 of the Amended Complaint.

67.     Paragraphs 155 through 157 of the Amended Complaint contain vague and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

68.     Paragraph 158 does not contain allegations related to the ADOC Officials and, therefore, no response is required.  To the extent a response is required, Paragraph 158 of the Amended Complaint contains vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

69.     Paragraph 159 of the Amended Complaint contains vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations

70.     The ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations in Paragraphs 160-164 of the Amended Complaint and, therefore, deny the allegations.

24

71.     Paragraphs 165 through 173 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

72.     Paragraphs 174-178 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraphs 174-178 of the Amended Complaint relates to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

73.     The ADOC Officials deny the allegations in Paragraph 179.  To the extent the allegations in Paragraph 179 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

74.     Paragraph 180 contains allegations that do not relate to the ADOC Officials; thus, no response is required.  To the extent a response is required, the

ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

75.     Paragraphs 181-184 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraphs 181-184 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

76.     In response to Paragraph 185 of the Amended Complaint, the ADOC Officials admit that EJI addressed a letter, dated September 6, 2018, to Dunn.  To the extent the allegations purport to describe or to characterize the contents of documents (including any publicly available report), the document speaks for itself and the ADOC Officials deny any misdescription or mischaracterization of the document.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 185 of the Amended Complaint.

77.     The ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations in Paragraph 186 of the Amended Complaint and, therefore, deny the allegations.

78.     Paragraph 187 of the Amended Complaint contains vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

79.     Paragraphs 188-195 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

80.     The ADOC Officials deny the allegations in Paragraph 196.  To the extent the allegations in Paragraph 196 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

81.     Paragraph 197 of the Amended Complaint contains vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

82.     Paragraph 198 of the Amended Complaint contains allegations that do not relate to the ADOC Officials and therefore does not require a response.  To the

extent the allegations do require a response, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations. Additionally, to the extent the allegations in Paragraph 198 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

83.    The ADOC Officials deny the allegations in Paragraph 199 of the Amended Complaint. To the extent the allegations in Paragraph 199 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

84.    Paragraph 200 of the Amended Complaint contains allegations that do not relate to the ADOC Officials and therefore does not require a response. To the extent the allegations do require a response, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations. Additionally, to the extent the allegations in Paragraph 198 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

85.    The ADOC Officials deny the allegations in Paragraph 201 of the Amended Complaint.  To the extent the allegations in Paragraph 201 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

86.    In response to Paragraph 202 of the Amended Complaint, the ADOC Officials state the allegation that "Defendants Dunn…Ellington [and] Jones…acted with deliberate indifference and their misconduct…cause[d] [Terrance Andrews] injuries" is a legal conclusion requiring no response.  To the extent the allegation does require a response, the ADOC Officials deny the allegations in Paragraph 202 of the Amended Complaint, and expressly deny they violated Terrance Andrew's constitutional rights.  To the extent the allegations in Paragraph 202 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

87.    Paragraphs 203-208 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraphs 203-208 relate to parties

other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

88.    In response to Paragraph 209 of the Amended Complaint, the ADOC Officials state the allegations that "Defendant Supervisors…acted with deliberate indifference and their misconduct placed prisoners…at a substantial risk of serious harm and caused [Terrance Andrew's] injuries" is a legal conclusion requiring no response.  To the extent the allegation does require a response, the ADOC Officials deny the allegations in Paragraph 209 of the Amended Complaint, and expressly deny they violated Terrance Andrew's constitutional rights.  To the extent the allegations in Paragraph 209 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

89.    Paragraphs 210-215 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraphs 210-215 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or

information to form a basis to either admit or deny the allegations and, therefore,

deny the allegations.

90.     In response to Paragraph 216 of the Amended Complaint, the ADOC

Officials state the allegations that "ADOC staff responded with deliberate

indifference" is a legal conclusion requiring no response.   To the extent the

allegation does require a response, the ADOC Officials deny the allegations in

Paragraph 216 of the Amended Complaint, and expressly deny they violated

Terrance Andrew's constitutional rights.  To the extent the allegations in Paragraph

216 relate to parties other than the ADOC Officials, the ADOC Officials lack

sufficient knowledge or information to form a basis to either admit or deny the

allegations and, therefore, deny the allegations.

91.     Paragraphs 217-219 of the Amended Complaint contain vague,

conclusory, and speculative allegations without identifying the source of the

information.  Thus, the ADOC Officials lack sufficient knowledge or information to

form a basis to either admit or deny the allegations and, therefore, deny the

allegations.  To the extent the allegations in Paragraph 217-219 relate to parties other

than the ADOC Officials, the ADOC Officials lack sufficient knowledge or

information to form a basis to either admit or deny the allegations and, therefore,

deny the allegations.

92.     In response to Paragraph 220 of the Amended Complaint, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.   To the extent the allegations in Paragraph 220 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.   To the extent Paragraph 220 of the Amended Complaint references a document, the document speaks for itself.

93.     The ADOC Officials deny the allegations in Paragraph 221 of the Amended Complaint.  To the extent the allegations in Paragraph 221 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

94.     Paragraphs 222-225 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.   To the extent the allegations in Paragraphs 222-225 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or

information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

95.     In response to Paragraph 226 of the Amended Complaint, the ADOC Officials state the allegation that "Defendants Dunn…Ellington, [and] Jones…acted with deliberate indifference" is a legal conclusion requiring no response.  To the extent the allegation does require a response, the ADOC Officials deny the allegations in Paragraph 226 of the Amended Complaint, and expressly deny they violated Terrance Andrew's constitutional rights.  To the extent the allegations in Paragraph 226 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

96.     Paragraphs 227-230 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraphs 227-230 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

97.     Paragraphs 231-234 of the Amended Complaint contain vague, conclusory, and speculative allegations without identifying the source of the information.  Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  To the extent the allegations in Paragraph 231-234 relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.   To the extent the allegations purport to describe or to characterize the contents of a document (including any publicly available report), the document speaks for itself and the ADOC Officials deny any misdescription or mischaracterization of the document.

98.     The ADOC Officials lack sufficient information or knowledge to form a basis to either admit or deny the allegations in Paragraph 235 of the Amended Complaint and, therefore, deny the allegations.

99.     In response to Paragraph 236 of the Amended Complaint, the ADOC Officials state the allegation that "[d]efendants Dunn…Ellington [and] Jones…took no meaningful action…[and] acted with deliberate indifference and their misconduct placed prisoners like Mr. Andrews at substantial risk of serious harm and caused his injuries" is a legal conclusion requiring no response.  To the extent a response is required, the ADOC Officials deny the allegations in Paragraph 236 of the Amended

Complaint and expressly deny that they violated Terrance Andrew's rights secured by the Eighth Amendment to the United States Constitution, or any federal or state law, on any occasion whatsoever.  To the extent the allegations in Paragraph 236 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

## PLAINTIFF'S DAMAGES

100.   In response to Paragraph 237 of the Amended Complaint, the ADOC Officials deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief.  The ADOC Officials expressly deny that they violated Plaintiff's decedent's constitutional rights, including any rights under the Eighth Amendment to the United States Constitution, or any federal or state law, on any occasion whatsoever.  Any allegation, contention, count, or request for relief or for damages of any type or nature not expressly admitted hereinabove, is denied and strict proof thereof is demanded.  The ADOC Officials deny that Plaintiff is entitled to any relief requested in the Amended Complaint and, furthermore, state that they are entitled to judgment in their favor on all claims asserted against them in the Amended Complaint.

## CLAIMS[2]

### Count I – 42 U.S.C § 1983
### Eighth Amendment Failure to Protect
### Against Defendant Supervisors, Defendant Baker, and Defendant Ary.

101.   In response to Paragraph 238 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 1-7, 11-35, and 38-237 of the Amended Complaint set forth above.   Except as expressly admitted hereinabove, the ADOC Officials deny any remaining allegations in Paragraph 238 of the Amended Complaint.

102.   In response to Paragraph 239 of the Amended Complaint, the ADOC Officials admit that the Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment.   The ADOC Officials expressly deny that they violated Terrance Andrew's rights secured by the Eighth Amendment to the United States Constitution, or any federal or state law, on any occasion whatsoever.   Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 239 of the Amended Complaint.

103.   In response to Paragraph 240 of the Amended Complaint, the ADOC Officials state the allegation that "Defendant Supervisors…knew of and consciously

---

[2] The Court granted the ADOC Officials motion to dismiss for all counts except counts one (1), nine (9), and ten (10).  Therefore, the ADOC Officials only respond to the remaining counts in the Amended Complaint.

disregarded the substantial risk that Mr. Andrews would be seriously harmed…failing to protect him" is a legal conclusion requiring no response. To the extent a response is required, the ADOC Officials deny the allegations in Paragraph 240 of the Amended Complaint and expressly deny that they violated Terrance Andrew's rights secured by the Eighth Amendment to the United States Constitution, or any federal or state law, on any occasion whatsoever. To the extent the allegations in Paragraph 240 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

104. In response to Paragraph 242 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 10-155 of the Amended Complaint. To the extent the allegations in Paragraph 242 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations. Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 242 of the Amended Complaint.

105. In response to Paragraph 243 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 156-183 of

the Amended Complaint.  To the extent the allegations in Paragraph 243 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 243 of the Amended Complaint.

106.   In response to Paragraph 244 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 184-202 and Paragraphs 210-236 of the Amended Complaint.  To the extent the allegations in Paragraph 244 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations. Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 244 of the Amended Complaint.

107.   In response to Paragraph 245 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 184-202 of the Amended Complaint.  To the extent the allegations in Paragraph 245 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly

admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 245 of the Amended Complaint.

108.   In response to Paragraph 246 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 203-209 of the Amended Complaint.  To the extent the allegations in Paragraph 246 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 246 of the Amended Complaint.

109.   In response to Paragraph 247 of the Amended Complaint, the ADOC Officials state the allegation that "the misconduct described in this cause of action was undertaken with deliberate indifference, malice, willfulness, and/or reckless indifference to the rights of prisoners…and was objectively unreasonable" is a legal conclusion requiring no response.  To the extent a response is required, the ADOC Officials deny the allegations in Paragraph 247 of the Amended Complaint and expressly deny that they violated Terrance Andrew's rights secured by the Eighth Amendment to the United States Constitution, or any federal or state law, on any occasion whatsoever.  To the extent the allegations in Paragraph 247 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack

39

sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

110.   In response to Paragraph 248 of the Amended Complaint, the ADOC Officials state the allegation that "[t]hese Defendant's misconduct directly and proximately caused Mr. Andrews to be subjected to a substantial risk of serious harm…and to suffer…physical and emotional injuries and death" is a legal conclusion requiring no response.  To the extent a response is required, the ADOC Officials deny the allegations in Paragraph 248 of the Amended Complaint and expressly deny that they violated Terrance Andrews' rights secured by the Eighth Amendment to the United States Constitution, or any federal or state law, on any occasion whatsoever.  To the extent the allegations in Paragraph 248 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

**Count II – 42 U.S.C § 1983**
**Eighth Amendment Failure to Protect**
**Against Brooks, Baker, Caver, Ary, and Garrett**

111.   Pursuant to the Court's order (Doc. No. 106) Count II failed to state a claim against the ADOC Officials, thus, no response is required.  To the extent a response is required the ADOC Officials deny the allegations in Count II of the Amended Complaint.

## Count III – 42 U.S.C § 1983
### Eighth Amendment State-Created Danger
### Against Defendant Supervisors, Defendant Baker, and Defendant Ary

112.   Pursuant to the Court's order (Doc. No. 106) Count III failed to state a claim against the ADOC Officials, thus, no response is required.  To the extent a response is required the ADOC Officials deny the allegations in Count III of the Amended Complaint.

## Count IV – 42 U.S.C § 1983
### Eighth Amendment Denial of Adequate Medical Care
### Against Defendants Dunn, Culliver, Daniels, Williams, Ellington, Jones, Givens, Brooks, Sanders, White, Malone, Graham, and Baker

113.   Pursuant to the Court's order (Doc. No. 106) Count IV failed to state a claim against the ADOC Officials, thus, no response is required.  To the extent a response is required the ADOC Officials deny the allegations in Count IV of the Amended Complaint.

## Count V – 42 U.S.C § 1983
### Eighth Amendment Denial of Adequate Medical Care
### Against Defendants, Baker, Caver, and Garrett

114.   Pursuant to the Court's order (Doc. No. 106) Count V failed to state a claim against any defendant.  Additionally, Count V does not include allegations against the ADOC Officials.  Therefore, a response is not required.  To the extent a response is required the ADOC Officials deny the allegations in Count V of the Amended Complaint.

## Count VI – 42 U.S.C § 1983

**Civil Conspiracy**
**Against All Defendants**

115.    Pursuant to the Court's order (Doc. No. 106) Count VI failed to state a claim against the ADOC Officials, thus, no response is required.  To the extent a response is required the ADOC Officials deny the allegations in Count VI of the Amended Complaint.

### Count VII – 42 U.S.C § 1983
### Failure to Intervene
### Against Defendant Supervisors, Defendant Baker, and Defendant Ary

116.    Pursuant to the Court's order (Doc. No. 106) Count VII failed to state a claim against the ADOC Officials, thus, no response is required.  To the extent a response is required the ADOC Officials deny the allegations in Count VII of the Amended Complaint.

### Count VIII – 42 U.S.C § 1983
### Failure to Intervene
### Against Defendants Brooks, Baker, Caver, Ary, and Garrett

117.    Pursuant to the Court's order (Doc. No. 106) Count VIII failed to state a claim against the ADOC Officials, thus, no response is required.  To the extent a response is required the ADOC Officials deny the allegations in Count VIII of the Amended Complaint.

### Count IX – State Law
### Wrongful Act or Omission Resulting in Death
### Against Defendant Supervisors, Defendant Baker, and Defendant Ary
### Ala. Code § 6-5-410

118.   In response to Paragraph 313 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 1-7, 11-35, and 38-237 of the Amended Complaint set forth above.  To the extent the allegations in Paragraph 313 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations. Except as expressly admitted hereinabove the ADOC Officials deny all remaining allegations in Paragraph 313 of the Amended Complaint.

119.   In response to Paragraph 314, the ADOC Officials admit that Terrance Andrews was an inmate incarcerated at St. Clair at the time of his death.  To the extent the allegations in Paragraph 314 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  The allegation in Paragraph 314 of the Amended Complaint is vague, conclusory, and speculative and fails to identify the source of the information. Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegation and, therefore, deny the allegation.

120.   In response to Paragraph 315, the ADOC Officials state the allegation that "Defendants had a duty of care to Mr. Andrews…to safely house Mr. Andrews, to protect him from violence…and to ensure the provision of adequate medical care"

is a legal conclusion requiring no response.  To the extent a response is required, the ADOC Officials admit that the Supreme Court of the United States of America has interpreted the Eighth Amendment to include duties on prison officials concerning the conditions of confinement.  However, the ADOC Officials expressly deny that they violated Terrance Andrews' rights secured by the Eighth Amendment to the United States Constitution, or any federal or state law, on any occasion whatsoever. To the extent the allegations in Paragraph 315 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

121.    In response to Paragraph 316, the ADOC Officials state the allegation that "Defendant Supervisors…breached that duty of care" is a legal conclusion requiring no response.  To the extent a response is required the ADOC Officials deny the allegations in Paragraph 316 of the Amended Complaint.  Additionally, to the extent the allegations in Paragraph 316 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

122.    In response to Paragraph 317 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 70-155 of

the Amended Complaint set forth above.  To the extent the allegations in Paragraph 317 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 317 of the Amended Complaint.

123.   In response to Paragraph 318 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 156-183 of the Amended Complaint set forth above.  To the extent the allegations in Paragraph 318 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 318 of the Amended Complaint.

124.   In response to Paragraph 319 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 184-202 and 210-226 of the Amended Complaint set forth above.  To the extent the allegations in Paragraph 319 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the

allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 319 of the Amended Complaint.

125.   In response to Paragraph 320 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 184-202 of the Amended Complaint set forth above.  To the extent the allegations in Paragraph 320 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 320 of the Amended Complaint.

126.   In response to Paragraph 321 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 203-209 of the Amended Complaint set forth above.  To the extent the allegations in Paragraph 321 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove the ADOC Officials deny all remaining allegations in Paragraph 321 of the Amended Complaint.

127.   In response to Paragraph 322 of the Amended Complaint, the ADOC Officials incorporate by reference their specific responses to Paragraphs 227-236 of

the Amended Complaint set forth above.  To the extent the allegations in Paragraph 322 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.  Except as expressly admitted hereinabove, the ADOC Officials deny all remaining allegations in Paragraph 322 of the Amended Complaint.

128.   In response to Paragraph 323 of the Amended Complaint, the ADOC Officials state the allegation that "Defendant Supervisors…acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law" is a legal conclusion requiring no response.  To the extent a response is required, the ADOC Officials deny the allegations in Paragraph 323 of the Amended Complaint.  Additionally, to the extent the allegations in Paragraph 323 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

129.   In response to Paragraph 324 of the Amended Complaint, the ADOC Officials state the allegation that "[t]hese Defendants' breach of their duty of care…directly and proximately caused Mr. Andrews to suffer damages…" is a legal conclusion requiring no response.  To the extent a response is required, the ADOC Officials deny the allegations in Paragraph 324 of the Amended Complaint.

Additionally, to the extent the allegations in Paragraph 324 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.

130.   The ADOC Officials deny the allegations in Paragraph 325 of the Amended Complaint, and expressly deny that they violated Terrance Andrews' rights secured by the Eighth Amendment to the United States Constitution, or any federal or state law, on any occasion whatsoever.  To the extent the allegations in Paragraph 325 of the Amended Complaint relate to parties other than the ADOC Officials, the ADOC Officials lack sufficient knowledge or information to form a belief as to the truth of the allegations asserted and, therefore, deny these allegations.

**Count X – State Law**
**Wrongful Act or Omission Resulting in Death**
**Against Defendants Brooks, Baker, Caver, Ary, and Garrett**
**Ala. Code § 6-5-410**

131.   Pursuant to the Court's order (Doc. No. 106) Count X failed to state a claim against the ADOC Officials therefore, no response is required.  To the extent a response is required, the ADOC Officials deny the allegations in Count X.

**<u>AFFIRMATIVE DEFENSES</u>**

The ADOC Officials assert the following affirmative and additional defenses to the Amended Complaint, but they do not assume the burden of proof of any such defenses, except as required by law with respect to a particular defense asserted.

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff failed to allege a violation of the Eighth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

Plaintiff is not entitled to any relief or damages requested in the Amended Complaint.

## FOURTH DEFENSE

Plaintiff is not entitled to any relief or damages under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Plaintiff's claims are barred because the ADOC Officials did not breach any duty allegedly owed to Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against the ADOC Officials.

## SEVENTH DEFENSE

Plaintiff's claims are barred because the ADOC Officials did not act with deliberate indifference.

### EIGHTH DEFENSE

Plaintiff is unable to establish any causal connection, legal or proximate, between any action or inaction of the ADOC Officials and any purported injury or damages alleged in the Amended Complaint or for which relief is sought.

### NINTH DEFENSE

The ADOC Officials are entitled to Eleventh Amendment immunity from the claims asserted against them pursuant to 42 U.S.C. § 1983.

### TENTH DEFENSE

Plaintiff's claims are barred because the ADOC Officials are entitled to sovereign immunity under Article I, Section 14 of the Alabama Constitution of 1901.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

### TWELFTH DEFENSE

Plaintiff's claims do not fall within any judicially recognized exception to the doctrine of Eleventh Amendment immunity.

### THIRTEENTH DEFENSE

The ADOC Officials assert all privileges and immunities provided to the ADOC Officials as state officials, employees, and/or actors including, but not

limited to sovereign immunity, qualified immunity, statutory immunity, state and state-agent immunity, and discretionary function immunity.

## FOURTEENTH DEFENSE

The ADOC Officials cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the acts and/or omissions of others.

## FIFTEENTH DEFENSE

No single Defendant in this cause can be held liable under 42 U.S.C. § 1983 for any alleged act and/or omission of any other Defendant.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because of the existence of superseding, intervening, or independent causes.

## SEVENTEENTH DEFENSE

The ADOC Officials aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons for whom they are not responsible.

## EIGHTEENTH DEFENSE

A third-party is comparatively at fault for Plaintiff's alleged damages, and this comparative fault by non-party tortfeasors must be excluded from any damage award against the ADOC Officials.

## NINETEENTH DEFENSE

Plaintiff's claims are barred as Plaintiff has not exhausted all available administrative remedies and/or accomplished all conditions precedent to maintaining this action.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred because the apparent equitable relief sought is not sufficiently narrowly drawn.  18 U.S.C. § 3626(a)(1)(A) (2005).

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff's claims seek monetary damages, the ADOC Officials demand a bifurcated jury trial to resolve those issues.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred because there was no concerted action by two or more persons.

## TWENTY-SIXTH DEFENSE

Plaintiff's Amended Complaint fails to allege any action taken by two or more persons to achieve an unlawful purpose or a lawful purpose by unlawful means.

## TWENTY-SEVENTH DEFENSE

Plaintiff's Amended Complaint fails to allege any wrongful act, omission, or negligence of any of the ADOC Officials or their agents that caused the death of Terrance Andrews.

## TWENTY-EIGHTH DEFENSE

To the extent Plaintiff seeks to recover attorneys' fees, the ADOC Officials object to any and all such requests for fees that are not asserted in the Amended Complaint or otherwise approved by court order

## TWENTY-NINTH DEFENSE

To the extent Plaintiff is claiming punitive damages against the ADOC Officials, the ADOC Officials state as follows:

The award of punitive damages as claimed by Plaintiffs violate Article I and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments of the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the following separate and several grounds:

a.      The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

b.      The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

c.      The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

d.      The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the ADOC Officials.

e.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

h.      The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

i.      The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

j.      The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

k.      The standards of conduct upon which punitive damages are awarded are vague.

l.      The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

n.      The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious, or oppressive penalties.

o.      The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## **THIRTIETH DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

### THIRTY-SECOND DEFENSE

Plaintiff's civil or constitutional rights have not been violated.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### THIRTY-FOURTH DEFENSE

Plaintiff's' claims are barred by the doctrine of estoppel.

### THIRTY-FIFTH DEFENSE

The ADOC Officials reserve the right to assert other and additional defenses as discovery proceeds.

**The ADOC Officials demand a trial by jury.**

Dated: April 14, 2023.

/s/ William R. Lunsford
One of the Attorneys for the ADOC Officials

William R. Lunsford
Matthew B. Reeves
William J. Cranford
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 14th day of April, 2023.

Ruth Z. Brown
Megan Pierce
Quinn Rallins
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
ruth@loevy.com
megan@loevy.com
rallins@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 590-7899

*Attorneys for Plaintiff*

Robert F. Northcutt
James N. Walter, Jr.
C. Richard Hill, Jr.
Caitlin E. Cobb
**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, AL 36104
Telephone: (334) 241-8043
Facsimile: (334) 323-8243
Bob.northcutt@chlaw.com
jimmy.walter@chlaw.com
rick.hill@chlaw.com
Caitlin.cobb@chlaw.com

*Attorneys for Gary Malone, Kevin White, Carla Graham, Neketris Estelle, Larry Baker, Tanya Ary, Cynthia Caver, and Eric Garrett*

/s/ William R. Lunsford
Of Counsel