FILED

2023 Apr-17  AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **LAKEISHA EZELL, as representative of the ESTATE OF TERRENCE ANDREWS,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **Case No.:  4:20-cv-02058-ACA** ) |
| **JEFFERSON DUNN, et al.,** | ) ) |
| **Defendants.** | ) |

## DEFENDANT BAKER'S ANSWER TO
## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** Defendant Lieutenant Larry Baker[1] ("Baker") and answers

the numbered paragraphs of Plaintiff's Amended Complaint, (Doc. 34), as

follows:

### INTRODUCTION[2]

1.      With respect to the allegations contained in Paragraph 1 of the

Amended Complaint, Defendant Baker admits that Plaintiff's son, Terrence

Andrews, was housed in St. Clair Correctional Facility ("St. Clair"). Defendant

---

[1] This Court dismissed Plaintiff's claims against Defendants Gary Malone, Kevin White, Carla Graham, Neketris Estelle, Tanya Ary, Cynthia Caver, and Eric Garrett; therefore, the only remaining Facility Defendant is Defendant Lieutenant Larry Baker.

[2] Defendant Baker's Answer uses the section headings from the Amended Complaint as a matter of convenience for the Court and parties. The use of those headings shall not be construed as an admission by the Facility Defendants or a waiver of any objection or denial that the Facility Defendants may have to Plaintiff's allegations.

Baker further admits that Mr. Andrews was attacked by another inmate on or around December 29, 2018, resulting in his death. Otherwise, Defendant Baker denies the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendant Baker denies the allegation contained in Paragraph 2 of the Amended Complaint and further states that this allegation pertains to a claim that was dismissed by this Court.

3. Defendant Baker is without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 3 of the Amended Complaint. Strict proof is demanded thereof.

4. Defendant Baker denies the allegations contained in Paragraph 4 of the Amended Complaint. Strict proof is demanded thereof.

5. To the extent the allegations contained in Paragraph 5 of the Amended Complaint purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 5 of the Amended Complaint. Strict proof is demanded thereof.

6. Defendant Baker denies the allegations contained in Paragraph 6 of the Amended Complaint. Strict proof is demanded thereof.

7.     Defendant Baker denies the allegations contained in Paragraph 7 of the Amended Complaint. Strict proof is demanded thereof.

## JURISDICTION AND VENUE

8.     Defendant Baker denies the allegations stated against him in Paragraph 8 of the Amended Complaint. Strict proof is demanded thereof. Otherwise, the remaining allegations contained in Paragraph 8 of the Amended Complaint are legal averments, not factual allegations requiring a response from Defendant Baker.

9.     Defendant Baker denies that this Court possesses subject-matter jurisdiction over Plaintiff's Section 1983 claim due to sovereign immunity. Except as expressly admitted hereinabove, Defendant Baker denies the remaining allegations contained in Paragraph 9 of the Amended Complaint. Strict proof is demanded thereof.

10.     Venue is proper in the U.S. District Court for the Northern District of Alabama because St. Clair is located in St. Clair County, Alabama. Except as expressly admitted hereinabove, Defendant Baker denies the remaining allegations contained in Paragraph 10 of the Amended Complaint. Strict proof is demanded thereof.

## PARTIES

11.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 11 of the Amended Complaint. Strict proof is demanded thereof.

12.    Defendant Baker admits that Mr. Andrews was an adult in the custody of the Alabama Department of Corrections ("ADOC") and admits that Mr. Andrews was housed at St. Clair during the incident alleged in the Complaint. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 12 of the Amended Complaint. Strict proof is demanded thereof.

13.    Paragraph 13 of the Amended Complaint contains only legal averments, not factual allegations requiring a response from Defendant Baker.

14.    Defendant Baker denies the allegations contained in Paragraph 14 of the Amended Complaint. Strict proof is demanded thereof.

15.    Defendant Baker admits the factual allegation stated against him in Paragraph 15 of the Amended Complaint. Strict proof is demanded thereof.

16.    Defendant Baker admits, upon information and belief, that Defendant Dunn served as the Commissioner of the ADOC during the times alleged. Otherwise, Defendant Baker is without knowledge or information sufficient to

either admit or deny the factual allegations contained in Paragraph 16 of the Amended Complaint. Strict proof is demanded thereof.

17.    All claims against Defendant Culliver were dismissed; thus, a response to the allegations of Paragraph 17 of the Amended Complaint is not required from Defendant Baker.

18.    All claims against Defendant Daniels were dismissed; thus, a response to the allegations of Paragraph 18 of the Amended Complaint is not required from Defendant Baker.

19.    All claims against Defendant Williams were dismissed; thus, a response to the allegations of Paragraph 19 of the Amended Complaint is not required from Defendant Baker.

20.    Defendant Baker admits, upon information and belief, that Defendant Ellington served as the Institutional Coordinator for the Northern Region of the ADOC during the times alleged. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 20 of the Amended Complaint. Strict proof is demanded thereof.

21.    Paragraph 21 of the Amended Complaint asserts no factual allegations against Defendant Baker. Therefore, no response is required from Defendant Baker to the allegations contained in Paragraph 21 thereof.

22.     To the extent Paragraph 22 of the Amended Complaint states allegations against Defendant Baker, Defendant Baker denies the allegations contained in Paragraph 22 of the Amended Complaint. Strict proof is demanded thereof.

23.     Defendant Baker admits, upon information and belief, that Defendant Jones served as the Warden at St. Clair during the times alleged. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 23 of the Amended Complaint. Strict proof is demanded thereof.

24.     All claims against Defendant Givens were dismissed; thus, a response to the allegations of Paragraph 24 of the Amended Complaint is not required from Defendant Baker.

25.     All claims against Defendant Brooks were dismissed; thus, a response to the allegations of Paragraph 25 of the Amended Complaint is not required from Defendant Baker.

26.     All claims against Defendant Sanders were dismissed; thus, a response to the allegations of Paragraph 26 of the Amended Complaint is not required from Defendant Baker.

27.     All claims against Defendant Malone were dismissed; thus, a response to the allegations of Paragraph 27 of the Amended Complaint is not required from Defendant Baker.

28.     All claims against Defendant White were dismissed; thus, a response to the allegations of Paragraph 28 of the Amended Complaint is not required from Defendant Baker.

29.     All claims against Defendant Graham were dismissed; thus, a response to the allegations of Paragraph 29 of the Amended Complaint is not required from Defendant Baker.

30.     All claims against Defendant Estelle were dismissed; thus, a response to the allegations of Paragraph 30 of the Amended Complaint is not required from Defendant Baker.

31.     Paragraph 31 of the Amended Complaint does not state any factual allegations against Defendant Baker; thus, no response from Defendant Baker is required.

32.     To the extent Paragraph 32 of the Amended Complaint states allegations against Defendant Baker, Defendant Baker denies the allegations contained in Paragraph 32 of the Amended Complaint. Strict proof is demanded thereof.

33.     Paragraph 33 of the Amended Complaint asserts no factual allegations against Defendant Baker; thus, no response from Defendant Baker is required.

34.     Defendant Baker admits he served as a lieutenant at St. Clair during the times alleged. Otherwise, Defendant Baker denies the remaining allegations contained in Paragraph 34 of the Amended Complaint. Strict proof is demanded thereof.

35.     All claims against Defendant Ary were dismissed; thus, a response to the allegations of Paragraph 35 of the Amended Complaint is not required by Defendant Baker.

36.     All claims against Defendant Caver were dismissed; thus, a response to the allegations of Paragraph 36 of the Amended Complaint is not required by Defendant Baker.

37.     All claims against Defendant Garrett were dismissed; thus, a response to the allegations of Paragraph 37 of the Amended Complaint is not required by Defendant Baker.

## DEFENDANTS' FAILURE TO PROTECT MR. ANDREWS FROM A KNOWN AND SUBSTANTIAL RISK OF SERIOUS HARM

38.     Defendant Baker admits that Mr. Andrews was attacked on or around December 29, 2018, during his incarceration at St. Clair. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the

remaining allegations contained in Paragraph 38 of the Amended Complaint. Strict proof is demanded thereof.

39.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 39 of the Amended Complaint. Strict proof is demanded thereof.

40.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 40 of the Amended Complaint. Strict proof is demanded thereof.

41.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 41 of the Amended Complaint. Strict proof is demanded thereof.

42.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 42 of the Amended Complaint. Strict proof is demanded thereof.

43.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 43 of the Amended Complaint. Strict proof is demanded thereof.

44.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 44 of the Amended Complaint. Strict proof is demanded thereof.

45.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 45 of the Amended Complaint. Strict proof is demanded thereof.

46.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 46 of the Amended Complaint. Strict proof is demanded thereof.

47.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 47 of the Amended Complaint. Strict proof is demanded thereof.

48.     Defendant Baker denies the allegations contained in Paragraph 48 of the Amended Complaint. Strict proof is demanded thereof.

49.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 49 of the Amended Complaint. Strict proof is demanded thereof.

50.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 50 of the Amended Complaint. Strict proof is demanded thereof.

51.     Defendant Baker denies the allegations contained in Paragraph 51 of the Amended Complaint. Strict proof is demanded thereof.

52.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 52 of the Amended Complaint. Strict proof is demanded thereof.

53.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 53 of the Amended Complaint. Strict proof is demanded thereof.

54.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 54 of the Amended Complaint. Strict proof is demanded thereof.

55.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 55 of the Amended Complaint. Strict proof is demanded thereof.

56.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 56 of the Amended Complaint. Strict proof is demanded thereof.

57.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 57 of the Amended Complaint. Strict proof is demanded thereof.

58.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 58 of the Amended Complaint. Strict proof is demanded thereof.

59.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 59 of the Amended Complaint. Strict proof is demanded thereof.

60.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 60 of the Amended Complaint. Strict proof is demanded thereof.

61.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 61 of the Amended Complaint. Strict proof is demanded thereof.

62.     Defendant Baker denies the allegations stated against him in Paragraph 62 of the Amended Complaint. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 62 of the Amended Complaint. Strict proof is demanded thereof.

63.     Defendant Baker denies the allegations stated against him in Paragraph 63 of the Amended Complaint. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the remaining

allegations contained in Paragraph 63 of the Amended Complaint. Strict proof is demanded thereof.

64.     Defendant Baker denies the allegations contained in Paragraph 64 of the Amended Complaint. Strict proof is demanded thereof.

65.     Defendant Baker denies the allegations contained in Paragraph 65 of the Amended Complaint. Strict proof is demanded thereof.

66.     Defendant Baker denies the allegations contained in Paragraph 66 of the Amended Complaint. Strict proof is demanded thereof.

67.     Defendant Baker denies the allegations contained in Paragraph 67 of the Amended Complaint. Strict proof is demanded thereof.

68.     Defendant Baker denies the allegations contained in Paragraph 68 of the Amended Complaint. Strict proof is demanded thereof.

69.     Defendant Baker denies the allegations contained in Paragraph 69 of the Amended Complaint. Strict proof is demanded thereof.

70.     Defendant Baker denies the allegations contained in Paragraph 70 of the Amended Complaint. Strict proof is demanded thereof.

71.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 71 of the Amended Complaint. Strict proof is demanded thereof.

72.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 72 of the Amended Complaint. Strict proof is demanded thereof.

73.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 73 of the Amended Complaint. Strict proof is demanded thereof.

74.     Defendant Baker denies the allegations contained in Paragraph 74 of the Amended Complaint. Strict proof is demanded thereof.

75.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 75 of the Amended Complaint. Strict proof is demanded thereof.

76.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 76 of the Amended Complaint. Strict proof is demanded thereof.

77.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 77 of the Amended Complaint. Strict proof is demanded thereof.

78.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 78 of the Amended Complaint. Strict proof is demanded thereof.

79.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 79 of the Amended Complaint. Strict proof is demanded thereof.

80.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 80 of the Amended Complaint. Strict proof is demanded thereof.

81.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 81 of the Amended Complaint. Strict proof is demanded thereof.

82.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 82 of the Amended Complaint. Strict proof is demanded thereof.

83.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 83 of the Amended Complaint. Strict proof is demanded thereof.

84.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 84 of the Amended Complaint. Strict proof is demanded thereof.

85.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 85 of the Amended Complaint. Strict proof is demanded thereof.

86.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 86 of the Amended Complaint. Strict proof is demanded thereof.

87.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 87 of the Amended Complaint. Strict proof is demanded thereof.

88.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 88 of the Amended Complaint. Strict proof is demanded thereof.

89.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 89 of the Amended Complaint. Strict proof is demanded thereof.

90.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 90 of the Amended Complaint. Strict proof is demanded thereof.

91.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 91 of the Amended Complaint. Strict proof is demanded thereof.

92.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 92 of the Amended Complaint. Strict proof is demanded thereof.

93.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 93 of the Amended Complaint. Strict proof is demanded thereof.

94.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 94 of the Amended Complaint. Strict proof is demanded thereof.

95.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 95 of the Amended Complaint. Strict proof is demanded thereof.

96.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 96 of the Amended Complaint. Strict proof is demanded thereof.

97.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 97 of the Amended Complaint. Strict proof is demanded thereof.

98.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 98 of the Amended Complaint. Strict proof is demanded thereof.

99.     Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 99 of the Amended Complaint. Strict proof is demanded thereof.

100.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 100 of the Amended Complaint. Strict proof is demanded thereof.

101.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 101 of the Amended Complaint. Strict proof is demanded thereof.

102.    Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 102 of the Amended Complaint. Strict proof is demanded thereof.

103.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 103 of the Amended Complaint. Strict proof is demanded thereof.

104.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 104 of the Amended Complaint. Strict proof is demanded thereof.

105.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 105 of the Amended Complaint. Strict proof is demanded thereof.

106.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 106 of the Amended Complaint. Strict proof is demanded thereof.

107.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 107 of the Amended Complaint. Strict proof is demanded thereof.

108.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 108 of the Amended Complaint. Strict proof is demanded thereof.

109.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 109 of the Amended Complaint. Strict proof is demanded thereof.

110.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 110 of the Amended Complaint. Strict proof is demanded thereof.

111.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 111 of the Amended Complaint. Strict proof is demanded thereof.

112.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 112 of the Amended Complaint. Strict proof is demanded thereof.

113.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 113 of the Amended Complaint. Strict proof is demanded thereof.

114.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 114 of the Amended Complaint. Strict proof is demanded thereof.

115.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 115 of the Amended Complaint. Strict proof is demanded thereof.

116.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 116 of the Amended Complaint. Strict proof is demanded thereof.

117.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 117 of the Amended Complaint. Strict proof is demanded thereof.

118.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 118 of the Amended Complaint. Strict proof is demanded thereof.

119.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 119 of the Amended Complaint. Strict proof is demanded thereof.

120.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 120 of the Amended Complaint. Strict proof is demanded thereof.

121.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 121 of the Amended Complaint. Strict proof is demanded thereof.

122.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 122 of the Amended Complaint. Strict proof is demanded thereof.

123.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 123 of the Amended Complaint. Strict proof is demanded thereof.

124.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 124 of the Amended Complaint. Strict proof is demanded thereof.

125.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 125 of the Amended Complaint. Strict proof is demanded thereof.

126.   To the extent the allegations contained in Paragraph 126 of the Amended Complaint purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker denies the allegations contained in Paragraph 126 of the Amended Complaint. Strict proof is demanded thereof.

127.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 127 of the Amended Complaint. Strict proof is demanded thereof.

128.   Defendant Baker denies the allegations contained in Paragraph 128 of the Amended Complaint. Strict proof is demanded thereof.

129.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 129 of the Amended Complaint. Strict proof is demanded thereof.

130.   With respect to the allegations contained in Paragraph 130 of the Amended Complaint, Defendant Baker admits, upon information and belief, that the Equal Justice Initiative ("EJI") filed a class action lawsuit on behalf of St. Clair inmates. To the extent these allegations purport to describe or characterize documents, Defendant Baker denies those descriptions and characterizations. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 130 of the Amended Complaint. Strict proof is demanded thereof.

131.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 131 of the Amended Complaint. Strict proof is demanded thereof.

132.   Defendant Baker denies the allegations contained in Paragraph 132 of the Amended Complaint. Strict proof is demanded thereof.

133.   Defendant Baker denies the allegations contained in Paragraph 133 of the Amended Complaint. Strict proof is demanded thereof.

134.   Defendant Baker denies the allegations contained in Paragraph 134 of the Amended Complaint. Strict proof is demanded thereof.

135.   Defendant Baker admits, upon information and belief, that the U.S. Department of Justice ("DOJ") opened an investigation into Alabama's men's prisons on or about the date alleged. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 135 of the Amended Complaint. Strict proof is demanded thereof.

136.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 136 of the Amended Complaint. Strict proof is demanded thereof.

137.   Defendant Baker denies the allegations contained in Paragraph 137 of the Amended Complaint. Strict proof is demanded thereof.

138.   To the extent the allegations contained in Paragraph 138 of the Amended Complaint purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without

knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 138 of the Amended Complaint. Strict proof is demanded thereof.

139.   Defendant Baker denies the allegations contained in Paragraph 139 of the Amended Complaint. Strict proof is demanded thereof.

140.   Defendant Baker denies the allegations contained in Paragraph 140 of the Amended Complaint. Strict proof is demanded thereof.

141.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 141 of the Amended Complaint. Strict proof is demanded thereof.

142.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 142 of the Amended Complaint. Strict proof is demanded thereof.

143.   To the extent the allegations contained in Paragraph 143 of the Amended Complaint purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 143 of the Amended Complaint. Strict proof is demanded thereof.

144.   To the extent the allegations contained in Paragraph 144 of the Amended Complaint attempt to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 144 of the Amended Complaint. Strict proof is demanded thereof.

145.   To the extent the allegations contained in Paragraph 145 of the Amended Complaint attempt to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 145 of the Amended Complaint. Strict proof is demanded thereof.

146.   To the extent the allegations contained in Paragraph 146 of the Amended Complaint attempt to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 146 of the Amended Complaint. Strict proof is demanded thereof.

147.   To the extent the allegations contained in Paragraph 147 of the Amended Complaint attempt to quote, describe, or characterize documents, the

documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 147 of the Amended Complaint. Strict proof is demanded thereof.

148.   Defendant Baker denies the allegations contained in Paragraph 148 of the Amended Complaint. Strict proof is demanded thereof.

149.   To the extent the allegations contained in Paragraph 149 of the Amended Complaint purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 149 of the Amended Complaint. Strict proof is demanded thereof.

150.   Defendant Baker denies the allegations contained in Paragraph 150 of the Amended Complaint. Strict proof is demanded thereof.

151.   Defendant Baker admits, upon information and belief, that the DOJ has issued one or more notices or reports. To the extent the allegations contained in Paragraph 151 of the Amended Complaint purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit

or deny the allegations contained in Paragraph 151 of the Amended Complaint. Strict proof is demanded thereof.

152. To the extent the allegations contained in Paragraph 152 of the Amended Complaint purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker denies the allegations contained in Paragraph 152 of the Amended Complaint. Strict proof is demanded thereof.

153. Defendant Baker admits, upon information and belief, that the DOJ has issued one or more notices or reports. To the extent the allegations purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 153 of the Amended Complaint. Strict proof is demanded thereof.

154. Defendant Baker admits, upon information and belief, that the DOJ sued the ADOC on or about the date alleged. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 154 of the Amended Complaint. Strict proof is demanded thereof.

155. Defendant Baker denies the allegations contained in Paragraph 155 of the Amended Complaint. Strict proof is demanded thereof.

156.   Defendant Baker denies the allegations contained in Paragraph 156 of the Amended Complaint. Strict proof is demanded thereof.

157.   Defendant Baker denies the allegations contained in Paragraph 157 of the Amended Complaint. Strict proof is demanded thereof.

158.   Defendant Baker denies the allegations contained in Paragraph 158 of the Amended Complaint. Strict proof is demanded thereof.

159.   Defendant Baker denies the allegations contained in Paragraph 159 of the Amended Complaint. Strict proof is demanded thereof.

160.   Defendant Baker denies the allegations contained in Paragraph 160 of the Amended Complaint. Strict proof is demanded thereof.

161.   Defendant Baker denies the allegations contained in Paragraph 161 of the Amended Complaint. Strict proof is demanded thereof.

162.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 162 of the Amended Complaint. Strict proof is demanded thereof.

163.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 163 of the Amended Complaint. Strict proof is demanded thereof.

164.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 164 of the Amended Complaint. Strict proof is demanded thereof.

165.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 165 of the Amended Complaint. Strict proof is demanded thereof.

166.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 166 of the Amended Complaint. Strict proof is demanded thereof.

167.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 167 of the Amended Complaint. Strict proof is demanded thereof.

168.   Defendant Baker denies the allegations contained in Paragraph 168 of the Amended Complaint. Strict proof is demanded thereof.

169.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 169 of the Amended Complaint. Strict proof is demanded thereof.

170.   Defendant Baker denies the allegations contained in Paragraph 170 of the Amended Complaint. Strict proof is demanded thereof.

171.   Defendant Baker denies the allegations contained in Paragraph 171 of the Amended Complaint. Strict proof is demanded thereof.

172.   Defendant Baker denies the allegations contained in Paragraph 172 of the Amended Complaint. Strict proof is demanded thereof.

173.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 173 of the Amended Complaint. Strict proof is demanded thereof.

174.   Defendant Baker denies the allegations contained in Paragraph 174 of the Amended Complaint. Strict proof is demanded thereof.

175.   Defendant Baker denies the allegations contained in Paragraph 175 of the Amended Complaint. Strict proof is demanded thereof.

176.   Defendant Baker denies the allegations contained in Paragraph 176 of the Amended Complaint. Strict proof is demanded thereof.

177.   Defendant Baker denies the allegations contained in Paragraph 177 of the Amended Complaint. Strict proof is demanded thereof.

178.   Defendant Baker denies the allegations contained in Paragraph 178 of the Amended Complaint. Strict proof is demanded thereof.

179.   Defendant Baker denies the allegations contained in Paragraph 179 of the Amended Complaint. Strict proof is demanded thereof.

180.   Defendant Baker denies the allegations contained in Paragraph 180 of the Amended Complaint. Strict proof is demanded thereof.

181.   Defendant Baker denies the allegations contained in Paragraph 181 of the Amended Complaint. Strict proof is demanded thereof.

182.   Defendant Baker denies the allegations contained in Paragraph 182 of the Amended Complaint. Strict proof is demanded thereof.

183.   Defendant Baker denies the allegations contained in Paragraph 183 of the Amended Complaint. Strict proof is demanded thereof.

184.   Defendant Baker denies the allegations contained in Paragraph 184 of the Amended Complaint. Strict proof is demanded thereof.

185.   With respect to the allegations contained in Paragraph 185 of the Amended Complaint, Defendant Baker admits, upon information and belief, that the EJI filed a class action lawsuit on behalf of St. Clair inmates. To the extent these allegations purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 185 of the Amended Complaint. Strict proof is demanded thereof.

186.   Defendant Baker denies the allegations contained in Paragraph 186 of the Amended Complaint. Strict proof is demanded thereof.

187.  Defendant Baker denies the allegations contained in Paragraph 187 of the Amended Complaint. Strict proof is demanded thereof.

188.  Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 188 of the Amended Complaint. Strict proof is demanded thereof.

189.  Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 189 of the Amended Complaint. Strict proof is demanded thereof.

190.  Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 190 of the Amended Complaint. Strict proof is demanded thereof.

191.  Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 191 of the Amended Complaint. Strict proof is demanded thereof.

192.  Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 192 of the Amended Complaint. Strict proof is demanded thereof.

193.  Defendant Baker denies the allegations contained in Paragraph 193 of the Amended Complaint. Strict proof is demanded thereof.

194.   Defendant Baker denies the allegations contained in Paragraph 194 of the Amended Complaint. Strict proof is demanded thereof.

195.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 195 of the Amended Complaint. Strict proof is demanded thereof.

196.   Defendant Baker denies the allegations contained in Paragraph 196 of the Amended Complaint. Strict proof is demanded thereof.

197.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 197 of the Amended Complaint. Strict proof is demanded thereof.

198.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 198 of the Amended Complaint. Strict proof is demanded thereof.

199.   Defendant Baker denies the allegations contained in Paragraph 199 of the Amended Complaint. Strict proof is demanded thereof.

200.   Defendant Baker denies the allegations contained in Paragraph 200 of the Amended Complaint. Strict proof is demanded thereof.

201.   Defendant Baker denies the allegations contained in Paragraph 201 of the Amended Complaint. Strict proof is demanded thereof.

202.   Defendant Baker denies the allegations contained in Paragraph 202 of the Amended Complaint. Strict proof is demanded thereof.

203.   Paragraph 203 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

204.   Paragraph 204 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

205.   Paragraph 205 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

206.   Paragraph 206 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

207.   Paragraph 207 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

208.   Paragraph 208 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

209.   Paragraph 209 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

210.   Paragraph 210 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

211.   Defendant Baker denies the allegations contained in Paragraph 211 of the Amended Complaint. Strict proof is demanded thereof.

212.   Defendant Baker denies the allegations contained in Paragraph 212 of the Amended Complaint. Strict proof is demanded thereof.

213.   Defendant Baker denies the allegations contained in Paragraph 213 of the Amended Complaint. Strict proof is demanded thereof.

214.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 214 of the Amended Complaint. Strict proof is demanded thereof.

215.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 215 of the Amended Complaint. Strict proof is demanded thereof.

216.   Defendant Baker denies the allegations contained in Paragraph 216 of the Amended Complaint. Strict proof is demanded thereof.

217.   Defendant Baker denies the allegations contained in Paragraph 217 of the Amended Complaint. Strict proof is demanded thereof.

218.   Paragraph 218 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

219.   To the extent the allegations contained in Paragraph 219 purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Paragraph 219 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

220.  With respect to the allegations contained in Paragraph 220 of the Amended Complaint, Defendant Baker admits, upon information and belief, that the EJI filed a class action lawsuit on behalf of St. Clair inmates. Otherwise, Defendant Baker denies the allegations contained in Paragraph 220 of the Amended Complaint. Strict proof is demanded thereof.

221.  Paragraph 221 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

222.  Paragraph 222 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

223.  Paragraph 223 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

224.  Paragraph 224 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

225.  Paragraph 225 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

226.  Paragraph 226 of the Amended Complaint does not contain allegations stated against Defendant Baker; thus, no response is required.

227.  Defendant Baker denies the allegations contained in Paragraph 227 of the Amended Complaint. Strict proof is demanded thereof.

228.   Defendant Baker denies the allegations contained in Paragraph 228 of the Amended Complaint. Strict proof is demanded thereof.

229.   Defendant Baker denies the allegations contained in Paragraph 229 of the Amended Complaint. Strict proof is demanded thereof.

230.   Defendant Baker denies the allegations contained in Paragraph 230 of the Amended Complaint. Strict proof is demanded thereof.

231.   Defendant Baker denies the allegations contained in Paragraph 231 of the Amended Complaint. Strict proof is demanded thereof.

232.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 232 of the Amended Complaint. Strict proof is demanded thereof.

233.   To the extent the allegations contained in Paragraph 233 of the Amended Complaint purport to quote, describe, or characterize documents, the documents speak for themselves. Otherwise, Defendant Baker denies the allegations contained in Paragraph 233 of the Amended Complaint. Strict proof is demanded thereof.

234.   With respect to the allegations contained in Paragraph 234 of the Amended Complaint, Defendant Baker admits, upon information and belief, that the EJI filed a class action lawsuit on behalf of St. Clair inmates. Otherwise,

Defendant Baker denies the allegations contained in Paragraph 234 of the Amended Complaint. Strict proof is demanded thereof.

235.   Defendant Baker denies the allegations contained in Paragraph 235 of the Amended Complaint. Strict proof is demanded thereof.

236.   Defendant Baker denies the allegations contained in Paragraph 236 of the Amended Complaint. Strict proof is demanded thereof.

237.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 237 of the Amended Complaint. Strict proof is demanded thereof.

## CLAIMS[3]

### Count I- 42 U.S.C. § 1983
### Eighth Amendment Failure to Protect
### Against Defendants Commissioner Dunn, Institutional Coordinator Ellington, Warden Jones, and Lieutenant Baker

238.   Defendant Baker reasserts and incorporates by reference each and every previous response as if specifically set out herein.

239.   Paragraph 239 of the Amended Complaint contains only legal averments, not factual allegations requiring a response from Defendant Baker.

240.   Defendant Baker denies the allegations contained in Paragraph 240 of the Amended Complaint. Strict proof is demanded thereof.

---

[3] Defendant Baker addresses and responds to only the remaining claims not dismissed by this Court, including Count I, Count IX, and Count X.

241.   Defendant Baker denies the allegations contained in Paragraph 241 of the Amended Complaint. Strict proof is demanded thereof.

242.   Defendant Baker denies the allegations contained in Paragraph 242 of the Amended Complaint. Strict proof is demanded thereof.

243.   Defendant Baker denies the allegations contained in Paragraph 243 of the Amended Complaint. Strict proof is demanded thereof.

244.   Defendant Baker denies the allegations contained in Paragraph 244 of the Amended Complaint. Strict proof is demanded thereof.

245.   Defendant Baker denies the allegations contained in Paragraph 245 of the Amended Complaint. Strict proof is demanded thereof.

246.   Defendant Baker denies the allegations contained in Paragraph 246 of the Amended Complaint. Strict proof is demanded thereof.

247.   Defendant Baker denies the allegations contained in Paragraph 247 of the Amended Complaint. Strict proof is demanded thereof.

248.   Defendant Baker denies the allegations contained in Paragraph 248 of the Amended Complaint. Strict proof is demanded thereof.

## Count IX- State Law

### Wrongful Act or Omission Resulting in Death
### Against Defendants Commissioner Dunn, Institutional Coordinator Ellington, Warden Jones, and Lieutenant Baker

313.   Defendant Baker reasserts and incorporates by reference each and every previous response as if specifically set out herein.

314.   Paragraph 314 of the Amended Complaint contains only legal averments, not factual allegations requiring a response from Defendant Baker.

315.   Defendant Baker denies the allegations contained in Paragraph 315 of the Amended Complaint. Strict proof is demanded thereof.

316.   Defendant Baker denies the allegations contained in Paragraph 316 of the Amended Complaint. Strict proof is demanded thereof.

317.   Defendant Baker denies the allegations contained in Paragraph 317 of the Amended Complaint. Strict proof is demanded thereof.

318.   Defendant Baker denies the allegations contained in Paragraph 318 of the Amended Complaint. Strict proof is demanded thereof.

319.   Defendant Baker denies the allegations contained in Paragraph 319 of the Amended Complaint. Strict proof is demanded thereof.

320.   Defendant Baker denies the allegations contained in Paragraph 320 of the Amended Complaint. Strict proof is demanded thereof.

321.   Paragraph 321 of the Amended Complaint contains no allegations against Defendant Baker; thus, no response is required.

322.   Defendant Baker denies the allegations contained in Paragraph 322 of the Amended Complaint. Strict proof is demanded thereof.

323.   Defendant Baker denies the allegations contained in Paragraph 323 of the Amended Complaint. Strict proof is demanded thereof.

324. Defendant Baker denies the allegations contained in Paragraph 324 of the Amended Complaint. Strict proof is demanded thereof.

325. Defendant Baker denies the allegations contained in Paragraph 325 of the Amended Complaint. Strict proof is demanded thereof.

**Count X- State Law**
**Wrongful Act or Omission Resulting in Death**
**Against Defendant Lieutenant Baker**

326.   Defendant Baker reasserts and incorporates by response each and every previous response as if specifically set out herein.

327.   Defendant Baker denies the allegations contained in Paragraph 327 of the Amended Complaint. Strict proof is demanded thereof.

328.   Defendant Baker denies the allegations contained in Paragraph 328 of the Amended Complaint. Strict proof is demanded thereof.

329.   Defendant Baker denies the allegations contained in Paragraph 329 of the Amended Complaint. Strict proof is demanded thereof.

330.   Defendant Baker denies the allegations contained in Paragraph 330 of the Amended Complaint. Strict proof is demanded thereof.

331.   Defendant Baker denies the allegations contained in Paragraph 331 of the Amended Complaint. Strict proof is demanded thereof.

332.   Defendant Baker denies the allegations contained in Paragraph 332 of the Amended Complaint. Strict proof is demanded thereof.

333.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 333 of the Amended Complaint. Strict proof is demanded thereof.

334.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 334 of the Amended Complaint. Strict proof is demanded thereof.

335.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 335 of the Amended Complaint. Strict proof is demanded thereof.

336.   Defendant Baker denies the allegations contained in Paragraph 336 of the Amended Complaint. Strict proof is demanded thereof.

337.   Defendant Baker denies the allegations contained in Paragraph 337 of the Amended Complaint. Strict proof is demanded thereof.

338.   Defendant Baker is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 338 of the Amended Complaint. Strict proof is demanded thereof.

339. Defendant Baker denies the allegations contained in Paragraph 339 of the Amended Complaint. Strict proof is demanded thereof.

340.   Defendant Baker denies the allegations contained in Paragraph 340 of the Amended Complaint. Strict proof is demanded thereof.

341. Defendant Baker denies the allegations contained in Paragraph 341 of the Amended Complaint. Strict proof is demanded thereof.

Defendant Baker denies that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. Defendant Baker expressly denies that the violated Plaintiff's constitutional rights, including any rights under the Eighth Amendment, or any federal or state law, on any occasion whatsoever.

## AFFIRMATIVE DEFENSES

Defendant Baker asserts the following affirmative and additional defenses to the Amended Complaint, but he does not assume the burden of proof of any such defenses, except as required by law with respect to a particular defense asserted.

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff failed to allege a violation of the Eighth Amendment to the United States Constitution.

44

## THIRD DEFENSE

Plaintiff is not entitled to any relief or damages requested in the Amended Complaint.

## FOURTH DEFENSE

Plaintiff is not entitled to any relief or damages under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Plaintiff's claims are barred because the Defendant Baker did not breach any duty allegedly owed to the Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against Defendant Baker.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Defendant Baker did not act with deliberate indifference.

## EIGHTH DEFENSE

Plaintiff is unable to establish any causal connection, legal or proximate, between any action or inaction of Defendant Baker and any purported injury or damages alleged in the Amended Complaint or for which relief is sought.

## NINTH DEFENSE

Defendant Baker is entitled to Eleventh Amendment immunity from the claims asserted against them pursuant to 42 U.S.C. § 1983.

## TENTH DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

## ELEVENTH DEFENSE

Plaintiff's claims do not fall within any judicially recognized exception to the doctrine of Eleventh Amendment immunity.

## TWELFTH DEFENSE

Defendant Baker asserts all privileges and immunities provided to him as a state official, employee, and/or actor including, but not limited to sovereign immunity, qualified immunity, statutory immunity, state and state-agent, and discretionary function immunity.

## THIRTEENTH DEFENSE

Defendant Baker cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the acts and/or omissions of others.

## FOURTEENTH DEFENSE

Defendant Baker cannot be held liable under 42 U.S.C. § 1983 for any alleged act and/or omission of any other Defendant.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because of the existence of superseding, intervening, or independent causes.

## SIXTEENTH DEFENSE

Defendant Baker avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons for whom they are not responsible.

## SEVENTEENTH DEFENSE

A third-party is comparatively at fault for Plaintiff's alleged damages, and this comparative fault by non-party tortfeasors must be excluded from any damage award against Defendant Baker.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred as Plaintiff has not exhausted all available administrative remedies and/or accomplished all conditions precedent to maintain this action.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because the apparent equitable relief sought is not sufficiently narrowly drawn.  18 U.S.C. § 3626(a)(1)(A) (2005).

## TWENTY-THIRD DEFENSE

To the extent Plaintiff's claims seek monetary damages, Defendant Baker demands a bifurcated jury trial to resolve those issues.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff seeks to recover attorneys' fees, Defendant Baker objects to any and all such requests for fees that are not asserted in the Amended Complaint or otherwise approved by court order.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiff is claiming punitive damages against Defendant Baker, Defendant Baker states as follows:

The award of punitive damages as claimed by Plaintiffs violate Article I and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments of the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the following separate and several grounds:

a.    The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

b.    The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

c.    The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

d.    The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Facility Defendants.

e.    The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

h.      The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

i.      The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

j.      The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

k.      The standards of conduct upon which punitive damages are awarded are vague.

l.      The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of

proof which is not heightened in relation to the standard of proof for ordinary civil cases.

n.      The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious, or oppressive penalties.

o.      The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## TWENTY-EIGHTH DEFENSE

Plaintiff's civil or constitutional rights have not been violated.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## THIRTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata* or claim preclusion.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel or issue preclusion.

## THIRTY-THIRD DEFENSE

Plaintiff is unable to establish that Defendant Baker's actions, omissions, policies, or customs caused any of Plaintiff's purported injuries alleged in the Amended Complaint or for which relief is sought.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims of unconstitutional policies or customs are due to be dismissed because such claims cannot be predicated upon isolated or sporadic instances of conduct.

## THIRTY-FIFTH DEFENSE

Defendant Baker did not authorize, condone, or ratify any alleged unconstitutional conduct, and any such conduct would have been contrary to policies.

## THIRTY-SIXTH DEFENSE

Defendant Baker did not subject Plaintiff to unnecessary and wanton inflictions of pain or to emotional or physical injuries.

## THIRTY-SEVENTH DEFENSE

Defendant Baker claims any and all protections of the Prison Litigation Reform Act of 1995 ("PLRA"), as amended.

## THIRTY-EIGHTH DEFENSE

Under the PLRA, Plaintiff's claims fail because Plaintiff cannot show that he suffered any physical injuries that were caused by any act or omission on the part of Defendant Baker. 42 U.S.C. § 1997e.

## THIRTY-NINTH DEFENSE

Defendant Baker adopts all additional defenses asserted by other defendants and reserve the right to assert other and additional defenses as discovery proceeds.

**The Facility Defendants demand a trial by jury.**

Respectfully submitted this the 17th day of April 2023.

/s/ W. Allen Sheehan
W. ALLEN SHEEHAN (ASB-7274-L69S)
CAITLIN E. COBB (ASB-2959-B3E)
JAMES N. WALTER, JR. (ASB-2722-R68J)
ROBERT F. NORTHCUTT (ASB-9358-T79R)
C. RICHARD HILL, JR. (ASB-0773-L72C)
W. JACKSON BRITTON (ASB-8252-K46-Y)
*Attorneys for Defendants Gary Malone, Kevin White, Carla Graham, Neketris Estelle, Larry Baker, Tanya Ary, Cynthia Caver, and Eric Garrett*

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8077
Facsimile:(334) 323-8888
Email:  allen.sheehan@chlaw.com
         bob.northcutt@chlaw.com
         jimmy.walter@chlaw.com
         rick.hill@chlaw.com
         jackson.britton@chlaw.com
         caitlin.cobb@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record as indicated below:

Ruth Zemel Brown
Megan Colleen Pierce
Quinn Rallins
**LOEVY & LOEVY**
311 North Aberdeen Street, 3rd Floor
Chicago, Illinois  60607
Email:  ruth@loevy.com
         megan@loevy.com
         rallins@loevy.com
*Attorneys for Plaintiff*

LaKeisha Butler
Matthew B. Reeves
William R. Lunsford
**MAYNARD COOPER & GALE, PC**
655 Gallatin Street
Huntsville, Alabama  35801
Email: lbutler@maynardcooper.com
         matt.reeves@butlersnow.com
         bill.lunsford@butlersnow.com
*Attorneys for Jefferson Dunn, Edward Ellington, and Karla Jones*

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP, LLC**
2170 Highland Avenue, Suite 250
Birmingham, Alabama  35205
Email:  anil@dagneylaw.com
*Attorney for Plaintiff*

/s/ W. Allen Sheehan
Of Counsel