# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LAKEISHA EZELL, as representative of the Estate of Terrance Andrews, | ) ) ) |
| | ) HONORABLE JUDGE |
| | ) ANNMARIE CARNEY AXON |
| Plaintiff, | ) |
| | ) Case No.: 4:20-CV-02058-ACA |
| v. | ) |
| | ) |
| JEFFERSON DUNN, EDWARD ELLINGTON, KARLA JONES, LARRY BAKER, | ) ) ) ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | |

## REPORT OF THE PARTIES' PLANNING MEETING

In compliance with the Court's order entered on April 26, 2023 (Doc. No. 113), and pursuant to Fed. R. Civ. P. 26(f), the Parties in the above-captioned matter jointly file this Report of the Parties' Planning Meeting.

1. The following persons participated in a Rule 26(f) conference on May 8, 2023, by phone, and further finalized details of this report via electronic mail:

   Ruth Brown, representing the Plaintiff, Lakeisha Ezell.

   William J. Cranford representing Defendants Jefferson Dunn, Edward Ellington, and Karla Jones.

   Allen Sheahan, representing Defendant Larry Baker.

2. Initial Disclosures:

   (a) The parties jointly propose that they will complete initial disclosures required by Rule 26(a)(1) within 14 days of the Court's ruling on

          Plaintiff's forthcoming motion for leave to amend, pursuant to their agreed proposal set forth in more detail below, in section 3(b).

    (b)    The Parties agree to provide copies of all documents identified and/or disclosed pursuant to Rule 26(a)(1) contemporaneous with their initial disclosures. The Parties agree that their initial disclosures can be exchanged via electronic mail.

3.    Discovery Plan. The Parties propose this discovery plan:[1]

    (a)    Discovery will be needed on these subjects:

          The case concerns whether or not, as Plaintiff LaKeisha Ezell contends, Defendants failed to protect her son, Terrence Andrews ("Andrews") from a stabbing death by another prisoner at ADOC's St. Clair Correctional Facility on December 29, 2018. Plaintiff has asserted the following claims: failure to protect, failure to intervene, failure to provide timely medical assistance, and wrongful death. (Doc. No. 34). Defendants deny Plaintiff's allegations and the claims asserted against them. In its March 31, 2023, order (Doc. No. 106), the Court allowed Plaintiff to proceed as to: (1) Count One failure to protect against Dunn, Ellington, Jones, and Baker; (2) Count Nine state-law wrongful death against Dunn, Ellington, Jones, and Baker; and (3) Count Ten state-law wrongful death against Baker and granted the Defendants' motions to dismiss as to the remaining claims. Plaintiff intends to file a motion for leave to amend as to certain claims that were dismissed without prejudice (see Doc. No. 114). Defendants anticipate filing motions to dismiss any amended complaint based on claims that were previously dismissed.

          The parties agree that discovery will be needed on any non-privileged matter that is relevant to any Party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Parties' relative

---

[1] Pursuant to the Court's order at Docket Number 113, pages 1-2, the parties explain that they cannot prepare the case for trial within eighteen months of service of the complaint because of the time required for motion to dismiss practice. The parties propose the schedule below taking into account the efficient and timely resolution of the case, the importance of discovery, and the parties' prior trial obligations.

2

access to relevant information, the Parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Plaintiff further states that she anticipates seeking discovery, pursuant to the applicable standard, on issues including, but not limited to, the circumstances of Mr. Andrews's death; the existence of a substantial risk of harm to prisoners at St. Clair, including prior instances of violence; Defendants' knowledge of such a risk; Defendants' acts and omissions; applicable policies, procedures, and practices; information that bears on Defendants' state of mind and whether they acted with deliberate indifference; resulting damages; expert opinions; and Defendants' defenses.

Defendants object to any language that seeks to limit or alter the scope of discovery governed by Federal Rule of Civil Procedure 26(b)(2)(1).

(b) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery:

Plaintiff intends to file a motion for leave to amend to state claims against certain dismissed defendants. Defendants anticipate filing motions to dismiss Plaintiff's second amended complaint. The parties disagree on whether full discovery should commence now, but in the spirit of compromise, the parties have agreed to, and jointly propose, the following discovery schedule:

Defendants will produce, upon entry of an agreed upon protective order, the following documents:

(a) the incident report relating to the December 29, 2018 incident involving Terrance Andrews and Cedric Davis;
(b) the December 29, 2018, duty post roster for St. Clair;
(c) the inmate file for Cedric Davis to include Cedric Davis' disciplinary history and classification records from St. Clair;
(d) the bed movement history for Terrance Andrews; and,
(e) the bed movement history for Cedric Davis.

3

    Subject to the Court's approval, the parties jointly propose that discovery commence in full after the Court rules on Plaintiff's motion for leave to amend and the filing of Plaintiff's second amended complaint.

    The parties' proposed schedule below identifies dates from the commencement of full discovery. Following the Court's ruling on Plaintiff's forthcoming motion for leave to amend and filing of Plaintiff's second amended complaint, the parties request leave to submit a revised schedule providing specific dates consistent with the timing of events detailed below.

    The parties ask the Court at this time to set a schedule that allows twelve months for fact discovery. The parties propose that all fact discovery shall be completed twelve (12) months following the commencement of full discovery.

(c) **Interrogatories:** The maximum number of interrogatories is 45 per side, including subparts, meaning 45 for Plaintiff and 45 total for Defendants. Each of Plaintiff's 45 interrogatories may be served on one or more Defendants, and if served on multiple Defendants, will be answered individually by the responding Defendants. Fed. R. Civ. P. 33 governs the response time and other interrogatory procedures.

(d) **Requests for Admission**:

    1. <u>Plaintiff's Position</u>:

        Plaintiff has a unique and particularized need for requests for admission in this case. As this Court indicated in its motion to dismiss ruling, Plaintiff's Eighth Amendment claims require a showing of a substantial risk of serious harm based on the generalized threat of inmate-on-inmate violence. *E.g.*, Doc. 105 at 29. To satisfy this challenging standard, and streamline the issues for summary judgment and trial, Plaintiff intends to serve specific requests for admission regarding notice of instances of violence to Defendants in the twelve months prior to Mr. Andrews's death based on the content of the Alabama Department of Correction's incident and duty officer reports, which he has not yet had the opportunity to receive in discovery.

4

Defendants previously indicated that they were unable to admit or deny the serious instances of violence alleged in Plaintiff's Complaint without review of the documentation. *See, e.g.*, Defs.' Answer (Doc. 111) at ¶ 43 ("Paragraphs 69 through 125 of the Amended Complaint contain vague and speculative allegations [of individual instances of violence] without identifying the source of the information. Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.").

Accordingly, Plaintiff intends to seek admissions based on the Alabama Department of Correction's records of (1) certain facts about the incident as documented in the associated reports; (2) the injuries as documented in the associated reports; (3-4) the nature of any discipline, response, and or follow-up as documented in the associated reports; and, (5) Defendants' notice of the reports about the incident. To enable efficient responses, Plaintiff will identify in her requests for admission specific page references to where the content appears in the associated reports. Plaintiff will define a single incident in reliance on the Alabama Department of Corrections's records (i.e., each incident report and associated duty report corresponds with one incident only).

Defendants previously indicated that they were unable to admit or deny the serious instances of violence alleged in Plaintiff's complaint without review of the documentation. *See, e.g.*, Defs.' Answer (Doc. 111) at ¶ 43 ("Paragraphs 69 through 125 of the Amended Complaint contain vague and speculative allegations [of individual instances of violence] without identifying the source of the information. Thus, the ADOC Officials lack sufficient knowledge or information to form a basis to either admit or deny the allegations and, therefore, deny the allegations.").

For that reason, Plaintiff asks for leave to serve up to 5 requests for admission per serious incident of violence at St. Clair in the year leading up to Mr. Andrew's assault, as documented in the Alabama Department of Correction's records. Given the

5

requirements of Plaintiff's Eighth Amendment claims, these requests are directly proportional to the needs of the case. To the extent Defendants complain that there were too many serious incidents of violence at St. Clair over the one-year period leading up to Mr. Andrews' death of which they received notice to admit or deny those incidents, that is a reflection of evidence necessary to prove Plaintiff's case and not a basis to deny discovery.

In addition, Plaintiff seeks leave to serve up to 40 additional requests to admit, each of which may be served upon one or more Defendants. Plaintiff proposes that Defendants shall be entitled to collectively serve up to 50 requests to admit, in total, upon Plaintiff.

2. Defendants' Position:

If Defendants understand Plaintiff's proposed number of requests for admission correctly, Plaintiff proposes five (5) requests for admission for each "incident of violence" alleged in the amended complaint. By Defendant's count there are ninety-eight (98) incidents of violence specifically mentioned in Plaintiff's amended complaint. (Doc. No. 34 ¶¶ 80-125). That would total to four-hundred and ninety (490) requests for admission, plus an additional seventy-five (75) for a grand total of five-hundred and sixty-five (565) requests for admission for Plaintiff[2] and only seventy-five (75) total collectively for Defendants. Defendants believe this proposal is completely unreasonable. Defendants propose seventy-five (75) requests for admission per side, including subparts. The Parties may confer in good faith to avoid involving the Court, if any Party seeks to exceed the limitation on the number of requests for admission and will work in good faith to accommodate additional requests for admission as needed to narrow the issues for trial. If the parties cannot reach an agreement, the parties may seek permission from the Court to serve additional requests for

---

[2] This is a conservative estimation of the number of "violent incidents" Plaintiff alleges in her complaint. Depending on Plaintiff's interpretation of "serious incidence of violence at St. Clair" the actual number of proposed requests for admission could increase substantially.

admission. Consistent with Fed. R. Civ. P. 36(a)(3) answers to requests for admission shall be due within thirty (30) days after the request for admission are served, but the Parties will work in good faith to accommodate requests for extension.

(e) **Deposition numbers:** Each side is entitled to take the deposition of all opposing parties, any experts, and 10 additional witnesses, absent stipulation, or good cause for additional depositions.

(f) **Deposition length:** The depositions shall not exceed seven (7) hours of on-the-record time, in one day, consistent with Fed. R. Civ. P. 30(d)(1), absent stipulation or good cause to exceed that time limit.

(g) **Expert Discovery and Reports:**

  1. Plaintiff's Proposal:

     Plaintiff's expert reports and disclosures will be due thirty (30) days after the close of fact discovery. Defendants' expert reports and disclosures will be due thirty (30) days later. Plaintiff's rebuttal expert reports and disclosures, if any, will be due fourteen (14) days later. Expert discovery closes thirty (30) days later.

  2. Defendants' Proposal:

     Plaintiff's expert reports and disclosures will be due thirty (30) days after the close of fact discovery. Defendants' expert reports will be due thirty (30) days later. Expert discovery closes thirty (30) days later.

(h) Supplementation under Fed. R. Civ. P. 26(e) is due as soon as reasonably possible after new information is discovered, but no later than thirty (30) days prior to the close of fact discovery.

4. Other Items:

(a) The Parties respectfully request to meet with the Court before entry of a scheduling order. With the Court's permission, the Parties propose a phone or Zoom conference on the following dates: May 25, May 31,

7

June 1, June 2, or whenever is most convenient for the Court.

(b)     The Parties suggest a pretrial conference eight (8) weeks prior to trial.

(c)     Plaintiff's amendment of pleadings:

Plaintiff's proposal: Plaintiff suggests the deadline for Plaintiff to amend pleadings or join parties be on or before 120 days prior to the close of fact discovery, which deadline will predate all expert discovery and allow four full months for fact discovery as to any amended pleading.

Defendants' proposal: Plaintiff may seek to amend pleadings or join parties consistent with Rules 15, 19, and 20 of the Federal Rules of Civil Procedure. It is inappropriate to amend pleadings or join parties after substantial fact and expert discovery have been completed.

(d)     Defendants' amendment of pleadings:

Plaintiff's proposal: Plaintiff suggests the deadline for Defendants to amend pleadings or join parties be on or before 90 days before the close of fact discovery.

Defendants' proposal: Defendants will seek amendment of their pleadings or will respond to an amended pleading or joinder of additional parties, consistent with Rules 15, 19, and 20 of the Federal Rules of Civil Procedure.

(e)     Dispositive Motions Deadline: The Parties propose that the deadline for filing dispositive motions be forty-five (45) days after the close of expert discovery.

(f)     The Parties believe that discussion of settlement is premature, pending an opportunity for the parties to conduct initial discovery in this case.

(g)     The Parties suggest that, after completing initial discovery, the Parties will confer about whether mediation could help resolve this case through settlement.

(h)     The Parties suggest that the filing of Rule 26(a)(3) witness lists,

designations of witnesses whose testimony will be presented by deposition, and exhibit lists be completed no later than fourteen (14) days prior to the pretrial conference.

(i)   The Parties suggest that all objections to Rule 26(a)(3) filings be filed no later than seven (7) days prior to the pretrial conference.

(j)   The Parties suggest that a trial date be set upon the Court's ruling on Plaintiff's forthcoming motion for leave to amend. The parties anticipate the trial to last seven (7) to nine (9) trial days.

(k)   Other matters

   1. The Parties agree that the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules of the Northern District of Alabama</u> will govern discovery issues not addressed in this report.

   2. To the extent that a Party requires additional discovery beyond the limits contemplated in this report, the Parties propose that they be allowed, as the need arises, to come before the Court to request modification of the proposed discovery limits.

   3. The Parties stipulate to service of case documents by email under Rule 5(b)(2)(E). The Parties consent to electronic service of discovery requests and responses.

   4. The Parties agree that any Party wishing to serve a subpoena for documents or things on a third party shall give notice of the subpoena to the opposing Party at least three (3) business days before the subpoena is to be issued to allow the opposing Party an opportunity to raise any applicable objections. Any objections to the subpoena shall be raised in writing prior to the issue-date for the subpoena. If the Parties cannot resolve objections to a proposed subpoena, the Party objecting to the subpoena may file a motion for protective order and/or to quash the subpoena within three (3) days of the Parties reaching an impasse.

5. Requests for Production

Plaintiff's Position: Plaintiff proposes that Fed. R. Civ. P. 34 governs all procedures applicable to requests for production, and that any party shall be able to move the Court for a protective order should they believe that the number of requests that has been served is harassing or disproportionate. If the Court wishes to set a limit, Plaintiff proposes that each party may serve up to 75 requests for production, as was permitted by the courts in two recent individual damages cases involving prisoner-on-prisoner assaults at St. Clair: *D.S. v. Dunn, et al.*, Case No. 2:20-cv-02012-RDP (Doc. 191 at 3); and *Huffman v. Dunn, et al.*, Case No. 4:20-cv-01293-CLM (Doc. 46 at 2) (Plaintiff received 75, Defendants, 60).

Plaintiff proposes that when responding to discovery, the parties must make a good faith effort to comply in full, at the time of the initial service of responses, with Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.") and Fed. R. Civ. P. 34(b)(2)(B) (for documents agreed to be produced, "the production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). Rule 34 governs response time for requests for production, absent stipulation or Court order. No redactions will be made to documents on the basis of relevance objections. Any redactions in documents such as for privilege shall be produced contemporaneously with a log that explains the basis and nature of each redaction.

Defendants' Position: The maximum number of requests for production is 45 per side, including subparts. Objections and responses to requests for production are due 60 days after service. Defendants object to Plaintiff's proposal that no redactions be made to documents based on relevance and believe it is premature to address this

issue in a Rule 26(f) Report. Defendants do not know the universe of documents that might be discoverable, nor the universe of documents in which redactions may be appropriate and cannot agree to the unknown.

Dated: May 22, 2023

/s/ William J. Cranford III

*Attorney for Jefferson Dunn, Edward Ellington, and Karla Jones*

William R. Lunsford
Matthew B. Reeves
William J. Cranford III
**BUTLER SNOW, LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com

/s/ Caitlin E. Cobb

*Attorney for Larry Baker*

Robert F. Northcutt
C. Richard Hill, Jr.
James N. Walter, Jr.
Caitlin E. Cobb
**CAPELL & HOWARD, PC**
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888

11

bob.northcutt@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
l2aitlin.cobb@chlaw.com

*/s/* Ruth Brown
*/s/* Anil A. Mujumdar
*Attorneys for Plaintiff*


Ruth Z. Brown
Megan Pierce
Quinn Rallins
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
ruth@loevy.com
megan@loevy.com
rallins@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*