FILED
 2023 Nov-09  PM 03:42
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LAKEISHA EZELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:20-cv-2058-ACA |
| | ) |
| **JEFFERSON DUNN, et al.,** | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

The court enters this order under Federal Rule of Civil Procedure 16(b) based on the parties' report of a planning meeting and the scheduling conference held by the court on November 2, 2023.  (Doc. 116).  This governs further proceedings in this action unless modified for good cause shown.

At the outset, the court notes that ruling on these motions to dismiss has taken the court a very long time.  The amended complaint contains a total of ten claims against seventeen defendants.  (*See* doc. 34 at 40–53).  Defendants moved to dismiss but their briefs offered little assistance to the court in evaluating their arguments.  (*See* doc. 105 at 3–6; *see, e.g.*, docs. 47, 49).  Because of the deficient briefing, the court heard oral argument in this case.  (*See* doc. 93).  But at oral argument, the parties continued to make broad, general arguments without providing specific argument or citations to the court.

The court's memorandum opinion evaluated every single claim against every single defendant by sifting through the record and applying the facts it located to the broad, general arguments made by counsel.  The court will not undertake such work again.

Any dispositive motion(s) must strictly adhere to Appendix II attached hereto.  The briefs must be organized by defendant and include a separate analysis of each claim stated against that defendant for which the movant seeks relief.  Thus, for

Defendant Dunn, all of the claims stated against him should be addressed under one section divided into subsections for each specific claim (failure to protect, state law wrongful death, etc.). For Defendant Baker, the possible subsections under the section titled "Defendant Baker" include failure to protect, state law wrongful death, and state law wrongful act or omission resulting in death. And so on.

The court will consider only those arguments "plainly and prominently" raised. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). Each argument must be supported by pin citations to each piece of undisputed evidence that the party provides in support of his or her argument. The court will not consider any evidence beyond that which is cited by the parties. The court understands that in a case of this size, the page limits the court usually imposes may be too strict. The parties may move for extensions of those limitations, so long as they use the extra pages to make helpful, non-general argument that will actually assist the court in evaluating the claims and defenses asserted or challenged. But if a party again fails to adequately support an argument, the court will deem that argument forfeited without further discussion.

1. **Pleadings and Parties:** Unless the party's pleading may be amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a), the party must file a motion for leave to amend. Such motion for leave to amend shall state, specifically, those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed amended pleading, which is suitable for filing. The motion for leave to amend, with the attached amended pleading, shall be served in accordance with Federal Rule of Civil Procedure 5.

    No causes of action, defenses, or parties may be added after **April 12, 2024** as to plaintiff and **May 13, 2024** as to defendants.

2. **Discovery Limitations and Deadlines:**

    a. **Depositions:** The parties have the right to depose all parties to the litigation, any experts, and each party may depose 10 additional witnesses. Each deposition is limited to a maximum of 8 hours.

|  |  |
|---|---|
| **Interrogatories:** | Maximum of 45 by any party directed to any other party. |
| **Requests for Production:** | Maximum of 60 by any party directed to any other party. |
| **Requests for Admission:** | Maximum of 125 by any party directed to any other party. |

    b.    **Expert Testimony:** Unless modified by stipulation of the parties, the disclosures of expert witnesses—including a complete report under Federal Rule of Civil Procedure 26(a)(2)(B) from any specially retained or employed expert—are due:

        From plaintiff:    by **September 12, 2024**

        From defendants:    by **October 11, 2024**

    c.    **Supplementation:** Supplementation of disclosures and discovery under Federal Rule of Civil Procedure 26(e) is due within a reasonable period of time after discovery of such information, but all such supplementation shall be provided **no later than 14 days before** the close of discovery.

    d.    **Deadline:**    All discovery must be commenced in time to be completed by **August 12, 2024**.

3.    **Discovery Motions:** Before a party files a motion to compel, a motion to quash, or any other discovery-related motion, the party must seek leave of the court to file the motion.  Counsel for the moving party **must** confer in person or by telephone with opposing counsel to attempt to resolve their disagreements regarding discovery requests.  If the parties are unable to resolve their dispute in that manner, then the party filing the motion for leave of the court shall describe all efforts taken to resolve the disputed matter and shall certify in the motion that the parties conferred pursuant to this order and were unable to reach an agreement.  If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney shall describe in the motion the attorney's efforts to contact and coordinate with opposing counsel.  **Failure to include a statement of the parties' attempt to resolve the matter without the court's intervention may result in an automatic**

**denial of the motion.** The motion for leave of the court need only include the facts relevant to the dispute. Legal argument and/or legal citations are not necessary.

If the motion for leave of the court is opposed, opposing counsel may file a response within three days. If the non-moving party does not file a response, then the court will consider the motion unopposed.

If the court grants leave, the moving party must file the discovery motion within one day. The non-moving party must file a response to the discovery motion within seven days.

The court is concerned the parties will not meet the discovery deadlines in this case. Accordingly, on the **first Monday** of each month, the parties must provide the court with an excel spreadsheet detailing the parties' discovery progress. The parties' spreadsheet **shall** have five columns indicating: (1) in general terms, the type of discovery request propounded on a party or nonparty; (2) the date discovery was served on a party or nonparty; (3) the party or nonparty who was served with the discovery request; (4) the deadline imposed by the Federal Rules of Civil Procedure to respond to the discovery request; and (5) the cause for any delay in responding to discovery requests.

If the parties submit a spreadsheet indicating either (1) no discovery has been propounded on a party or nonparty or (2) a discovery request has not been responded to by the deadline imposed by the Federal Rules of Civil Procedure, the court will hold a status conference the following **Friday** at **4:00 p.m.** the cause of the delay.

4. **Dispositive Motions:** All potentially dispositive motions and evidentiary submissions upon which a party will rely in support of the motion must be filed no later than **January 27, 2025**.

Briefs in support of dispositive motions must be filed **within one business day** of the filing of the dispositive motion and evidentiary submissions. **All briefs filed in support of or opposition to dispositive motions must contain citations to the evidentiary record by CM/ECF document and page number.** To the extent that a party responding to a dispositive motion relies on evidence that is not included in the moving party's evidentiary submission,

4

the responding party must file that evidence on or before the day the opposition brief is due.

The parties must file and brief all dispositive motions consistent with Appendix II which is attached to the court's initial order.

The court recognizes that Appendix II addresses only motions for summary judgment. If the parties file a dispositive motion other than one for summary judgment, the parties must comply with Appendix II to the extent practicable.

5. **Extensions:** Parties requesting an extension of any deadline must file a motion at least **one week** before the deadline, and must show good cause for the extension. Good cause includes, at a minimum, a description of why the party or parties cannot meet the existing deadline.

    Any motion that seeks an extension of the discovery deadline by more than thirty days must include: (1) a description of all discovery conducted up to the point of filing the motion for an extension and the dates said discovery was served and answered; (2) the depositions the parties have taken up to the point of filing the motion; and (3) a discovery plan setting the date on which each outstanding discovery issue will be resolved.

    The court strongly disfavors motions for extensions of time. The court will not grant motions for extension of time that request extensions in excess of forty-five days.

6. **Mediation:** Unless a party objects, the court will enter an order referring the parties to mediation and setting a deadline by which mediation must occur. Objections to mediation should be included in the joint status report as described in paragraph seven.

    As a general rule, if the court refers the case to mediation, the court will not stay discovery and dispositive motion deadlines. The court has extended the deadline for dispositive motions in contemplation of mediation.

7. **Joint Status Report:** The parties shall file a joint status report on or before **July 12, 2024**.

> The status report should state whether the parties object to mediation and include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for trial. Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues. The status report should not be used to argue the party's case, or to present all possible legal theories; instead, the report should apprise the court of the case and current issues affecting trial preparation, including the status of critical discovery. Although the parties must report on the status of critical discovery, they should not informally request an extension of time in the report; any motion for extension of time must be made formally following the instructions set out above.

If the parties desire a status conference, they must request one in the joint status report. Additional conferences, including a pretrial conference, will be scheduled as needed by separate order. Due dates for lists of trial witnesses, exhibits, and objections under Federal Rule of Civil Procedure 26(a)(3) shall be established in a separate pretrial order.

8. **Trial:** The parties shall be ready for trial **August 2025**, to be scheduled by separate order.

9. **Oral Argument:** If a party wants oral argument on motion, the party must clearly indicate that request in the motion. In the interest of exposing less experienced attorneys to oral argument, the court will, in addition to its other considerations, take into consideration whether an attorney with less than five years' experience will be arguing before the court. If the court grants the request for oral argument and one of the attorneys has less than five years' experience, the court will give the parties additional time for argument in order to provide an experienced attorney the opportunity to supplement the less experienced attorney's argument.

**DONE** and **ORDERED** this November 9, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE