IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **LAKEISHA EZELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 4:20-CV-02058-ACA** |
| v. ) | |
| ) | |
| **JEFFERSON DUNN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## JOINT STATUS REPORT

The Parties, through their attorneys, apprise the Court of the current status of the case:

Fact discovery is set to close in this matter on August 12, 2024. The Parties have conducted substantial discovery and do not believe they will require an extension in the fact discovery deadline absent unanticipated circumstances such as deposition cancellations that cannot be rescheduled in time. Plaintiff's expert disclosures are due September 12, 2024, and Defendants' expert disclosures are due October 11, 2024.

### Written Discovery

The Parties have exchanged and responded to an initial set of Requests for Production and Interrogatories. There are no outstanding disputes regarding those discovery requests at this time.

Plaintiff served a second set of Interrogatories, a second set of Requests for Production and a set of Requests for Admission on each Defendant on July 11, 2024. Should disputes arise about this discovery, Plaintiff intends to alert the Court on August 12, 2024, as timely and complete responses are needed for summary judgment.

Plaintiff has not yet received a full response to her subpoena to ADOC. Plaintiff and counsel for ADOC have engaged in numerous telephone and email conferences, agreements, and follow-up conversations over the past 6 months, but significant and important documents and categories of documents remain outstanding. On July 11, 2024, Plaintiff served her motion to enforce the subpoena on ADOC and Defendants and filed Plaintiff's motion to temporarily seal the motion and certain exhibits due to confidentiality designations by ADOC. Plaintiff has filed her motion with placeholders for the under-seal exhibits and briefing. On the clerk's instructions, Plaintiff is awaiting a grant of the motion to seal to file her under seal materials conventionally per local rule. *See* ECF No. 136.

Plaintiff's motion sets forth the outstanding categories of critical documents that have yet to be produced by ADOC. Key missing documents include most incident reports documenting violent assaults at St. Clair in the timeframe leading up to the fatal stabbing of Mr. Andrews, which are necessary to prove the existence of a substantial risk of harm; audit materials reflecting notice to Defendants of

deficiencies; applicable written policies specifically requested months ago by Plaintiff; materials specific to Mr. Andrews and his assailant; and Defendants' disciplinary investigations and records. For most requests in dispute, ADOC agreed that Plaintiff's timeframe was appropriate and agreed to provide all responsive documents following a diligent investigation, waiving objections. Yet time after time again, Plaintiff has discovered large gaps in ADOC's production by comparing the documents produced against those referenced in the production.

Plaintiff believes that timely production of these outstanding documents is necessary to complete her expert disclosures by the September 12 deadline, and therefore she has asked the Court to order ADOC to provide the outstanding materials within seven days and provide confirmation to the Court that it has done so. Should the receipt of the outstanding materials continue to be delayed, Plaintiff may have no choice but to move the Court for an extension in her September 12 expert disclosures deadline.

Finally, Plaintiff responds to Defendants' discussion below of the recent Eleventh Circuit case, *Wade v. McDade,* No. 21-14275, 2024 WL 3354963, at *3 (11th Cir. July 10, 2024). Defendants misunderstand the reasoning and holding in *Wade*. First, *Wade* reiterated that *Farmer v. Brennan* sets out the proper standard for analyzing a prisoner's deliberate indifference claims. *Wade v. McDade*, No. 21-14275, 2024 WL 3354963, at *3 (11th Cir. July 10, 2024) ("We lost our way—and

3

bollixed our caselaw—by straying from *Farmer*, so we begin with a detailed review of the Supreme Court's decision there."). The Supreme Court in *Farmer* makes clear that a defendant's knowledge of widespread risks of violence posed to prisoners in a facility is, at the very least, relevant to whether they were aware that their conduct exposed a prisoner to a substantial risk of harm:

> The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health," and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk. . . . If, for example, prison officials were aware that inmate "rape was so common and uncontrolled that some potential victims dared not sleep [but] instead ... would leave their beds and spend the night clinging to the bars nearest the guards' station," it would obviously be irrelevant to liability that the officials could not guess beforehand precisely who would attack whom.

*Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (internal citations and parentheticals omitted).

The relevance of evidence of widespread risks of violence at St. Clair is supported by the *Wade* decision. *Wade*, like *Farmer*, clearly concludes that "exposing" an incarcerated individual to dangerous conditions can be a constitutional violation. *Wade*, 2024 WL 3354963, at *4-5 ("Notably, though, the Court framed "[t]he question under the Eighth Amendment" more precisely: "[W]hether prison officials, acting with deliberate indifference, *exposed* a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" (quoting

4

*Farmer*, 511 U.S. at 843)). Thus, evidence about the conditions to which Terrence Andrews and Steven Mullins were exposed at St. Clair is plainly relevant to the claims here. *See id.* at *4 (discussing *Farmer* and noting with approval that assessment of risk was "trained not just on the risks of violence and assault that *exist* in a prison's general population, but rather on the risks that the prison officials *created* by placing the inmate in a particular prison's general population").

The ADOC Parties disagree with Plaintiff's characterization of ADOC's response to her subpoena and the status of document production.  Plaintiff served extremely broad requests in her subpoena to ADOC clearly disproportionate to the needs of her claims.  Plaintiff failed to include any temporal limitation to many of her requests, seeking documentation over decades which maintain no relevance to her claims related to a specific, individual event that occurred at one ADOC Facility in 2018.  Moreover, Plaintiff seeks documents from unrelated, closed litigation subject to confidentiality orders in which ADOC was not a party.  Like this Court recognized in the Boykins matter, it remains inappropriate to re-open a closed case and allow a third party to receive documents subject to and protected by a protective order and in which they possess no personal interest.  ADOC produced tens of thousands of pages of documents thus far in this matter.  Plaintiff sued the ADOC Parties as individuals related to allegations of a single incident which occurred in 2018.  The discovery Plaintiff seeks goes well beyond the scope and breath of the

alleged incident, alleged individuals involved, and admissible evidence.

This remains especially true in light of the Eleventh Circuit's recent opinion in Wade v. McDade, No. 21-14275, 2024 WL 3354963, at *1 (11th Cir. 2024). Notably, the Court in Wade explained The Court's focus, "it seems to us, was on whether the official knew that his own conduct—again, his own acts or omissions—put the inmate at risk, not just whether the inmate confronted a risk in the abstract." Wade v. McDade, No. 21-14275, 2024 WL 3354963, at *5 (11th Cir. July 10, 2024). The Wade Court determined that the relevant inquiry for determining liability for a deliberate indifference claim under the Eighth Amendment is not whether the prison official knew of a generalized risk to the inmate population within a prison, but instead "a prison official's subjective awareness of the risk caused by his own conduct—rather than some preexisting risk," because only analysis of the officials' subjective awareness and own conduct "can account for, and sensibly apply to, the full range of deliberate-indifference cases." Wade v. McDade, No. 21-14275, 2024 WL 3354963, at *5 (11th Cir. July 10, 2024).  Ultimately the Court identified the proper standard for liability for deliberate indifference under the Eighth Amendment as:

> *1.*   *First*, of course, the plaintiff must demonstrate, as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.' " *Id*. at 834, 114 S.Ct. 1970 (citation omitted).
>
> *2.*   *Second*, the plaintiff must demonstrate that the

> defendant acted with "subjective recklessness as used in the criminal law," id. at 839, 114 S.Ct. 1970, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844–45, 114 S.Ct. 1970.
>
> Wade v. McDade, No. 21-14275, 2024 WL 3354963, at *7 (11th Cir. July 10, 2024).

The Court in Wade narrowed deliberate indifference to focus squarely on the specific risk, to the specific plaintiff and the individual official's knowledge of that risk caused by his conduct, the Court correctly added that where a prison official responds reasonably to the specific known risk, they may not be held liable even if the harm is not averted. Id. at *3.

## Oral Discovery

The parties have made significant progress with regard to oral discovery. The following individuals have been deposed: LaKeisha Ezell, Lori Guy, Christy Vincent, Grant Culliver, Cynthia Caver, Charles Daniels, Neketris Estelle, Rickey Johnson, Tanya Ary, Kevin White, Gary Malone, and Larry Baker.

The following individuals have not yet been deposed but are scheduled to be deposed between now and August 9: Jefferson Dunn, Carla Graham, Eric Garrett, Jacob Weaver, William Ragsdale, Antoine Price, LaTonya Scott, Karla Jones,

7

Anthony Brooks, Angela Gordy, Gwendolyn Givens, Edward Ellington.

Plaintiff intends to take, but has not yet scheduled, the deposition of third-party ADOC employee Brandy Smith. Plaintiff has sought her deposition since May 24, 2024, requested her last known contact information from ADOC and sent follow-up requests on four occasions since June 14. ADOC has indicated that there are several Brandy Smith's in ADOC employment and that it is investigating which one is the correct individual.

Barring unexpected circumstances (such as deposition cancellations that cannot be rescheduled in time by the parties), the parties do not anticipate needing an extension of the fact discovery deadline to complete the outstanding depositions discussed above.

## MEDIATION

The Parties are amenable to mediate this matter, but the Parties believe that mediation would be most productive after summary judgment briefing.

## OTHER ISSUES

Punitive Damages Discovery: As part of Plaintiff's initial discovery requests, Plaintiff sought discovery into Defendants' financial condition for punitive damages purposes. Defendants objected to this discovery, and the parties conferred. During the most recent conference before the Court, the parties notified the Court that they were at impasse regarding punitive damages discovery. Plaintiff's position is that

this type of discovery is appropriate and timely carried out during the discovery period. However, as a compromise, Plaintiff proposed that punitive damages discovery be deferred until after summary judgment on terms that would minimize any prejudice to Plaintiff. Defendants rejected this proposal and took the position that punitive damages discovery is not permissible until after liability is determined at trial. The parties requested leave to brief the issue, and the Court took the issue under advisement, but did not grant leave to the parties to brief the issue. On May 10, 2024, the parties submitted authority supporting their positions to the Court in an email with their regular discovery spreadsheet.

Plaintiff renews her request to the Court to grant the parties leave to brief this issue and/or to set a status conference to resolve the dispute. Plaintiff anticipates that this issue will again come to head in the coming weeks because she intends to seek punitive damages discovery during the upcoming depositions of, at least, Defendants Dunn, Jones, Brooks, Givens, and Ellington, which will occur on July 22, August 2, August 7, August 8, and August 9, respectively.

## STATUS CONFERENCE

The parties request a status conference for the reasons discussed above.

Dated:  July 12, 2024.

Respectfully submitted,

**LAKEISHA EZELL**

BY: /s/ Megan Pierce
*One of Plaintiff's Attorneys*

BY: /s/ Anil Mujumdar
*Local Counsel for Plaintiffs*


*Ruth Z. Brown (pro hac vice)
Megan Pierce (pro hac vice)
Quinn Rallins (pro hac vice)
Attorneys for Plaintiff
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: 312-243-5900
Fax: 312-243-5902
Email: ruth@loevy.com, megan@loevy.com
*Counsel of Record

Anil A. Mujumdar (ASB-2004-L65M)
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
T: 205.590.6986
F: 205.809.7899
E: anil@dagneylaw.com

/s/ Matthew B. Reeves
*One of the Attorneys for Jefferson Dunn,
Edward Ellington, and Karla Jones*

William R. Lunsford
Matthew B. Reeves
William J. Cranford
Daniel J. Chism
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville AL, 35801

10

Telephone: (256) 936-5650
Facsimile: (256) 936-5651
Bill.lunsford@butlersnow.com
Matt.reeves@butlersnow.com
Will.cranford@butlersnow.com
Daniel.chism@butlersnow.com

*Attorneys for Jefferson Dunn, Edward Ellingtom,
And Karla Jones*

*/s/ Caitlin E. Cobb*
*One of the Attorneys for Larry Baker*

W. Allen Sheehan
C. Richard Hill, Jr.
James N. Walter, Jr.
Caitlin E. Cobb

**Capell & Howard, P.C.**
150 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Allen.sheehan@chlaw.com
Rick.hill@chlaw.com
Jimmy.walter@chlaw.com
Caitlin.cobb@chlaw.com

*Attorneys for Larry Baker*

## CERTIFICATE OF SERVICE

    I, Megan Pierce, hereby certify that on July 12, 2024, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                                            /s/ Megan Pierce
                                            *One of Plaintiff's Attorneys*