FILED
2024 Oct-28  PM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **LAKEISHA EZELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 4:20-CV-2058-ACA** |
| ) | |
| **JEFFERSON DUNN**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## THE ADOC OFFICIALS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO COMPEL AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO COMPEL

Jefferson Dunn ("Dunn"), Edward Ellington ("Ellington"), Jeffery Williams ("Williams"), Grantt Culliver ("Culliver"), Charles Daniels ("Daniels"), Christy Vincent ("Vincent"), and Karla Jones ("Jones," and collectively with Dunn, Ellington, Williams, Culliver, Daniels, and Vincent, the "ADOC Officials") hereby move this Court to strike Plaintiff's Motion for Leave to File Motion to Compel (Doc. 161 "Plaintiff's Motion") for failure to follow the Court's instructions in the Initial Order Governing All Further Proceedings, and submit their response to Plaintiff's Motion. (Doc. 107, the "Initial Order"). As grounds for and in support of this motion and response, the ADOC Officials state as follows:

I.  **THE COURT SHOULD STRIKE PLAINTIFF'S MOTION FOR FAILING TO FOLLOW THE COURT'S REQUIREMENTS FOR FILING DISCOVERY MOTIONS.**

The Initial Order contemplates a simple, straightforward process for discovery motions: (i) contact opposing counsel to determine if counsel opposes the motion, (ii) ask for leave to file a discovery motion, identifying the areas of agreement and disagreement, and (ii) identify the efforts to amicably resolve the dispute. (Doc. 107 at 6-7). If the Court grants a motion for leave, then the moving party receives an opportunity to state its position and provide substantive legal arguments. (Id.). The Court even warns a moving party in the Initial Order that, failure to abide by these requirements, "can result in a *sua sponte* denial of the motions for failure to comply." (Id. at 7).

Initially, Plaintiff failed to contact counsel for the ADOC Officials to determine whether counsel opposed the motion, as required by the Initial Order. (Id. at 6). More egregious, for the third time, Plaintiff ignored the Court's Initial Order, disguising a motion to compel as a motion for leave in a transparent attempt to short-circuit the orderly process established by the Court for assessing the discovery dispute before receiving argument of the moving party. Plaintiff entitles her Motion a "Motion for Leave to File Motion to Compel…," but the opening sentence exposes Plaintiff's ruse: "Plaintiff… respectfully *moves to compel* the Alabama Department of Corrections ["ADOC"] to promptly permit Plaintiff's expert to conduct a narrow inspection of St. Clair Correctional Facility." (Doc. 161 at 1) (emphasis added).

2

(See also Doc. 161 at ECF description) ("MOTION to Compel ADOC to Allow Plaintiff's Expert to Complete a Narrowly Tailored Inspection of St. Clair.").

Plaintiff's Motion failed to comply with the Court's clear instructions in the Initial Order. Plaintiff's Motion does not reflect a short, plain statement of the areas of agreement and disagreement, with a description of the efforts to amicably resolve the discovery dispute. Instead, Plaintiff's Motion consists of eleven (11) pages of premature, substantive argument and advocacy concerning the requested motion to compel. Accordingly, as a result of Plaintiff's failure to comply with multiple requirements in this Court's Initial Order in pursuing a discovery motion, the ADOC Officials respectfully request the Court strike Plaintiff's Motion or, at the very least, strike or disregard Plaintiff's substantive legal argument in Plaintiff's Motion, permitting Plaintiff to advance any substantive legal argument on her requested motion to compel only if the Court grants Plaintiff's Motion.

## II.    THE ADOC OFFICIALS' RESPONSE TO PLAINTIFF'S MOTION

Plaintiff fails to acknowledge that discovery commenced on November 2, 2023, with entry of the Court's protective order. (Doc. 125). Plaintiff possessed ten (10) months during which to request and complete a site inspection. Plaintiff failed to even request a site visit to St. Clair Correctional Facility ("St. Clair") until September 16, 2024, thirty-five (35) days after the close of discovery which occurred on August 12, 2024. Plaintiff attempts to disguise a fact-finding inspection as "expert

discovery" simply because an "expert" will accompany Plaintiff's counsel for the site inspection. However, the purpose of the requested inspection, as acknowledged by Plaintiff, remains to develop factual evidence i.e., the layout, operations, and conditions within St. Clair upon which Plaintiff's expert may rely in forming their "opinions."  Moreover, Plaintiff's Motion makes clear Plaintiff intends to develop factual evidence. For example, Plaintiff indicates that not only does she wish to inspect St. Clair, but she will also take photographs to use as demonstratives to aid Plaintiff in their case to the jury at trial. Clearly, this represents factual discovery intended to discover factual evidence i.e., operations of the facility, layout of the facility, and layout of individual cells. Even disregarding the fact that this discovery over five (5) years after the incident that serves as the basis for Plaintiff's claims being irrelevant, Plaintiff clearly waited until a month after the discovery deadline to compile factual evidence outside the discovery deadline.  Plaintiff focuses on the service problem - a strawman.  When in fact, ADOC and the ADOC Officials object to this site inspection not only because Plaintiff improperly served ADOC, but because Plaintiff's request falls outside the applicable discovery deadline as set by the Court.  For the reasons identified below, Plaintiff's Motion must be denied.

### A.    PLAINTIFF'S REQUEST FOR A SITE INSPECTION REMAINS UNTIMELY AS THE DEADLINE FOR FACT DISCOVERY EXPIRED.

Plaintiff's Motion argues for a site inspection, but the deadline for fact discovery expired on *August 12, 2024*.  (Doc. 161 at 5).  As the Scheduling Order

plainly provides, "*[a]ll discovery* must be commenced in time to be completed by August 12, 2024." (Doc. 125 at 3) (emphasis added).

One purpose for fact discovery remains to "allow the parties to investigate, completely all facts before the parties proceeded to expert discovery." Sparton Corp. v. United States, 77 Fed. Cl. 10 (2007). Moreover, "discovery of facts which an expert might use to support his or her opinions is fact discovery and that a request for such information made after the fact discovery cutoff date was untimely." Id. A party may not" use an expert to develop facts after the close of discovery when those same facts could have been developed by attorneys during fact discovery." Henry v. Quicken Loans Inc., 2008 WL 473228, *6 (E.D. Mich. Oct. 15, 2008). Additionally, Rule 26(a)(2) and Rule 26(b)(4) place limits on what constitutes expert discovery and setting a separate expert discovery deadline "does not provide an extended period of document discovery related to the disclosed experts; rather it allows for an extended period of time to exchange expert reports pertaining to the current litigation and to complete expert depositions." ParkerVision, Inc. v. Qualcomm Inc., 2013 WL 3771226 (M.D. Ala. July 17, 2013). The Court should strike Plaintiff's Motion as Plaintiffs delayed request for an expert site inspection until after the deadline for discovery lapsed.

Additionally, under Federal Rule of Civil Procedure 6(b)(1)(B), "the court may, for good cause, extend the time period for filing a motion after the deadline has

expired as long as the party failed to act because of excusable neglect." <u>Ashmore v. Secretary, Dept. of Transp.</u>, 503 Fed. Appx. 683, 685 (11th Cir. 2013). "To determine if there was excusable neglect, the court considers the following factors: (1) the danger of prejudice to the nonmovant; (2) *the length of the delay* and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." <u>Id.</u> at 685-686 (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395, (1993)). Clearly, the <u>Ashmore</u> and <u>Pioneer</u> factors weigh against allowing discovery beyond the discovery deadline. Plaintiff delayed over ten (10) months to even request a site inspection. Plaintiff clearly and strategically waited until all fact discovery closed to issue her untimely subpoena to ADOC to thwart the Court's Scheduling Order. Plaintiff clearly could have requested a site inspection for her expert at any time during the ten (10) months of discovery, however, she failed to do so. Plaintiff offers no explanation at all as to why she delayed until thirty-eight (38) days beyond the discovery deadline to even request or subpoena ADOC for a site inspection. It remains clear that Plaintiff delayed in bad faith to seek additional fact discovery beyond the identified discovery deadline. Therefore, the Court should deny Plaintiff's Motion.

Plaintiff failed to issue a subpoena to the ADOC for a site inspection of St. Clair until *September 19, 2024*-thirty-eight (38) days after the discovery deadline. Of Course, Plaintiff did not seek an extension of the discovery deadline before August 12, 2024. Fed. R. Civ. P. 6(b)(1)(A). Accordingly, on August 12, 2024, the facts governing this action became final based on discovery initiated before that date. While Plaintiff attempts to circumvent the discovery deadline by contending that her expert needs to take photographs to use as demonstrative aids, Plaintiff's response reveals the true purpose of the site inspection – to conduct additional fact discovery.

Plaintiff's Motion fails to demonstrate excusable neglect for an extension of the deadline nearly months after the original deadline. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff failed to make this argument in her Motion; instead, Plaintiff made a strategic decision to wait for a site inspection until after the discovery deadline.

Plaintiff makes the purpose of the proposed site inspection clear:[1]

> Plaintiff's expert will apply [correctional] standards to the conditions at St. Clair, including the physical infrastructure and layout of the prison, to provide opinions about what defendants could and should have done to protect Plaintiff and others incarcerated at St. Clair. To do this, Plaintiff sent a subpoena to allow her expert to inspect St. Clair prison….

---

[1] A movant cannot make an argument in a reply brief that the movant could and should have made in the original motion. OIC Dreams Greene County IV, Inc. v. Benison, 707 F.Supp.3d 1146, 1152 (N.D. Ala. Dec. 13, 2023) (citing Sappupo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014)). To the extent Plaintiff asserts an excusable neglect argument in her reply brief, the ADOC Officials move to strike the argument as untimely and improper. Id.

(Doc. 161 at 5-6).

Stated differently, Plaintiff wants her expert to visit St. Clair to develop *facts* to "apply [correctional] standards and to use in forming opinions concerning what "could" or "should" have occurred in the past. For example, Plaintiff wants the expert to gather *facts*—his or her visual observations memorialized in pictures— about the "physical infrastructure and layout" of St. Clair. See Fed. R. Evid. 702(d) (limiting an expert's opinions to the *facts* of the case). Plaintiff's expert can obtain this information from existing discovery, including diagrams, pictures, and other documents, without a site inspection.

Nevertheless, a site inspection unquestionably constitutes *fact* discovery. Fed. R. Civ. P. 34(a)(2); 45(a)(1)(C). A site inspection exists solely to discover facts about the site (here, St. Clair). Because, from the *facts* discovered during the site inspection, Plaintiff's expert wants to apply "principles" such as "[correctional] standards" to support his opinions regarding these *facts*. Fed. R. Civ. P. 702(d); Doc. 161 at 5-6. In denying an similar discovery request, the Ruiz-Bueno court explained:

> It would make little sense to have separate cutoff dates for fact and expert discovery if discovery of any information which might form the basis for expert opinions could be deferred to the "expert discovery" phase; that phase, which is usually much shorter than the fact discovery phase, would then turn out to be more extensive, and it would be very difficult to determine when discovery was really concluded.

****

8

> In the Court's view, ***site visits are fact discovery*** just as much as are document productions and depositions of fact witnesses, ***and must be requested during the fact discovery period***. The Court's subjective intent is borne out by the case law, and Plaintiffs should reasonably have understood the order in that way. Therefore, they are not entitled to conduct a site visit under the guise of "expert discovery."

Ruiz-Bueno v. Scott, No. 2:12-CV-0809, 2014 WL 576400, at *3-4 (S.D. Ohio Feb. 12, 2014) (emphasis added). The Ruiz-Bueno court's analysis identifies and explains the fatal flaw in Plaintiff's argument—if a party can obtain a site inspection after the fact discovery deadline, then a fact discovery deadline becomes meaningless. Ignoring a fact discovery deadline arguably allows a party to obtain any type of discovery after the fact discovery deadline under the guise of "expert discovery." That is neither equitable nor appropriate under the rules or applicable law.

Plaintiff possessed ample opportunity to request a site inspection prior to the discovery deadline. Plaintiffs in other similar cases in the Northern District of Alabama, including prior cases before this Court, routinely obtain limited site inspections during the fact discovery period. The Parties participated in a Rule 26(f) conference on October 17, 2023 (Doc. 90), and the Court held a scheduling conference on November 2, 2023 (Doc. 96). The Court established the discovery deadline on November 9, 2023. (Doc. 96). The Court afforded Plaintiff nearly ten (10) months visit St. Clair. Yet, Plaintiff waited more than one month after the

discovery deadline to ever seek a site inspection. Plaintiff's strategic decision proves fatal to Plaintiff's Motion. Id.; see also Sparton Corp. v. United States, 77 Fed. Cl. 10 (2007) ("[D]iscovery of facts which an expert might use to support his or her opinions is *fact* discovery and that a request for such information made *after* the fact discovery cutoff date was *untimely*.") (emphasis added); Henry v. Quicken Loans Inc., 2008 WL 473228, *6 (E.D. Mich. Oct. 15, 2008); ParkerVision, Inc. v. Qualcomm Inc., 2013 WL 3771226, *1 (M.D. Ala. July 17, 2013) (Rules 26(a)(2) and (b)(4) limit expert discovery and setting a separate expert discovery deadline "does not provide an extended period of [fact] discovery related to the disclosed experts; rather it allows for an extended period of time to exchange expert reports pertaining to the current litigation and to complete expert depositions.").

Plaintiff's grossly misrepresents case law cited in Plaintiff's Motion (contrary to clear "case law" referenced by the Ruiz-Bueno court). For example, Plaintiff relies on Pauly v. Hartford Ins. Co. of the Midwest, No. 2:23-CV-259-SPC-KCD, 2023 WL 5173766 (M.D. Fla. Aug. 11, 2023). Pauly lacks any persuasive effect whatsoever, because the Pauly plaintiff was not "attempting to add an expert at a late stage" and, *dispositive of the issue before this Court*, the Pauly plaintiff **did not** allow the fact discovery deadline to expire. Pauly, 2023 WL 5173766, at *2.[2]

Similarly, Vision I Homeowners Ass'n v. Aspen Specialty Ins. Co., No. 08-

---

[2] See Pauly ECF No. 7, Hurricane Ian Scheduling Order at 18-19.

81211-CIV, 2009 WL 10667551 (S.D. Fla. Sept. 24, 2009) is inapposite.  Vision I involved a request to conduct an *additional* site inspection to examine areas of a building discussed in the opposing party's expert report to determine the necessity for rebuttal expert testimony.  Id. at *2. The Court specifically expressed its concerns, stating: "the Court is troubled by the fact that the defendants' motions to extend the trial dates only discussed expert disclosure and depositions, and did not discuss new fact discovery.  But the plaintiff does not argue that rebuttal reports cannot be based on new fact discovery…" Id. at *4.  Unlike the plaintiff in Vision I, the ADOC Officials expressly object to and argue against Plaintiff's or her expert's reliance on "new fact discovery," including discovery after the discovery deadline of August 12, 2024.  Again, Plaintiff's reliance on clearly distinguishable precedent fails to justify the untimely site inspection.

Finally, Plaintiff's reliance on McKathan v. Great Am. Ins. Co., No. 5:18-CV-284-OC-30PRL, 2019 WL 1506871 (M.D. Fla. Apr. 5, 2019), is misplaced.  Unlike this case, the expert disclosure/reporting deadline in McKathan *preceded* the discovery deadline, and the party made the inspection request before the discovery deadline.  Id. at *1-2.  As such, Plaintiff's material omission of operative facts underlying the McKathan decision appears intended to mislead the Court. Regardless, McKathan provides no basis to permit Plaintiff an untimely site inspection of St. Clair.

In summary, Plaintiff made a calculated (but incorrect) decision by waiting for a site inspection until after the discovery deadline. Plaintiff's Motion lacks any legal or rational basis. Therefore, Plaintiff's Motion must be denied.

### B.    PLAINTIFF IMPROPERLY SERVED ADOC.

Plaintiff failed to properly serve the subpoena on ADOC. Consistent with Plaintiff's failure to comply with the Initial Order and other rules, Plaintiff ignored the rules in serving the subpoena for a site inspection. Plaintiff improperly sent the subpoena to the Alabama Attorney General's Office, not ADOC, by email on September 19, 2024 (with a physical copy arriving by certified mail on September 24, 2024).

Plaintiff elected not to serve the subpoena on ADOC through its chief executive officer or a person authorized by Alabama law to accept service on behalf of ADOC, the non-party that manages and operates the facility Plaintiff seeks to inspect. "The predominant view appears to be that the delivery [of a subpoena] must be directly delivered by a process server personally (often referred to as 'personal service')." McCaskill v. 13th Jud. Cir. Ct. of Ala., No. CV 1:22-00250-TFM-N, 2024 WL 3468798, at *2 (S.D. Ala. Apr. 3, 2024) (quoting In re Newbrook Shipping Corp., 31 F.4th 889, 897 n.9 (4th Cir. 2022)) (alteration in original); see also Green v. Pickens Cnty. Sch. Sys., No. 2:19-CV-00008-RWS-JCF, 2021 WL 2559453, at *4–5 (N.D. Ga. Apr. 26, 2021); Fed. R. Civ. P. 4(j)(2). If not through personal

service, then by certified mail.  Plaintiff failed to serve ADOC the subpoena for a site inspection and, therefore, for this reason alone, Plaintiff's Motion must be denied.[3]

WHEREFORE, PREMISES CONSIDERED, the ADOC Officials respectfully request that this Court enter an order striking Plaintiff's Motion or, alternatively, disregarding the substantive argument in Plaintiff's Motion, and denying Plaintiff's Motion.[4]

Dated:  October 28, 2024.

/s/ William J. Cranford
William J. Cranford
One of the Attorneys for the ADOC Officials

William R. Lunsford
Matthew B. Reeves
William J. Cranford
Daniel J. Chism
**BUTLER SNOW, LLP**
200 West Side Square

---

[3] On a single occasion, an attorney in the Alabama Attorney General's Office agreed (with permission from ADOC's General Counsel's office and as a courtesy) to accept service on behalf of ADOC.  In this unique situation, Plaintiff's subpoena duces tecum from August 9, 2024, sought a single document from ADOC.  Plaintiff's subpoena duces tecum did not seek discovery that might require the extensive input, direction, and protocol development that accompanies any request for an opposing party to visit an ADOC facility.  Certainly, nothing concerning the issuance, service, and response to the August 9 subpoena remotely suggested that ADOC waived proper service of process or any other service obligation in this case or otherwise.  In fact, ADOC reserved the right not to accept future service by email or through its outside counsel.

[4] The ADOC Officials reserve the right to make additional arguments concerning their objections to Plaintiff's discovery requests if the Court grants Plaintiff's Motion and orders briefing on these issues consistent with the Initial Order.

13

Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com
daniel.chism@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 28th day of October 2024:

Ruth Z. Brown
Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
T: (312) 243-5900
F: (312) 243-5902
E: ruth@loevy.com
E: megan@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
T: (205) 590-6986
F: (205) 809-7899
E: anil@dagneylaw.com

*Attorneys for Plaintiff*

Robert F. Northcutt
James N. Walter, Jr.
C. Richard Hill, Jr.
**CAPELL & HOWARD P.C.**
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
T: (334)241-8043
F: (334)-241-8243
E: bob.northcutt@chlaw.com
E: jimmy.walter@chlaw.com
E: rick.hill@chlaw.com

*Attorneys for Carl Sanders, Gary Malone, Kevin White, Carla Graham, Neketris Estelle, Larry Baker, and Tanya Ary*

/s/ William J. Cranford
_____
Of Counsel