IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LAKEISHA EZELL, as Personal Representative of the Estate of TERRANCE ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON DUNN, *et al.*,<br><br>Defendants. | Case No. 4:20-CV-02058-ACA |

## THE ADOC PARTIES' MOTION FOR LEAVE TO FILE UNDER SEAL

Jefferson Dunn ("Dunn"), Edward Ellington ("Ellington"), Karla Jones ("Jones" and together with Dunn, and Ellington, the "ADOC Officials"), and Larry Baker ("Baker" and together with the ADOC Officials, the "ADOC Parties") hereby move this Court for leave to file their brief and certain evidentiary materials in support of the forthcoming motion for summary judgment *under seal* pursuant to the Stipulated Protective Order. (Doc. 124, the "Protective Order"). As grounds for and in support of this Motion, the ADOC Parties state as follows:

1. The ADOC Parties intend to file a consolidated evidentiary submission as well as separate motions for summary judgment on or before January 27, 2025. The ADOC Parties also intend to file separate briefs in support of their summary judgment motions that will quote from, refer to, and disclose information designated

by the Parties as "Confidential" or "Highly Confidential" under the Protective Order. (Doc. 124).

2. Similarly, in support of their motions for summary judgment, the ADOC Parties anticipate quoting from and offering as evidence documents designated by the Parties as "Confidential" or "Highly Confidential" under the Protective Order. (Doc. 124). For example, the ADOC Parties anticipate quoting from and offering as evidence the following types of documents:

    a. ADOC Administrative Regulations restricted from public access for security reasons;

    b. Institutional files for Terrance Andrews and his alleged assailant, Cedric Davis, containing sensitive security and personal information;

    c. ADOC records containing protected information about St. Clair Correctional Facility's operations and procedures related to the Incident on December 18, 2018;

    d. Portions of the ADOC Investigative File for the Incident involving Terrance Andrews and Dion Cedric Davis on December 18, 2018;

    e. St. Clair Standard Operating Procedures restricted from public access for security reasons; and

    f. The expert reports of Mark Inch, Kevin Myers, Brian Zawilinski, and Dan Pacholke which quote from and reference documents and information designated as confidential or highly confidential.

3. Additionally, the ADOC Parties anticipate quoting from and offering as evidence deposition testimony from Parties and non-parties, along with exhibits

to those depositions. Pursuant to Appendix II of this Court's Scheduling Order, when making evidentiary submissions, the Parties must "submit entire depositions, even if relying only on excerpts, including all exhibits to the depositions." (Doc. 125-1 at 7). Because the deposition transcripts and exhibits thereto offered by the ADOC Parties will contain testimony or exhibits designated as "Confidential" or "Highly Confidential" by the Parties under the Protective Order (even if not necessarily relied upon by the ADOC Parties), the ADOC Parties must ensure the protection of the confidential information contained in those deposition transcripts and exhibits thereto.

4. Although the ADOC Parties' summary judgment memorandums of law and portions of their evidentiary submission may be filed under seal, the ADOC Parties intend to file and make available a redacted version of their summary judgment memorandums of law and evidentiary submission, redacting confidential documents and information.

5. In cases, like this one, involving confidential, private, and security information related to prison security operations, prison policies, and overall safety within a prison, federal courts routinely enter protective orders like the Protective Order to prevent undermining prison security. <u>In re Sec'y, Fla. Dept. of Corrs.</u>, No. 20-10650-J, 2020 WL 1933170, at *1 (11th Cir. Mar. 30, 2020) (granting writ of mandamus directing district court to enter protective order designating "information

involving sensitive prison safety and security issues" as "Attorneys' Eyes Only"); Avery v. Wellpath, LLC, *et. al.*, No. 2:20-cv-00428-NT, 2021 WL 5500479, at *1 (D. Me. Nov. 21, 2021) (entering protective order and finding that "attorneys'-eyes-only designations are often used to protect sensitive information that, in the wrong hands, could undermine prison safety and security"); Saleh v. Pfister, No. 18 C 1812, 2020 WL 6827984, at *1 (N.D. Ill. Nov. 20, 2020) (holding that "attorney's-eyes-only designations are not uncommon in prisoner litigation cases and they are not…extraordinary"); Williams v. Williams, No. C 07-04464 CW LB, 2011 WL 863500, at *4 (N.D. Cal. Mar. 10, 2011) (finding good cause for granting a protective order when defendant asserted security concerns with release of sensitive security information).

6. Additionally, courts regularly enter protective orders or limit discovery regarding ongoing investigations or prosecutions involving the identities of witnesses or informants. See, e.g., U.S. v. Basciano, No. 03-CR-929, 2007 WL 4555892, at *4 (E.D.N.Y. Dec. 19, 2007) (granting protective order designating the identity of a cooperating witness to attorneys only); U.S. v. Amodeo, 71 F.3d 1044, 1052 (2d Cir. 1995) (recognizing that "[i]f such informants in the present or future cases anticipate that their cooperation will likely become a matter of public knowledge, valuable cooperation might cease."). Indeed, law enforcement or investigatory privilege exists specifically for these reasons "to prevent disclosure of

law enforcement techniques and procedures, to preserve confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Hickey v. Columbus Consol. Gov't, No. 4:07-CV-96, 2008 WL 450561, at *4 (M.D. Ga. Feb. 15, 2008).

7. For these reasons, the parties jointly moved this Court to enter the Protective Order on October 17, 2023. (Doc. 120). The Court entered the Protective Order on November 8, 2023. Subsequently during discovery, the parties and the Alabama Department of Corrections ("ADOC") designated documents and information consistent with the above concerns and the provisions of the Protective Order.

8. "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). "This right 'includes the right to inspect and copy public records and documents.'" Id. (quoting Chicago Tribune v. Bridgestone/Firestone, 263 F.3d 1304 (11th Cir. 2001). However, "[t]his right is not absolute." Romero, 480 F.3d at 1245. The right to access "may be overcome by a showing of good cause." Id.

9. In determining whether good cause exists to overcome the right of access courts should "balance the asserted right of access against the other party's

interest in keeping the information confidential." Id. at 1246. Courts consider, among other factors, "whether allowing access would impair the court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

10. There also exists a constitutional right of access, which is applied in very limited circumstances in the civil context. Chicago Tribune, 263 F.3d at 1310. When the constitutional right of access applies, the parties must demonstrate the sealing of the documents "are necessary to achieve a legitimate purpose" and that less intrusive means were considered. Newman v. Graddick, 696 F.2d 796, 802-804 (11th Cir. 1983).

11. Courts have recognized that "the security of those inside the prison, and the safe and successful operation of the Department of Corrections facilities more generally, is a compelling interest shared by defendants and the public at large." Braggs v. Dunn, No. 2:14-CV-00601-MHT, 2019 WL 6833843, at *2 (M.D. Ala. Dec. 13, 2019); see also Fawaad v. Jones, 81 F.3d 1084, 1087 (11th Cir. 1996) (holding that "maintaining security in a prison constitutes a compelling government interest"). The documents and information the ADOC Parties seek to file under seal

contain confidential security operations and safety information related to the operations of ADOC and St. Clair Correctional Facility ("St. Clair"). Information such as specific posts within St. Clair, the number of officers assigned to said posts, the timing of security checks, and the methods used to search inmates and living areas represent security-related information that, if disclosed to the public, create serious security risks to the inmates housed within ADOC facilities as well as ADOC staff.

12. Moreover, a significant portion of the deposition testimony in this matter relates to the security measures, practices, and policies at St. Clair, including, but not limited to, the location of metal detectors, body scanning devices, cameras, and the physical layout of the facility. The disclosure of this type of information to the public clearly compromises the ADOC's ability to operate its facilities safely and securely.

13. In addition to the safety and security concerns for the operations of ADOC facilities, sensitive information such as the names of inmate witnesses and the substance of their statements could chill other inmates or staff from coming forward and providing statements to investigators following incidents. If an inmate believes his identity will be disclosed to the public, not only does that create a safety risk to the inmate for retaliation from other inmates for cooperating in the investigative process, but it also discourages witnesses from coming forward and

providing helpful information if they believe their identities will be released publicly. Similar to the substantial risk associated with public disclosure of security operations, public disclosure of investigative techniques and processes would undermine the ADOC's Law Enforcement Services Division's ("LESD") ability to effectively and efficiently investigate incidents within ADOC facilities and thwart ADOC's ability to seek prosecution. Indeed, the St. Clair County Grand Jury returned an indictment of Cedric Davis for two (2) counts of Capital Murder based on the LESD investigation. The case against Davis remains pending in St. Clair County Circuit Court and, therefore, the release of sensitive investigative documents and information to the public poses the potential to negatively impact the prosecution and defense of Davis' criminal case.

14. Lastly, inmate files contain sensitive medical, mental health, and personal information. For example, inmate files contain disciplinary action, mental health diagnoses and treatment, medical diagnoses and treatment, as well as a host of additional personal identifying information subject to protection.

15. When weighing the public's interest in access to these documents against the compelling government interest in safely and securely operating ADOC facilities, the ADOC Parties established "good cause" to overcome the common-law and constitutional rights of access in this case. The ADOC Parties additionally intend to file publicly redacted exhibits when possible, meaning they will endeavor

to utilize the least intrusive measure, if possible, to achieve both the interest of public access to the judicial procedure and the compelling government interest in protecting the public, inmates within ADOC's care, and the staff who work at ADOC facilities.

16. Looking to the Court's enumerated factors in <u>Romero</u>, sealing the proposed documents will not impair the Court's functions, but will most certainly harm ADOC and its inmates' security and privacy interests. Furthermore, the degree and likelihood of injury if sensitive personal, investigative, and security information becomes available to the public remains high. Again, as stated above, when possible, the ADOC Parties will endeavor to file redacted copies of sealed exhibits publicly.

17. A full listing of the anticipated exhibits utilized in support of the ADOC Parties motions for summary judgment which the ADOC Parties seek to file under seal is attached hereto as Exhibit A.

WHEREFORE, based on the foregoing, the ADOC Parties respectfully request that this Court enter an Order permitting them to file their summary-judgment brief and certain supporting evidentiary materials under seal.

Dated: January 21, 2025,

>*/s/ William J. Cranford*
>*One of the Attorneys for the ADOC Parties*

William R. Lunsford
Matthew B. Reeves
William J. Cranford III

Daniel J. Chism
**BUTLER SNOW LLP**
200 West Side Square Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com
dan.chism@butlersnow.com

*Attorneys for the ADOC Officials*

/s/ *Caitlin E. Cobb*
*One of the Attorneys for Larry Baker*

Caitlin Elizabeth Cobb
William A. Sheehan
C Richard Hill, Jr.
James N. Walter, Jr.
Robert F. Northcutt
William Jackson Britton
**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, AL 36104
Telephone: (334) 241-8000
caitlin.cobb@chlaw.com
allen.sheehan@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
bob.northcutt@chlaw.com
jackson.britton@chlaw.com

*Attorneys for Larry Baker*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by e-mail and/or by U.S. Mail on this 21st day of January 2025:

Ruth Z. Brown
Megan Pierce
Quinn Rallins
**Loevy & Loevy**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
ruth@loevy.com
megan@loevy.com
rallins@loevy.com

Anil A. Mujumdar
**Dagney Johnson Law Group**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*

/s/ William J. Cranford
*Of Counsel*