# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LAKEISHA EZELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 4:20-CV-2058-ACA** |
| v. ) | |
| ) | **[OPPOSED]** |
| **JEFFERSON DUNN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR SUMMARY JUDGMENT

Defendants Jefferson Dunn ("Dunn"), Edward Ellington ("Ellington"), and Karla Jones ("Jones," and, collectively with Dunn and Ellington, the "ADOC Officials"), hereby submit this Motion for Summary Judgment. In accordance with this Court's Initial Order (Doc. 107 at 13-20) and Scheduling Order (Doc. 125 at 1-2), the ADOC Officials file an Evidentiary Submission contemporaneously with the filing of this Motion and will file a Memorandum of Law in support of this Motion on January 28, 2025. In support of this Motion, the ADOC Officials state as follows:

1. A grand jury indicted Cedric Davis ("Davis"), an inmate at St. Clair Correctional Facility ("St. Clair"), for capital murder in connection with the December 29, 2018, death of Terrence Andrews ("Andrews"), another St. Clair inmate. Plaintiff now seeks to hold each of the ADOC Officials (two statewide officials and the Warden of St. Clair) personally liable for Davis's criminal actions.

Plaintiff possesses no evidence that any ADOC Official knew Davis posed a threat to Andrews. Instead, Plaintiff alleges that the ADOC Officials possessed general awareness of violent "conditions" at St. Clair and "did nothing" to address the alleged violence. Discovery disproved Plaintiff's claims. The record establishes that the ADOC Officials each took multiple actions within their authority to curtail inmate violence at St. Clair. The ADOC Officials are therefore entitled to summary judgment in their favor, as set forth separately below with respect to each ADOC Official. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Dunn

2.   **Failure-to-protect claim.**  Plaintiff's failure-to-protect claim against Dunn fails because Plaintiff cannot identify any conduct by Dunn that placed Andrews at a substantial risk of serious harm, nor can she establish that Dunn "was subjectively aware that his own conduct put [Andrews] at substantial risk of serious harm." Wade v. McDade, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc). Moreover, the record establishes that Dunn responded reasonably to inmate violence at St. Clair by taking multiple actions within his authority to address it. Plaintiff cannot establish that Dunn possessed the "authority and means" to eliminate any risk of harm to Andrews but failed to do so. Williams v. Bennett, 689 F.2d 1370, 1388-89 (11th Cir. 1982). Accordingly, Plaintiff cannot establish a constitutional violation

by Dunn.

3.  Even if Plaintiff could establish that Dunn violated the Constitution, she cannot establish that he violated clearly established law.  First, <u>Wade</u> abrogated previous Eleventh Circuit precedents in deliberate-indifference cases.  Accordingly, those decisions cannot serve as clearly established law for purposes of defeating qualified immunity.  <u>See</u> <u>Stalley v. Cumbie</u>, -- F.4th --, 2024 WL 5244627, at *15 (11th Cir. Dec. 30, 2024) (Ed Carnes, J., concurring).  Even if <u>Wade</u> did not abrogate prior precedents, those precedents stand only for the proposition that officials may face individual liability if they "do nothing" in the face of risks posed by inmate violence.  <u>Marsh v. Butler Cnty., Ala.</u>, 268 F.3d 1014 (11th Cir. 2001) (en banc), <u>abrogated on other grounds by</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) (complaint adequately pled violation of clearly established law where it alleged that sheriff "did absolutely nothing to alleviate the conditions"); <u>Hale v. Tallapoosa Cnty.</u>, 50 F.3d 1579 (11th Cir. 1995) (evidence that jail maintained no classification policy and no training policy sufficient to overcome qualified immunity).  Here, the record establishes that, far from doing "nothing" to address inmate violence at St. Clair, Dunn took multiple reasonable actions within his authority.  Accordingly, qualified immunity protects him from Plaintiff's failure-to-protect claim.

4.  **<u>Wrongful-death claim.</u>**  Plaintiff cannot establish a wrongful-death claim against Dunn because she possesses no evidence suggesting Dunn performed

a "wrongful act, omission, or negligence . . . whereby the death of [Andrews] was caused." Ala. Code § 6-5-410.  Even if Plaintiff possessed evidence supporting her claim that Dunn caused Andrews's death, she cannot overcome state-agent immunity, because she cannot demonstrate that Dunn "acted willfully, maliciously, fraudulently, in bad faith, beyond his . . . authority, or under a mistaken interpretation of the law." (Doc. 84 at 61).  See Ex parte Ala. Dept. of Corrs., 201 So.3d 1170, 1181 (Ala. 2016) (holding state-agent immunity applied to claim against on-site prison officials where plaintiff alleged they "fail[ed] to conduct a more thorough investigation" of an incident between two inmates where one inmate later stabbed the other to death).  Instead, the evidence establishes that Dunn took reasonable actions within his authority to address inmate violence at St. Clair.  State-agent immunity therefore protects Dunn from Plaintiff's wrongful-death claim.

### Ellington

5.     **Failure-to-protect claim.**  Plaintiff cannot identify any conduct by Ellington that placed Andrews at a substantial risk of serious harm, and she certainly cannot establish that Ellington knew his own conduct placed Andrews at a substantial risk of serious harm.  Wade, 106 F.4th at 1255.  To the contrary, the record establishes that Ellington worked within his authority to address inmate violence at St. Clair.  Plaintiff therefore cannot establish a constitutional violation by Ellington.

6. Even if Plaintiff could establish a constitutional violation by Ellington, qualified immunity protects Ellington from Plaintiff's failure-to-protect claim. The facts here remain distinguishable from <u>Marsh</u> and <u>Hale</u>, where the plaintiffs alleged that the jail officials did "nothing" in the face of risks to inmates from inmate violence. The record establishes that Ellington took multiple steps within his authority to address inmate violence at St. Clair. Plaintiff therefore cannot overcome qualified immunity with respect to Ellington.

7. **<u>Wrongful-death claim.</u>** Plaintiff cannot establish a wrongful-death claim against Ellington because she lacks evidence suggesting Ellington "caused" Andrews's death. Ala. Code § 6-5-410. Even if Plaintiff possessed evidence supporting her claim, she cannot overcome state-agent immunity. See <u>Ex parte Ala. Dept. of Corrs.</u>, 201 So.3d at 1181. The evidence establishes that Ellington took reasonable actions within his authority to address inmate violence at St. Clair. Accordingly, state-agent immunity protects him from Plaintiff's wrongful-death claim.

### <u>Jones</u>

8. **<u>Failure-to-protect claim.</u>** Plaintiff cannot identify any conduct by Jones that placed Andrews at a substantial risk of serious harm, nor can she establish that Jones knew her own conduct placed Andrews at a substantial risk of serious harm. <u>Wade</u>, 106 F.4th at 1255. Instead, the record demonstrates that Jones acted

within her authority to address inmate violence at St. Clair.  Plaintiff therefore cannot establish that Jones violated the Constitution.

9.     Even if Plaintiff could establish a constitutional violation by Jones, she cannot establish a violation of clearly established law.  Rather than doing "nothing," Jones took multiple actions within her authority to address inmate violence at St. Clair.  Accordingly, <u>Marsh</u> and <u>Hale</u> remain distinguishable with respect to Jones, and qualified immunity protects her from Plaintiff's failure-to-protect claim.

10.    **<u>Wrongful-death claim.</u>**  Plaintiff cannot establish a wrongful-death claim against Jones because she cannot establish that Jones caused Andrews's death.  Ala. Code § 6-5-410.  Moreover, Plaintiff cannot overcome state-agent immunity, because the record demonstrates that Jones acted within her authority to address inmate violence at St. Clair.  <u>See</u> <u>Ex parte Ala. Dept. of Corrs.</u>, 201 So.3d at 1181 (Ala. 2016).  Accordingly, the Court should grant summary judgment to Jones on Plaintiff's wrongful-death claim.

WHEREFORE, PREMISES CONSIDERED, the ADOC Officials respectfully request that this Court enter summary judgment in their favor as to all claims asserted against them by Plaintiffs.

Respectfully submitted this 27th day of January, 2025.

/s/ William J. Cranford

*One of the Attorneys for the ADOC Officials*

William R. Lunsford
Matthew B. Reeves
Daniel J. Chism
William J. Cranford, III
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
daniel.chism@butlersnow.com
will.cranford@butlersnow.com

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this 27th day of January, 2025:

Ruth Z. Brown *(pro hac vice)*
Megan Pierce *(pro hac vice)*
Quinn Rallins *(pro hac vice)*
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
ruth@loevy.com
megan@loevy.com
rallins@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*

James N. Walter, Jr.
C. Richard Hill, Jr.
W. Allen Sheehan
Caitlin E. Cobb
W. Jackson Britton
**CAPELL & HOWARD P.C.**
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334)241-8043
Facsimile: (334)-241-8243
jimmy.walter@chlaw.com
rick.hill@chlaw.com
allen.sheehan@chlaw.com
caitlin.cobb@chlaw.com
jackson.britton@chlaw.com

*Attorneys for Gary Malone, Kevin White, Carla Graham, Neketris Estelle, Larry Baker, Tanya Ary, Cynthia Caver, and Eric Garrett*

/s/ William J. Cranford
*Of Counsel*