# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LAKEISHA EZELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-2058-ACA |
| | ) |
| JEFFERSON DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## THE ADOC OFFICIALS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE HER RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT INSTANTER

Jefferson Dunn ("Dunn"), Edward Ellington ("Ellington"), and Karla Jones ("Jones," and collectively with Dunn and Ellington, the "ADOC Officials"), hereby submit this response to Plaintiff's Motion for Leave to File Her Response in Opposition to Defendants' Motions for Summary Judgment (Doc. 376 "Plaintiff's Motion") and respectfully request the Court strike Plaintiff's evidentiary submission (Docs. 287-370) and response in opposition to the ADOC Officials' summary-judgment motions. Plaintiff erred in at least three ways as it relates to her evidentiary submission and summary-judgment response:

- First, Plaintiff failed to timely file her summary-judgment response and supporting evidentiary submission, and Plaintiff failed to establish "good cause" or "excusable neglect" warranting filing beyond the deadline set by this Court (Doc. No. 125);

- Second, Plaintiff violated the Court's orders regarding filing of (i) documents under seal and (ii) redacting personal information (Doc. 283); and

- Third, Plaintiff violated the Court's order by filing duplicate evidentiary materials already in the record.

As grounds for and in support of this Response, the ADOC Officials state as follows:

I. **THE COURT SHOULD STRIKE PLAINTIFF'S FILINGS FOR FAILURE TO MEET THE COURT'S DEADLINE OF MARCH 3, 2025.**

On November 9, 2023, the Court ordered that "[a]ll potentially dispositive motions and evidentiary submissions upon which a party will rely in support of the motion must be filed no later than January 27, 2025." In the scheduling order, the Court specified that "[b]riefs in support of dispositive motions must be filed within one business day of the filing of the dispositive motion and evidentiary submission." (Doc. 125 at 4). Additionally, and notably, the Court's scheduling order provided that "the responding party must file [their] evidence on or before the day the opposition brief is due." (Doc. 125 at 5).

Plaintiff filed her initial motion for extension of time to respond to the ADOC Parties'[1] motions for summary judgment on February 2, 2025, requesting an additional twenty-one days to file her response. (Doc. 266). In her motion, Plaintiff cited counsel's "other competing litigation demands…during the timeframe of this response brief" as the reason for the requested extension. (Doc. 266 at 3). On

---
[1] As used in this motion the "ADOC Parties" refers to the ADOC Officials together with Larry Baker ("Baker").

2

February 4, 2025, the Court granted Plaintiff's request and extended Plaintiff's deadline to file her response until February 28, 2025.  Plaintiff filed a second motion for extension on February 20, 2025, requesting until March 3, 2025, to file her response.  (Doc. 273).  Plaintiff again cited "competing litigation tasks in other cases."  (Doc. 273 at 3).  On February 21, 2025, the Court granted Plaintiff an extension to file her responsive brief, ordering "Plaintiff's responses to [the ADOC Parties'] motions for summary judgment are due on or by March 3, 2025."  (Doc. 277).

"When a party files a motion for an extension of time after the expiration of a deadline, the court must decide whether the failure to meet the deadline was 'because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Courts may extend an expired deadline only if the requesting party establishes "good cause" and that the party could not meet the applicable deadline because of "excusable neglect."  Id.  To establish good cause, "a party must show that it could not meet the applicable deadlines despite due diligence."  Burgen v. Pine Enterprises, LLC, No. 22-13519, 2023 WL 6486476, at *1 (11th Cir. Oct. 5, 2023).

For at least the past thirty days, Plaintiff's counsel knew that they possessed multiple competing obligations and requested two extensions for the purpose of managing those obligations.  Plaintiff's counsel's failure to properly manage other litigation matters effectively cannot provide "good cause" or "excusable neglect"

3

which would warrant filing their response two days after their twice-extended deadline. Moreover, the Court considered Plaintiff's basis for requesting an extension when it entered its order setting the deadline requested by Plaintiff. Thus, considering the Court's scheduling order and order extending Plaintiff's filing deadline, Plaintiff's response to the ADOC Parties' summary-judgment motions was due by March 3, 2025, with any evidentiary submission on or before March 3, 2025. (Doc. 125, 277).

Notwithstanding the plain language and requirements of the two orders, Plaintiff failed to file any response in opposition to the ADOC Parties' summary-judgment motions until two days after the twice-extended deadline. Plaintiff failed to reach out to the ADOC Parties or the Court and request additional time prior to the expiration of this deadline. Additionally, even as to the evidentiary submission, some of the evidentiary materials were not filed until March 4, 2025. For example, Plaintiff filed Exhibit 272 (Doc 370) at 12:10 a.m. on March 4, 2025. Plaintiff failed to seek an additional extension before expiration of the Court's deadline. Fed. R. Civ. P. 6(b)(1)(A). Moreover, Plaintiff filed additional exhibits on March 5, 2025, two days after her deadline of March 3. (Doc. 375). Plaintiff failed to establish good cause or excusable neglect justifying the filing of an untimely response in opposition to the ADOC Parties' summary-judgment motions and evidentiary materials in Plaintiff's Motion. (Doc. 376); see also Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff merely states without supporting evidence that "professional obligations" and "disruption of workflow" caused Plaintiff to be unable to meet her deadline. Given the lengthy extensions provided to Plaintiff by the Court, and the fact that Plaintiff anticipated competing obligations thirty days prior to her ultimate deadline, it remains clear Plaintiff cannot establish "good cause" based on "excusable neglect" warranting an extension of Plaintiff's responsive deadline two days after her deadline expired. Indeed, no recognized excusable neglect exists as to Plaintiff's tardiness for failing to file her response in opposition to the ADOC Parties' summary-judgment motion and evidentiary submission. Burgen, 2023 WL 6486476, at *1 (citing Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (holding that, "to establish good cause" for the extension of an expired deadline, "a party must show that it could not meet the applicable deadlines despite due diligence); see also Silas v. Sheriff of Broward County, Fla., 55 F.4th 872, 877 (11th Cir. 2022) (holding "we have held that, as a matter of law, an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline…Moreover, inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect…failure to abide by a clear legal deadline constitutes inexcusable neglect.").

II. **THE COURT SHOULD STRIKE PLAINTIFF'S EVIDENTIARY SUBMISSION BECAUSE PLAINTIFF FILED EXHIBITS WITHOUT REDACTION.**

Plaintiff filed her original motion for leave to file under seal on February 19, 2025. (Doc. 272). In her original motion, Plaintiff appropriately requested leave to redact "a. [p]ersonal identifying information and personal health information; and b. [n]ames and/or photographs of current and/or formal inmates, including those who were victims of or witnesses to inmate-on-inmate physical or sexual violence," and to file unredacted exhibits under seal. (Doc. 272 at 2). Subsequently, the Court granted Plaintiff's original motion in part and denied it in part because Plaintiff failed to include unredacted copies of the proposed documents to the clerk of court in conventional paper format. (Doc. 276).

On February 26, 2025, Plaintiff filed a renewed motion for leave to file under seal, representing that Plaintiff corrected her mistake and filed a conventional copy of unredacted documents with the clerk of court. By order dated February 28, 2025, the Court found Plaintiff "met their burden to show that the prisoner names, photographs, and identifying information in the exhibits may be redacted," and granted Plaintiff leave to file unredacted copies of exhibits under seal. (Doc. 283 at 3).

On March 3, 2025, Plaintiff filed evidentiary materials containing current and former inmate names, photographs, and personally identifying information in the record that should have been redacted consistent with the Court's order and the protective order. (See, e.g., Doc. 289, 290, 298, 299, 301, 306, 311, 319, and 329).

6

Plaintiff's violation of the Court's order and protective order egregiously placed improper information in the public record. In light of Plaintiff's filing of protected, confidential information in the public record, Plaintiff's evidentiary materials are due to be stricken, especially in light of the other problems with Plaintiff's evidentiary submission.

> **III.** **THE COURT SHOULD STRIKE PLAINTIFF'S EVIDENTIARY SUBMISSION BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE COURT'S SCHEDULING ORDER BY FILING EXHIBITS PREVIOUSLY FILED BY THE ADOC PARTIES.**

The Court's scheduling order provides that "[a]ny party opposing summary judgment may reference materials included in the moving party's initial evidentiary submission without re-submitting additional copies of the same documents," and "[p]arties should refrain from re-submitting additional copies of the same documents." (Doc. 125-1 at 7). Plaintiff's evidentiary submission duplicates multiple exhibits the ADOC Parties previously filed in their evidentiary submissions. For example, Plaintiff's Exhibit 1 (Doc. 287) consists of Steven Mullins's handwritten complaint on February 25, 2019, which the ADOC Parties previously filed. (Doc. 185-46). Additionally, Plaintiff's Exhibit 8 (Doc. 294) consists of the "Duty Post Log" for December 29, 2018. Again, this exhibit was already filed by the ADOC Parties. (Doc. 190-76). Counsel for the ADOC Parties has not conducted a review of every single exhibit produced by Plaintiff; however, these exhibits represent just a sample of multiple duplicative exhibits filed by

7

Plaintiff. Plaintiff's duplicative filing of exhibits overburdens the record in this case and creates confusion and waste of the Parties' and the Court's resources in working between the ADOC Parties' citation to evidentiary materials and Plaintiff's citation to the same evidentiary materials elsewhere.

Separately, Plaintiff ignored the Court's scheduling order and Appendix II thereto requiring her to: (i) "include a table of contents that includes a brief narrative description of each document included" (Doc. 125-1 at 7), and (ii) identify "[e]ach affidavit, exhibit, deposition, or other product of discovery," by "separate[]...capital letter or numeral" (Doc. 125-1 at 7). Plaintiff filed her table of contents identifying each exhibit two days after the deadline. Accordingly, Plaintiff's evidentiary submission (or Docs. 287-370) should be stricken.

WHEREFORE, PREMISES CONSIDERED, the ADOC Officials respectfully request the Court enter an order denying Plaintiff's Motion and striking Plaintiff's evidentiary submission (Docs. 287-370) and any response in opposition to the ADOC Officials' summary-judgment motion. Alternatively, regarding Plaintiff's untimely-filed response, the ADOC Officials request the Court disregard the substantive argument in Plaintiff's response.

Dated: March 5, 2025.

*/s/ William J. Cranford*
William J. Cranford
*One of the Attorneys for the ADOC Officials*

William R. Lunsford
Matthew B. Reeves
William J. Cranford
Daniel J. Chism
**BUTLER SNOW, LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com
daniel.chism@butlersnow.com

*Attorneys for the ADOC Officials*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 5th day of March 2025:

Ruth Z. Brown
Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
T: (312) 243-5900
F: (312) 243-5902
E: ruth@loevy.com
E: megan@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
T: (205) 590-6986
F: (205) 809-7899
E: anil@dagneylaw.com

*Attorneys for Plaintiff*

Robert F. Northcutt
James N. Walter, Jr.
C. Richard Hill, Jr.
**CAPELL & HOWARD P.C.**
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
T: (334)241-8043
F: (334)-241-8243
E: bob.northcutt@chlaw.com
E: jimmy.walter@chlaw.com
E: rick.hill@chlaw.com

*Attorneys for Larry Baker*

*/s/ William J. Cranford*
Of Counsel