# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LAKEISHA EZELL, as representative of the ESTATE OF TERRENCE ANDREWS ) ) ) | Honorable Judge Annemarie Carney Axon |
| Plaintiff, ) | |
| ) | Case No.: 4:20-cv-02058-ACA |
| v. ) | |
| ) ) ) ) | |
| JEFFERSON DUNN, et al., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (Dkt. 379)

Plaintiff LaKeisha Ezell respectfully responds to the Court's Order to Show Cause (Dkt. 379) as to why four of Plaintiff's evidentiary materials (Dkts. 371-74) and Plaintiff's exhibit list (Dkt. 375) were filed on March 4 and 5, 2025, respectively. In support, Plaintiff states as follows:[1]

---

[1] Given the content of the Court's Order to Show Cause, Plaintiff's understanding is that she should respond only to that Order and that the Court does not want a separate reply in support of Plaintiff's Motion to File Instanter. ECF 376. If it would aid the Court, and at the instruction of the Court, Plaintiff will, of course, file a reply in support of that motion.

1.	As set forth in more detail below, Plaintiff's counsel acted in good faith and with diligence in submitting Ms. Ezell's summary judgment response and had good cause for the brief delay in filing docket entries 371-75, which caused no meaningful prejudice to any Defendant; thus, Plaintiff's counsel respectfully asks that any lateness be excused.

2.	Plaintiff's counsel worked diligently on a tight schedule to prepare 300 pages of summary judgment briefing in the *Ezell* and *Guy* matters. For the reasons previously set forth in Plaintiff's extension motions, which initially requested until March 12 to submit the briefing in *Ezell*, the scope of the work was extensive. Dkt. 266. That said, Plaintiff's counsel and a team of paralegals worked diligently, including on evenings and multiple weekends, to prepare the submission by the due date of March 3 set by the Court, while best presenting Plaintiff's claims and supporting evidence to the Court for its analysis. Dkt. 273. By the due date for the evidentiary submission, on March 3, Plaintiff's counsel had filed approximately 270 additional docket entries for use in her evidentiary submission. Dkts. 287-370.

3.	However, due to Plaintiff's counsel's best efforts, four exhibits were filed approximately one day late.

4.	First, at Docket 371, Plaintiff filed an exhibit necessary to dispute an incorrect characterization of Mr. Andrews's disciplinary history at Dkt. 192 at 10 (Fact No. 17). Defendants had cited characterizations of Mr. Andrews's history provided by a retained defense expert, Kevin Myers, that Plaintiff believed were misleading and

2

incorrect. Dkt. 376-1 at 14. Defendants claimed, through their defense expert Myers, that on January 14, 2014, Andrews assaulted an inmate with a broomstick. *Id.* But Defendants omitted that the underlying records of the incident show that it was another prisoner (not Andrews) who hit someone with a broomstick; that Andrews was hit in the face with a weapon and required treatment at a free-world hospital; and that Andrews received a disciplinary for fighting *without* a weapon. Dkt. 371; Dkt. 376-1 at 14. Plaintiff did not realize until March 4 that Defendants had not already filed on the record Mr. Andrews's disciplinary records and incident reports, as Defendants had done with respect to the master file of the plaintiff in the related case, *Guy v. Dunn, et al.*, and that Defendants were relying only on their expert's incorrect characterization, rather than the underlying record evidence (even though a description of a disciplinary incident is a lay issue that does not require any expert opinion). Thus, in disputing the defense expert's incorrect characterization of this incident, Plaintiff filed this exhibit shortly after the March 3 deadline. Plaintiff apologizes to the Court for her counsel's inadvertent oversight in failing to discern earlier that the underlying disciplinary records had not yet been placed by Defendants on the docket.

5. As for Dkts. 372-373, these exhibits relate to ADOC Defendants' Statement of Fact Nos. 97-200 (*Ezell* Dkt. 192 at 24), which present factual statements regarding training efforts related to St. Clair, relying on a declaration by Elliot Sanders. Plaintiff's counsel were unfamiliar with Mr. Sanders, and thus

3

conducted an investigation into his declaration. On March 4, Plaintiff's counsel confirmed counsel's suspicion that the declaration from Sanders does not appear to have been produced at any time during the discovery period to Plaintiff by any Defendants in any of the hundreds of thousands of pages of documents in the case, and that Sanders himself was not listed on any Defendant's Rule 26(a)(1) disclosures. As such, Plaintiff believes the Sanders declaration is prejudicial and untimely, and should be stricken as untimely pursuant to Rule 26(a)(1) and Defendants' discovery obligations. Plaintiff will thus be filing a motion to strike the declaration (and Defendants' improper reliance on it) later this week. Immediately after confirming what to Plaintiff's counsel appears to be a discovery violation, Plaintiff's counsel promptly filed those exhibits on the docket in connection with an effort to apprise the Court that the motion to strike would be forthcoming. *See* Dkt. 376-1 at 18.

6. As for Dkt. 374, that exhibit constitutes a full version of the deposition of Defendant Gwendolyn Givens filed by Plaintiff to correct Defendants' error at Dkt. 229-1. At Dkt. 229-1, Defendants submitted only parts of the Givens deposition in violation of this Court's order requiring them to file full deposition citations, along with all exhibits to those depositions. Dkt. 125-1 at 7. Plaintiff's counsel attempted to correct the error on March 3 (Dkt. 355), but realized on March 4 that the wrong transcript had been filed, and thus corrected the mistake on March 4 (Dkt. 374).

7. Finally, Plaintiff filed the index of exhibits in the very early hours of March 5, at 12:06a.m. Dkt. 375. As to that index, Plaintiff's counsel simply

4

overlooked this Court's requirement that the index be filed along with the evidentiary submission on March 3rd, and then was an additional six minutes late in filing it on May 5.  Plaintiff's counsel truly and sincerely apologizes for the error.  Plaintiff's counsel's intent in filing it at the end was to ensure that the index was complete as final adjustments were made to the brief, but Plaintiff's counsel realizes the outcome was inadvertent untimeliness, for which counsel sincerely apologizes. Plaintiff's counsel's error was made in good faith.

8. The Eleventh Circuit expresses a "strong preference that cases be heard on the merits," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), *1332 and "strive[s] to afford a litigant his or her day in court, if possible," *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005).

9. Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that, when a party files a motion after the time for doing so expires, a court may, for good cause, extend the time "if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).  Four factors guide this Court's determination of whether excusable neglect has occurred: "'the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Staley v. Owens*, 367 F. App'x 102, 105 (11th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993)); *see also Walter v. Blue Cross & Blue Shield*

5

*United of Wis.,* 181 F.3d 1198, 1201 (11th Cir.1999). Primary importance is placed on the absence of prejudice to the nonmoving party. *Owens, 367 F. App'x at 105; see also Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir. 1996).

10. Here, all of the factors counsel in favor of allowing the filings. First, as to the important prejudice factor, Defendants will not suffer any meaningful prejudice from receiving Plaintiff's brief less than two hours after the midnight deadline, nor from the slight delay in the filings above. Defendants have already received the extension they requested in which to file their summary judgment reply briefs, without opposition from Plaintiff, who has endeavored to extend professional courtesy to opposing counsel where possible. Should Defendants need an additional day or two in order to file their reply briefs, Plaintiff again will not oppose.

11. Second, the very brief length of the delay (just 1 day for the four exhibits, and just 1 day and 6 minutes for the index of exhibits) counsels in favor of lenience toward Plaintiff. Third and fourth, Plaintiff's late submissions were aimed at responding to Defendants' conduct—whether to correct a mischaracterization of a disciplinary incident by their expert, to correct a partial deposition transcript filed by the defense in violation of the Court's orders, or to alert the Court to what appears to be a discovery violation by the defense—and certainly were done in a good faith effort to diligently and completely apprise the Court of all of the relevant facts.

12. Plaintiff's counsel generally understands that all parties' counsel have worked in good faith to present the parties' submissions to the Court, and that

6

inadvertent errors occur despite the parties' counsel's best efforts on filings of this size and scope. That said, the ADOC Defendants have raised a series of gripes about the timing of Plaintiff's filing, attempting to capitalize on Plaintiff's filing of her summary judgment response less than two hours late (at 1:56 a.m.). Dkt. 377. Plaintiff stands ready to confer with Defendants on any issues regarding sealing or redactions, to jointly work through any issues and present joint or dueling motions to the Court as appropriate. Yet if any of Plaintiff's materials are stricken, it would also be appropriate for the Court to strike Defendants' submissions as well.

13. Defendants filed approximately 300 different docket entries worth of exhibits on the *Ezell* docket as part of their evidentiary submission. In so filing, Defendants failed to comply with the Court's orders designed to efficiently facilitate summary judgment briefing for the parties and Court. Dkt. 125-1 at 7.

14. For starters, Defendants violated the Court's order requiring them to file full deposition citations, along with all exhibits to those depositions. Dkt. 125-1 at 7. On many occasions, Defendants filed depositions that were only partial, which required Plaintiff to have to redo those filings once the issue was discovered. *See e.g.*, Dkt. 185-1 [Vincent deposition]; Dkt. 185-5 [Ellington deposition]; Dkt. 190-2 [Daniels deposition]; Dkt. 190-7 [Caver deposition]; Dkt. 190-16 [Culliver deposition]; Dkt. 195-1 [Gordy deposition]; Dkt. 198-1 [Brooks deposition]; Dkt. 199-1 [Price deposition]; Dkt. 229-1 [Givens deposition]; Dkt. 239-1 [Ragsdale deposition].

15. Likewise, Defendants also filed certain depositions without any exhibits in contravention of this Court's order (Dkt. 125-1 at 7), which required Plaintiff to work to fill in the gaps. *See e.g.*, Dtk. 185-11 [Dunn deposition filed by defense without exhibits); Dkt. 185-20 [Ezell deposition filed by defense without exhibits].

16. Defendants also filed documents with inappropriate, unauthorized redactions, such as filed Standard Operating Procedures, while redacting critical parts of the SOPs without permission, requiring Plaintiff to redo those filings as well. *See e.g.,* Dkt. 185-60 [Staffing SOP #031] (redacting the number of rovers, posts, and cubicles required to be manned by correctional officers); Dkt. 185-61 [Staff Manning Requirements SOP 023] (redacting the minimum requirements of supervisors and staff, the post priority list when the facility is understaffed); Dkt. 185-63 [Search and Shakedowns SOP 110] (redacting the mandatory requirements for captains, shift commanders, and correctional officers to conduct shakedowns and searches).

17. Plaintiff continues to find instances in which Defendants filed social security numbers on the docket, including of their clients, a matter Plaintiff's counsel has already raised with defense counsel once as a courtesy, and will continue to do. E.g. Dkt. 274.

18. Plaintiff's counsel thus had to spend an inordinate amount of time combing through hundreds of defense docket entries to address Defendants' non-compliance with the Court's orders.

19.     Defendants, too, struggled to meet the dispositive motions deadlines. Defendants' dispositive motions and evidentiary submissions deadline was January 27, 2025. Dkt. 125 at 4.  That was the date that, near midnight, Defendants began filing their evidentiary submission but ran into a CM/ECF problem because they waited until the last minute (Plaintiff did not oppose their subsequent motion to file out of time). Although the ECF issue was resolved by the next morning, Defendants then proceeded to file items on the docket from January 28 date to January 31, 2025. *See, e.g.* Dkts. 195-265.  Then, on February 4, 2025, one set of Defendants had their brief stricken for filing it with incorrect citations to the evidence. Dkt. 267. The brief was not refiled until February 5, 2025. Dkt. 268.

20.     In short, Plaintiff sincerely apologizes to the Court for inadvertently filing the index of exhibits and four exhibits late. Plaintiff respectfully asks the Court to allow those filings, given the lack of prejudice to Defendants, the very brief delay, and Plaintiff's counsel's diligence and good faith effort to best prepare 100 pages of dispositive motions briefing (along with 200 additional pages of the same in the *Guy* matter) for submission to the Court.

                                  Respectfully submitted,

                                  **LAKEISHA EZELL**

                                  BY**:** /s/ Ruth Brown
                                    *Counsel of Record*

                                  BY**:** /s/ Anil Mujumdar
                                    *Local Counsel*


*Ruth Z. Brown (pro hac vice)
Megan Pierce (pro hac vice)
Quinn K. Rallins (pro hac vice)
Attorneys for Plaintiff
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: 312-243-5900
Fax: 312-243-5902
Email: ruth@loevy.com, megan@loevy.com
*Counsel of Record

Anil A. Mujumdar (ASB-2004-L65M)
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
T: 205.590.6986
F: 205.809.7899
E: anil@dagneylaw.com

## CERTIFICATE OF SERVICE

    I, Ruth Brown, an attorney, hereby certify that on March 10, 2025, I caused the foregoing to be filed using the Court's CM/ECF system, thereby effecting service on all counsel of record.

                                                /s/Ruth Z. Brown
                                                One of Plaintiff's Attorneys