IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LORI GUY WILLS, as administrator of the ESTATE OF STEVEN MULLINS, <br><br> Plaintiff, <br><br> v. <br><br> JEFFERSON DUNN, *et al.*, <br><br> Defendants. | ) ) ) ) ) Case No. 4:21-CV-00264-ACA ) ) ) ) ) ) ) ) |

### DECLARATION OF WILLIAM J. CRANFORD

I, William J. Cranford, III, pursuant to 28 U.S.C. § 1746, hereby make the following Declaration under penalty of perjury, declare that the statements made below are true, and state as follows:

1. I am an attorney admitted to practice before the Alabama State Bar and in this Court, and I am one of the attorneys of record for Jefferson Dunn ("Dunn"), Grantt Culliver ("Culliver"), Christy Vincent ("Vincent"), Edward Ellington ("Ellington"), and Karla Jones ("Jones" and together with Dunn, Culliver, Vincent, and Ellington, the "ADOC Officials") in this action. I am currently in good standing in this jurisdiction.

2. I am an attorney with the law firm Butler Snow LLP, where I have worked since April 1, 2023, in Butler Snow LLP's Huntsville, Alabama office.

1

3. I submit this Declaration in response to the Court's Order to Show Cause (Doc. 387) entered on June 12, 2025. In the Court's Order to Show Cause the Court ordered the "Defendants to **SHOW CAUSE** ... why the court should not sanction Defendants and/or counsel for Defendants for the misrepresentations discussed [in the order] under Federal Rule of Civil Procedure 11, the court's inherent authority, Local Rule 83.1(f), and/or Alabama Rule of Professional Conduct 3.3 for making false statements of fact to the court." (Doc. 387 at 3-4).

4. Therefore, I submit this Declaration to address the circumstances surrounding the filing of the ADOC Officials' Evidentiary Submission in Support of Motions for Summary Judgment (Doc. 160 the "Evidentiary Submission") and Memorandum of Law in Support of Motion for Summary Judgment (Doc. 166, the "Summary Judgment Brief" and together with the Evidentiary Submission, the "Summary Judgment Filings."). I in no way intended to mislead the court or make any misrepresentation of fact to the Court. I offer this explanation not to make excuses for mistakes made in the ADOC Officials' Summary Judgment Filings, but instead to provide context for the Court. I would like to apologize to the Court, the Parties, and counsel for the mistakes discussed below, for which I take full responsibility.

5. The Summary Judgment Filings in this action do not reflect the quality of work product that I seek to provide in every filing before this Court and others. I

am committed to answer the Court's questions, address the Court's concerns, and demonstrate the circumstances surrounding the filing of the Summary Judgment Filings.

6. While I am generally aware of the Court's concerns set forth in the Court's Order to Show Cause (Doc. 387), I am uncertain as to the precise aspects of the Summary Judgment Filings which prompted same. As explained in greater detail below, the Court's Order to Show Cause prompted an extensive review of the Summary Judgment Filings. This review process has revealed issues with the Summary Judgment Filings which appear to be broader than those issues raised in the Court's Order to Show Cause and which I am duty-bound to disclose to the Court and my adversary. I believe that the broader issues discussed in this declaration may relate to some or all of the Order to Show Cause issues, but I am not certain that is the case.

7. The Court entered its Scheduling Order (Doc. 96) in this case on November 9, 2023, initiating the discovery process between the Parties. Between November 2023 and August 12, 2024, the parties engaged in extensive discovery, including taking approximately twenty-eight depositions and producing over fifty-thousand pages of documents spanning multiple years. The Parties also exchanged expert disclosures on November 20, 2024, and December 20, 2024.

8. Between the close of discovery and the Parties' deadline for filing

dispositive motions, January 27, 2025, undersigned counsel worked to finalize expert disclosures and prepare for filing the motion for summary judgment.

9. On January 21, 2025, the ADOC Parties[1] filed a Motion for Leave to File Under Seal. (Doc. 153). Counsel for the Facility Defendants[2] and I agreed to file a consolidated evidentiary submission, and, therefore, filed the ADOC Parties' Unopposed Motion for Leave to File a Consolidated Evidentiary Submission (Doc. 154) also on January 21, 2025. The Court granted the ADOC Parties' Unopposed Motion for Leave to File a Consolidated Evidentiary Submission on January 24, 2025. (Doc. 156).

10. Upon reflection, I see that the timing of this Motion for Leave to File Under Seal was dangerously close to the deadline to file the dispositive motions, and I acknowledge that making this request earlier in the process would have allowed the ruling to be known earlier in the process. I anticipated the granting of the Motion for Leave to File Under Seal based on experience in other matters. I acknowledge that this was a faulty assumption and, but for this assumption, this entire sequence of events might never have occurred.

11. The ADOC Parties continued to work diligently to prepare the

---

[1] The "ADOC Parties" shall refer to the ADOC Officials, Anthony Brooks, Gary Malone, Carla Graham, Gwendolyn Givens, William Ragsdale, Antoine Price, and Angelia Gordy collectively.

[2] The "Facility Defendants" shall refer to Anthony Brooks, Gary Malone, Carla Graham, Gwendolyn Givens, William Ragsdale, Antoine Price, and Angelia Gordy collectively.

consolidated evidentiary submission for filing on January 27, 2025. The Court entered its order denying the ADOC Parties' Motion for Leave to File Under Seal on January 27, 2025, at approximately 2:00 p.m. (Doc. 157). In light of the Court's order, it became apparent the ADOC Parties would not be able to file their consolidated evidentiary submission as planned. Due to the time constraints to file their evidentiary submission within the Court's deadline, counsel for the ADOC Officials and counsel for the Facility Defendants agreed to divide the evidentiary submission between them and prepare exhibits related to their specific clients for filing.

12. Counsel for the ADOC Officials urgently began to re-compile the ADOC Officials' Evidentiary Submission in order to meet the filing deadline. This process involved hours of review of previously prepared exhibits by a team of several individuals to review, redact, and finalize the ADOC Officials' Evidentiary Submission. It is important to note that counsel for the ADOC Officials omitted from their evidentiary submission the Inmate File of Clarence Jackson, an approximately 1,000-page document, due to insufficient time to review and redact all inmate names, personally identifiable information, and other sensitive information before the Court's deadline. The ADOC Officials' expert Kevin Myers received Clarence Jackson's inmate file, reviewed it, and relied upon it in his expert report. Under the circumstances, I cited to Kevin Myer's Expert Report for several

5

contextual background facts related to Clarence Jackson's incarceration with the Alabama Department of Corrections. I believed at the time that the citations to Kevin Myers' Expert Report were appropriate, adequate, and acceptable as an alternative under these circumstances. I did not intend to mislead or misrepresent any evidence to the Court in any way by including citations to the expert report and not the source materials. Instead, I decided to proceed with citations, under the circumstances, to the evidentiary materials filed at the time.

13. While attempting to file the ADOC Officials' Evidentiary Submission, counsel for the ADOC Officials and counsel for the Facility Defendants encountered technical issues accessing the Court's CM/ECF filing system beginning at approximately 10:00 p.m. Counsel for the ADOC Officials attempted to file the Evidentiary Submission for approximately one hour and fifty-three minutes, over multiple internet browsers and devices, and consistently received a "Gateway Timeout" message each time.

14. At approximately 11:06 p.m. on January 27, 2025, I attempted to reach the Court's helpdesk for technical assistance, and, at 11:20 p.m., after repeated unsuccessful attempts to access the Court's CM/ECF filing system, I emailed the Court's chambers copying all counsel of record and explaining the technical issues encountered while attempting to file the Evidentiary Submission.

15. Counsel for the ADOC Officials continued attempting to file the

Evidentiary Submission until approximately 11:53 p.m. on January 27, 2025, with no success. Counsel for the ADOC Officials received the same "Gateway Timeout" message at approximately 11:01 p.m., 11:19 p.m., 11:29 p.m., 11:31 p.m., 11:32 p.m., 11:39 p.m., and 11:49 p.m. I again emailed the Court's chambers copying all attorneys of record at 11:53 p.m. detailing the difficulties in filing the ADOC Officials' evidentiary submission, attaching screenshots of the "Gateway Timeout" messages received, and providing a ShareFile link containing the files for the Evidentiary Submission.

16.  At approximately 8:59 a.m. on January 28, 2025, I received an email from the Court's helpdesk stating that the Court's CM/ECF filing system experienced a nationwide issue. At approximately 9:15 a.m. to 9:30 a.m. on January 28, 2025, counsel for the ADOC Officials successfully filed their Evidentiary Submission through the Court's CM/ECF filing system. (Doc. 160). The Court's Scheduling Order requires that "[b]riefs in support of dispositive motions must be filed **within one business day** of the filing of the dispositive motion and evidentiary submissions. (Doc. 96 at 5). Thus, the ADOC Officials' possessed a deadline of January 28, 2025, to file the Summary Judgment Brief with record citations to the Evidentiary Submission.

17.  Throughout the day on January 28, 2025, I worked to review and add citations to the CM/ECF record and finalize the Summary Judgment Brief for filing

within the deadline. Due to the difficulties experienced in filing the Evidentiary Submission through the Court's CM/ECF record, counsel for the ADOC Officials were unable to predict when the Facility Defendants would file their evidentiary submission. Therefore, counsel for the ADOC Officials lacked the ability to cite to documents they intended to rely upon, which were ultimately filed in the Facility Defendants' evidentiary submission. I provide this explanation not to pass blame or suggest counsel for the Facility Defendants in any way acted inappropriately, as counsel for the Facility Defendants were working under the same circumstances as counsel for the ADOC Officials. Rather, I offer this as context for the circumstances under which I made decisions that have led to this point.

18.    The Facility Defendants filed the first portion of their evidentiary submission in the late afternoon of January 28, 2025. (Doc. 165). However, the Facility Defendants' full evidentiary submission was not complete until January 31, 2025. (Docs. 171-244). Out of an abundance of caution and in an attempt to comply with the Court's Scheduling Order, counsel for the ADOC Officials filed the Summary Judgment Brief at approximately 6:00 p.m. on January 28, 2025, with citations to the ADOC Officials' filed Evidentiary Submission. At the time this was filed, I believed that the alternative citations in place were accurate and reliable. I take full responsibility for the final approval of the draft of the brief which was filed with these deficient citations.

19. I now know that these citations were not acceptable and I acknowledge the amount of confusion that my error has caused in this matter.

20. Between February 5, 2025, and March 3, 2025, the Parties exchanged motions and briefing on several issues related to page extensions, deadline extensions, and sealing of documents. Plaintiff filed her evidentiary material between March 5, 2025, and March 7, 2025. (Docs. 265-362). On March 10, 2025, Plaintiff filed her Response in Opposition to Motion for Summary Judgment. (Doc. 363).

21. On March 14, 2025, Plaintiff filed her Motion to Strike the Sanders Declaration (Doc. 366) and Motion to Strike Defendants' Expert Opinions from Their Summary Judgment Briefing. (Doc. 368). In her approximately 200-page Response, Plaintiff included sixty-six pages (encompassing 253 paragraphs) of "additional disputed facts." (Doc. 363 at 41-108).

22. The ADOC Officials filed their Reply Brief in Support of Motion for Summary Judgment (Doc. 376) and Motion to Strike the Opinions of Plaintiff's Purported Expert Dan Pacholke from Plaintiff's Response in Opposition to Summary Judgement (Doc. 377) on March 31, 2025. Some of these errors discussed in this Declaration were inadvertently carried forward in the Reply Brief.

23. On April 4, 2025, the ADOC Officials filed their Response to Plaintiff's Motion to Exclude (Doc. 380) and their Response in Opposition to Plaintiff's Motion

to Strike Expert Opinions from Summary Judgment Briefing. (Doc. 381). Lastly, Plaintiff filed her Response to Motion to Strike Mr. Pacholke's Expert Opinions on April 16, 2025. (Doc. 382).

24. As such, between February 5, 2025, and April 16, 2025, the ADOC Officials filed and responded to multiple significant filings consisting of hundreds of pages of motion practice.

25. The Court entered an order June 5, 2025, setting a hearing on the Defendants' motions for summary judgment for June 18, 2025. (Doc. 383). On June 12, 2025, the Court entered its Order to Show Cause. (Doc. 387). In response to the Court's entry of the Order to Show Cause, counsel for the ADOC Officials reviewed their Summary Judgment Brief along with the Evidentiary Submission and identified mistakes in citations to the evidentiary record.

26. Upon review, as a result of the difficulties experienced with recompiling and filing the Evidentiary Submission, and the time constraints to prepare and file the Summary Judgment Brief within the deadline on January 28, 2025, I made mistakes in citations to the Evidentiary Submission. Mistakes identified by counsel for the ADOC Officials included issues such as citing to the wrong document or page number of the evidentiary record, citing to the expert report of Kevin Myers instead of the underlying evidence, and inaccurate citations.[3]

---

[3] The citations to the expert report of Kevin Myers largely consisted of facts we intended to support

10

27. As of the date of this filing Counsel for the ADOC Officials have presently identified mistakes in the ADOC Officials' Summary Judgment Brief which fall into the following three general categories: (1) needed corrections due to typographical or input errors; (2) needed corrections due to changes made to the evidentiary submission for filing in response to the Court's order denying the ADOC Officials' Motion for Leave to File Under Seal; and (3) needed changes to facts where the citation was inaccurate.

28. In addition, I have found an error in Paragraph 19 of the Summary Judgment Brief which cited to the Expert Report of Kevin Myers and stated, "[o]n January 6, 2003, Mullins assaulted another inmate at Donaldson for stealing sandwiches from the kitchen." (Doc. 166 at 10). Paragraph 19 cited Kevin Myers' Expert Report in support of this statement. (Doc. 160-32 (Ex. I) at 15). The cited sentence from the Myers Report reads as follows: "Mullins' inmate records indicate that Mullins remained incident free until January 6, 2003, when Mullins received disciplinary action for fighting without a weapon (ADOC000116), stealing sandwiches from his work area on April 26, 2003 (ADOC000109), and on May 2, 2003, Mullins refused to work in the kitchen. (ADOC000110)." (Doc. 160-32 at

---

with citations to Clarence Jackson's Inmate File which was omitted in response to the Court's order denying the ADOC Officials' Motion for Leave to File Under Seal and citations to documents which were ultimately filed in the Facility Defendants' evidentiary submission, which, due to the Facility Defendant's counsels' difficulties in filing, had not been filed by the deadline to file our brief.

11

15). When drafting the statement of facts, I apparently misread this statement in the Myers Report and included an inaccurate summary of it in Paragraph 19 of the Summary Judgment Brief. I have reviewed the underlying documents cited in the above referenced sentence of the Myers Report. The referenced sentence in the Myers Report accurately describes the three separate incidents. The underlying documents are included in the evidentiary submission at Doc. 183-1 at 116 (Mullins charged with rule violation for fighting without a weapon, January 6, 2003); Doc. 183-1 at 109, 111 (Mullins disciplined for stealing sandwiches, April 26, 2003); and Doc. 183-1 at 110 (Incident Report reflecting disciplinary action taken against Mullins for refusing to work in the kitchen on May 2, 2003).

29.  I take full responsibility for the mistakes in citations to the evidentiary record in the ADOC Officials' Summary Judgment Brief. In summary, these mistakes resulted from the changes to the ADOC Officials' Evidentiary Submission, the difficulties faced by counsel in filing the ADOC Officials' and the Facility Defendants' evidentiary submissions through the CM/ECF filing system, and the time constraints to file the ADOC Officials' Summary Judgment Brief within the applicable deadline. Again, I in no way intended to misrepresent facts to the Court or mislead the Court in any way.

30.  I submit this Declaration in good faith and with respect for this Court, its authority, and its trust. I apologize to the Court, counsel, and our clients for my

mistakes.

31. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted this __17__ day of __JUNE__, 2025.

_____
William J. Cranford, III