IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LAKEISHA EZELL, as representative of the ESTATE OF TERRENCE ANDREWS, </br></br>     Plaintiff, </br></br> v. </br></br> JEFFERSON DUNN, *et al.*, </br></br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) )  Case No. 4:20-CV-2058-ACA |

**MOTION TO EXTEND DEADLINE FOR FILING NOTICES OF APPEAL**

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), Jefferson Dunn ("Dunn"), Edward Ellington ("Ellington"), and Karla Jones ("Jones" and, together with Dunn and Ellington, the "ADOC Officials"), and Larry Baker ("Baker," and, together with the ADOC Officials, the "ADOC Parties"), submit this Motion to Extend Deadline for Filing Notices of Appeal. In support of this Motion, the ADOC Parties state as follows:

1. During a hearing held on June 18, 2025, this Court orally denied the ADOC Parties' motions for summary judgment on grounds of qualified immunity and state-agent immunity. (Doc. 409). The ADOC Parties intend to appeal the Court's order.

2. The Court's denial of the ADOC Parties' motions for summary

judgment is immediately appealable under 28 U.S.C. § 1291 pursuant to the collateral order doctrine. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The Court of Appeals also possesses jurisdiction to review the district court's denial of state-agent immunity under the collateral order doctrine. Garcia v. Casey, 75 F.4th 1176, 1184 (11th Cir. 2023); Taylor v. Adams, 221 F.3d 1254, 1260 n.9 (11th Cir. 2000).

3.  Under Federal Rule of Appellate Procedure 4(a)(1)(A), the ADOC Parties must file their Notices of Appeal "within 30 days after entry of the judgment or order appealed from." Undersigned counsel currently calculate the deadline for filing the Notices of Appeal as July 18, 2025.

4.  However, under Federal Rule of Appellate Procedure 4(a)(5)(A)(1), this Court may extend the time for filing a Notice of Appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." The moving party must show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

5.  Upon a showing of good cause or excusable neglect, the Court may extend the time for filing a Notice of Appeal for no longer than "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Thirty days from July 18, 2025, falls on Sunday, August 17, 2025. Accordingly, the Court may extend the ADOC Parties' deadline for filing their Notices of Appeal until Monday, August 18, 2025. Fed. R. App. P. 26(a)(1)(C).

6. Good cause exists for the Court to extend the ADOC Parties' deadline for filing their Notices of Appeal. The Court's oral order addressed only whether the ADOC Parties established that they acted within their discretionary authority. (See Doc. 391 at 71-72, 79-81). As the Court acknowledged during the course of the original hearing, if the Court held that the ADOC Parties established that they acted within their discretionary authority, the Court would have had to determine whether Plaintiff could demonstrate a violation of "clearly established" law. (Id. at 72). Because the Court held that the ADOC Parties did not establish that they acted within their discretionary authority, the Court did not address the clearly established law issue. (Id.).

7. In an off-the-record exchange after the June 18, 2025, hearing, the Court indicated that, should the ADOC Parties wish to appeal, the Court would set out its reasoning as to the clearly established law issue so that the ADOC Parties could address both issues (discretionary authority and clearly established law) in a single appeal. In the interest of judicial efficiency, the ADOC Parties wish to accept the Court's suggestion and file a single appeal addressing both the discretionary authority and clearly established law issues.

8. However, the ADOC Parties recognize that the Court cannot provide the Parties with its reasoning on the clearly established law issue before July 18, 2025. Permitting the Court to provide the Parties with its reasoning on the clearly

3

established law issue, so that the Eleventh Circuit may address both issues in a single appeal, would promote the efficient use of judicial resources. Good cause therefore exists to extend the ADOC Parties' deadline for filing their Notices of Appeal. Accordingly, the ADOC Parties respectfully request that the Court extend their deadline for filing their Notices of Appeal until August 18, 2025.

9. In addition, during a teleconference on July 17, 2025, the ADOC Parties further confirmed prior discussions among the Parties about the possibility of mediation, though the Parties have not agreed to mediation. The ADOC Parties wish to explore the possibility of mediation. Permitting the Parties to pursue mediation provides additional good cause to extend the deadline for filing Notices of Appeal.

WHEREFORE, PREMISES CONSIDERED, the ADOC Parties respectfully request that the Court, pursuant to Federal Rule of Appellate Procedure 4(a)(5), extend their time for filing their Notices of Appeal until August 18, 2025.

Respectfully submitted this 17th day of July, 2025.

/s/ Kenneth S. Steely

*One of the Attorneys for the ADOC Officials*

William R. Lunsford
William J. Cranford
Daniel J. Chism
Matthew B. Reeves
Kenneth S. Steely

**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
will.cranford@butlersnow.com
daniel.chism@butlersnow.com
matt.reeves@butlersnow.com
kenneth.steely@butlersnow.com

*Attorneys for Jefferson Dunn, Edward Ellington, and Karla Jones*


/s/ William Allen Sheehan

*One of the Attorneys for Larry Baker*

James N. Walter, Jr.
C. Richard Hill, Jr.
W. Allen Sheehan
Caitlin E. Cobb
W. Jackson Britton
**CAPELL & HOWARD P.C.**
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334)241-8043
Facsimile: (334)-241-8243
jimmy.walter@chlaw.com
rick.hill@chlaw.com
allen.sheehan@chlaw.com
caitlin.cobb@chlaw.com
jackson.britton@chlaw.com

*Attorneys for Larry Baker*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this 18th day of July, 2025:

Ruth Z. Brown *(pro hac vice)*
Megan Pierce *(pro hac vice)*
Quinn Rallins *(pro hac vice)*
Locke Bowman
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
ruth@loevy.com
megan@loevy.com
rallins@loevy.com
locke@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　/s/ Kenneth S. Steely
　　　　　　　　　　　　　　　　　　　　*Of Counsel*