# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LAKEISHA EZELL**, as representative of the Estate of **Terrence Andrews**, | ]<br>]<br>] |
| Plaintiff, | ]   Case No.: 4:20-cv-2058-ACA |
| v. | ] |
| **JEFFERSON DUNN, et al.**, | ] |
| Defendants. | ] |

| | |
|---|---|
| **LORI GUY WILLS**, as administrator of the Estate of Steven Mullins, | ]<br>]<br>] |
| Plaintiff, | ]   Case No.: 4:21-cv-264-ACA |
| v. | ] |
| **JEFFERSON DUNN, et al.**, | ] |
| Defendants. | ] |

## ORDER ON SUMMARY JUDGMENT

This order addresses two different cases brought by two different plaintiffs. (*Ezell v. Dunn*, No. 20-2058; *Wills v. Dunn*, No. 21-264).[1] Both cases bring federal

---

[1] The court refers to these cases as "*Ezell*" and "*Wills*" and cites to documents in this case as "*Ezell* doc. __" and "*Wills* doc. __."

and state claims against multiple supervisors, including that the supervisors failed to protect each of the plaintiff's decedents while they were incarcerated at St. Clair Correctional Facility. The defendants in both cases fall within two groups: "Administrative Supervisors" employed by Alabama Department of Corrections to serve statewide offices and "Facility Supervisors" also employed by Alabama Department of Corrections to work at St. Clair Correctional Facility.

## I.   PROCEDURAL BACKGROUND

*Ezell* came first in 2020. (*See Ezell* doc. 1 at 1). It alleges that Terrence Andrews was stabbed to death by his cellmate. (*See Ezell* doc. 34 ¶¶ 38, 63). *Ezell's* 55-page operative complaint asserted 93 claims against 17 different defendants. (*Ezell* doc. 34). Nine claims survived the defendants' motions to dismiss. (*See Ezell* doc. 105). All nine of those claims remained at the deadline for filing dispositive motions. (*See Ezell* doc. 183; *Ezell* doc. 184; *Ezell* doc. 269 at 8).

Carol Guy filed the *Wills* lawsuit in 2021.[2] (*See Wills* doc. 1 at 1). It alleges that a violent inmate stabbed and killed Steven Mullins after he reported an earlier attack by the same inmate. (*Wills* doc. 40 ¶¶ 1, 5–8). *Wills*'s 67-page operative complaint asserted 118 claims against 20 different defendants. (*See Wills* doc. 40). Thirty-eight claims survived the defendants' motions to dismiss. (*See Wills* doc. 83).

---

[2] Ms. Guy, Steven Mullins's mother and first administrator of his estate, died after the lawsuit was filed. (*See* doc. 103 at 1). The court substituted Ms. Guy with Lori Guy Wills, the current administrator of Mr. Mullins's estate. (Doc. 104).

Twenty-five of those claims remained at the deadline for filing dispositive motions. (*See Wills* doc. 155; *Wills* doc. 158; *Wills* doc. 159; *Wills* doc. 248 at 25).

The briefing and oral argument on the motions to dismiss included "broad, general arguments without providing specific argument or citations to the court regarding each defendant." (*Ezell* doc. 125 at 1; *Wills* doc. 96 at 1). After expending significant judicial resources separating out each claim against each defendant, and, in particular, addressing the assertions of qualified immunity, the court entered orders that set out specific briefing requirements for future motions in both cases. (*Ezell* doc. 125; *Wills* doc. 96). Those orders are consistent with Rule 56. *See* Fed. R. Civ. P. 56; Fed. R. Civ. P. 56(c)(1)(A) advisory committee's note to 2010 amendment. The orders direct that the parties' briefs include a statement of undisputed facts "upon which the moving party relies to demonstrate that it is entitled to summary judgment" in separately numbered paragraphs supported by specific reference to the CM/ECF document and page number of their evidentiary submissions. (*Ezell* doc. 125 at 4; *Wills* doc. 96-1 at 3–4). The orders further direct the parties to address each claim against each defendant individually and include within each argument pin citations to each piece of undisputed evidence that the party contends supports that argument. (*Ezell* doc. 125 at 1–2; *Wills* doc. 96 at 2). The orders also warn the parties that the court will not sift through the record for facts to support broad, general arguments and explicitly states that it will "not

consider any evidence beyond that which is cited by the parties." (*Ezell* doc. 125 at 2; *Wills* doc. 96 at 2).

The court received four motions for summary judgment in *Ezell* and *Wills*. No defendants complied with the court's orders. To be sure, the Administrative Supervisors and Facility Supervisors each proffered an "undisputed statement of facts."[3] (*Ezell* doc. 192 at 7–25; *Ezell* doc. 269 at 10–17; *Wills* doc. 166 at 7–28; *Wills* doc. 248 at 12–24). But in all four briefs, those "undisputed facts" were cabined within a section separate from the defendants' arguments, and none of the briefs cited, referenced, or incorporated any of those facts in support of any arguments that Defendants were entitled to judgment as a matter of law. (*Id.*; s*ee also Ezell* doc. 192 at 35–50; *Ezell* doc. 269 at 18–40; *Wills* doc. 166 at 39–55; *Wills* doc. 248 at 33–59). Indeed, the only facts the defendants cited in support of their arguments were facts that they did not include in their statements of "undisputed facts."

After reviewing the parties' briefs, the court determined that all briefs in support of summary judgment violated the terms of prior court orders and did not present sufficient evidence to establish that the defendants were entitled to qualified or state-agent immunity, or judgment as a matter of law under Federal Rule of Civil Procedure 56.

---

[3] The court need not address whether the defendants complied with the court's orders to cite to undisputed facts in their analyses because, as a primary matter, their analyses did not include any citations to their statements of facts.

## II.  SCOPE OF THE ORDER

The court previously granted summary judgment in favor of Facility Supervisors Givens, Ragsdale, and Price on Count Six in *Wills*. (*Wills* doc. 409). Ms. Wills agreed to dismiss Counts One and Nine against Administrative Supervisor Vincent, Count Nine against Facility Supervisor Graham, and Count Six against Facility Supervisor Brooks. (*Wills* doc. 363 at 11 n.1). Accordingly, the court **GRANTS** those defendants' motions for summary judgment on those claims and **ENTERS SUMMARY JUDGMENT** in their favor and without further discussion.

For the court's immediate purposes, it is sufficient to note that the remaining counts in both cases are the same: Count One alleges that the identified defendants in their supervisory capacities were deliberately indifferent to the decedents' rights under the Eighth Amendment to the U.S. Constitution; Count Nine alleges that the identified defendants in their supervisory capacities wrongfully caused the decedents' deaths in violation of Alabama law; and Count Ten alleges that the identified defendants directly wrongfully caused the decedents' deaths in violation of Alabama law. At this point in the case, the remaining claims against each defendant are as follows:

### *Ezell* Administrative Supervisors

|  | Count One | Count Nine | Count Ten |
|---|---|---|---|
| Dunn | X[4] | X |  |
| Ellington | X | X |  |
| Jones[5] | X | X |  |

### *Ezell* Facility Supervisors

|  | Count One | Count Nine | Count Ten |
|---|---|---|---|
| Baker | X | X | X |

### *Wills* Administrative Supervisors

|  | Count One | Count Nine | Count Ten |
|---|---|---|---|
| Dunn | X | X |  |
| Ellington | X | X |  |
| Jones | X | X |  |
| Culliver |  | X |  |

### *Wills* Facility Supervisors

|  | Count One | Count Nine | Count Ten |
|---|---|---|---|
| Givens |  | X | X |
| Ragsdale |  | X | X |
| Price |  | X | X |
| Brooks |  | X | X |
| Malone |  | X |  |
| Gordy |  | X | X |

## III.   IMMUNITY DEFENSES

When ruling on a motion for summary judgment, the court "view[s] the evidence and all factual inferences therefrom in the light most favorable to the non-

---

[4] Each "X" denotes a remaining claim.

[5] Although Karla Jones is technically a Facility Supervisor according to the operative complaints (*Ezell* doc. 34 ¶ 23; *Wills* doc. 40 ¶ 23), for purposes of this opinion, the court considers her to be an Administrative Supervisor.

moving party, and resolve[s] all reasonable doubts about the facts in favor of the non-movant." *Washington v. Howard*, 25 F.4th 891, 897 (11th Cir. 2022) (quotation marks omitted).

The Administrative Supervisors[6] contend they are entitled to the defense of qualified immunity for Count One in *Ezell* and *Wills*. (*See Ezell* doc. 192 at 41–45, 47–48, 49; *Wills* doc. 166 at 44–47, 50, 52, 54). Except Administrative Supervisor Culliver, all Administrative Supervisors contend they are entitled to state-agent immunity for Count Nine. (*See Ezell* doc. 192 at 45–46, 48, 50; *Wills* doc. 166 at 48–51, 53, 54). Facility Supervisor Baker contends he is entitled to qualified immunity on Count One and joins the other Facility Supervisors in asserting the state-agent immunity defense for Counts Nine and Ten. (*Ezell* doc. 269 at 19–20, 30–35). All defendants contend that they are entitled to summary judgment on all counts. Consistent with its ruling from the bench, the court rules as follows:

    1.    <u>Administrative Supervisors: Qualified Immunity (Count One)</u>

The doctrine of qualified immunity "allow[s] government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *Grider v. City of Auburn*, 618 F.3d 1240, 1254 (11th Cir. 2010) (quotation marks omitted). It affords a generous amount of "breathing room" for

---

[6] As referenced above, Associate Commissioner Culliver is a defendant in Count Nine only. He does not seek state-agent immunity on that count and moves for summary judgment on a separate ground. (*Wills* doc. 166 at 55).

public officials but this "formidable shield . . . is not automatic." *Est. of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018) (quotation marks omitted). A defendant asserting qualified immunity bears the burden to establish that the challenged actions were within the scope of his discretionary authority. *Id.* (citing *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004)). To satisfy this burden, a defendant must present sufficient evidence that establishes his acts were "within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Donald v. Norris*, 131 F.4th 1255, 1264 (11th Cir. 2025) (quotation marks omitted). "If, and only if, the defendant does that" the burden then shifts to the plaintiff to establish a violation of a clearly established constitutional right. *Cummings*, 906 F.3d at 940 (citing *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998)).

The Administrative Supervisors' sole support for their contention they are entitled to the defense of qualified immunity on Count One was a citation to this court's memorandum opinion on the defendants' motions to dismiss. (*Ezell* doc. 192 at 34 (citing *Ezell* doc. 105 at 25); *Wills* doc. 166 at 38 (citing *Wills* doc. 84 at 21). But the Administrative Supervisors did not contend that a memorandum opinion on a motion to dismiss satisfies their burden to support their factual position with materials that can be presented in a form that would be admissible in evidence. *See*

8

Fed. R. Civ. P. 56(c)(1)–(2). Nor did they attempt to argue how the language in the opinion establishes the fact for which it was cited.

The Administrative Supervisors' failure to cite to undisputed facts that establish their discretionary duties or explain how the actions complained of reasonably relate to the outer perimeter of those duties leaves them with nothing more than the bald assertion that they are entitled to the defense of qualified immunity. *Donald*, 131 F.4th at 1263. This is insufficient. *Id.*; *see also Cummings*, 906 F.3d at 940. Therefore, and as stated at oral argument, the court will not grant summary judgment to the Administrative Supervisors on Count One based on their qualified immunity defense.

### 2. Administrative Supervisors: State-Agent Immunity (Count Nine)

The Administrative Supervisors approach the defense of state-agent immunity in a similarly insufficient fashion. (*See Ezell* doc. 192 at 45–46 (citing *Ezell* doc. 105 at 67); *Wills* doc. 166 at 48–51 (citing *Wills* doc. 84 at 60); *but see Ezell* doc. 192 at 48, 50 (providing no citations); *Wills* doc. 166 at 50–51, 53–54 (same)). Because a single citation to this court's memorandum opinion on the motions to dismiss does not demonstrate that the "plaintiff's claims arise from a function that would entitle the State agent to immunity," such as "formulating plans, policies, or designs; or . . . exercising his or her judgment in the administration of a department or agency of government" *N.C. v. Caldwell*, 77 So. 3d 561, 565, 567 (Ala. 2011) (quoting *Ex*

9

*parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000)) (quotation marks omitted), the defendants have not established they are entitled to state-agent immunity. Therefore, and as stated at oral argument, the court will not grant summary judgment to the Administrative Supervisors on Count Nine based on their state-agent immunity defense.

>    3. Lt. Baker: Qualified Immunity (Count One) and Facility Supervisors: State-Agent Immunity (Count Ten)

The sole support for the Lt. Baker's contention that he is entitled to qualified immunity, and the remaining Facility Supervisors' contention that they are entitled to state-agent immunity, are pin citations to allegations in the operative complaint. (*Ezell* doc. 269 at 19–20 (citing *Ezell* doc. 34 ¶¶ 13–14, 34); *Ezell* doc. 269 at 32–35 (citing *Ezell* doc. 34 ¶ 34); *Wills* doc. 248 at 37 (citing *Wills* doc. 40 ¶ 24); *Wills* doc. 248 at 43 (citing *Wills* doc. 40 ¶ 31); *Wills* doc. 248 at 48 (citing *Wills* doc. 40 ¶ 32); *Wills* doc. 248 at 52 (citing *Wills* doc. 40 ¶ 25); *Wills* doc. 248 at 54 (citing *Wills* doc. 40 ¶ 26)).

But an unverified complaint is not evidence upon which a party can rely at summary judgment. *See Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997) ("[T]o oppose [a] properly supported motion for summary judgment, [the non-movant] must come forward with specific factual evidence, presenting more than mere allegations."); *cf. Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (crediting facts from a "sworn complaint when considering

[an] opposition to summary judgment"); *see also* Fed. R. Civ. P. 56(c)(1)(A) (including "admissions" but not "complaint" or "pleading" as those "particular parts of materials in the record" that parties can use to "assert[] that a fact cannot be or is genuinely disputed"). Therefore, and as stated at oral argument, the court will not grant summary judgment to Lt. Baker on Count One based on his qualified immunity defense or to the Facility Supervisors on Counts Nine and Ten based on their state-agent immunity defense.

## IV.  NON-IMMUNITY ARGUMENTS

The allegations in each case are different, but the theories of liability are the same. In Count One, the plaintiffs seek to impose supervisor liability on Administrative Supervisors Dunn, Ellington, and Jones and Facility Supervisor Baker for their failure to protect the decedent prisoners from the substantial risk of serious harm that existed at St. Clair Correctional Facility. In Count Nine, the plaintiffs allege that Administrative Supervisors Dunn, Ellington, Culliver, and Jones and Facility Supervisors Givens, Brooks, Malone, Gordy, Ragsdale, Price, and Baker failed to take steps within their authority and means to reduce the risk of harm and/or perpetuated customs that caused the decedents pain and death. (*See Ezell* doc. 34 ¶¶ 313–25; *Wills* doc. 40 ¶¶ 347–57). In Count Ten, the plaintiffs allege that Facility Supervisors Givens, Brooks, Malone, Gordy, Ragsdale, Price and Baker

11

personally breached the duties they owed the decedents, which caused the decedents pain and death. (*Ezell* doc. 34 ¶¶ 326–41; *Wills* doc. 40 ¶¶ 358–68).

### 1. Administrative Supervisor Culliver (Count Nine)

Administrative Supervisor Culliver's argument in support of summary judgment reads, in its entirety:

> The Court dismissed Plaintiff's failure-to-protect claim against Culliver because "the complaint does not reasonably infer causation." ([*Wills* d]oc. 84 at 38). The Court held that Plaintiff failed to allege that Culliver held "the authority or responsibility of the Associate Commissioner for Operations and Institutional Security in the five plus months leading up to Mr. Mullins's death." ([*Wills* d]oc. 84 at 40). Plaintiff's failure to demonstrate, or even plausibly allege, that Culliver caused any injury to Mullins defeats her wrongful-death claim against him. Ala. Code § 6-5410.

(*Wills* doc. 166 at 5). There are several problems with this argument, but the court addresses only the most glaring.

First, the language that Administrative Supervisor Culliver quotes relates to a claim that he was deliberately indifferent to a substantial risk of serious harm. But the claim at issue in Count Nine is that Administrative Supervisor Culliver wrongfully caused the decedent's death. He offers no argument about why the court's analysis of the deliberate indifference claim should preclude the wrongful-death claim.

Second, Administrative Supervisor Culliver's quotation about his authority or responsibility misrepresents the context of that quote. The complete sentence read:

"At oral argument, the court specifically asked how Mr. Culliver could be deliberately indifferent if he did not have the authority or responsibility of the Associate Commissioner for Operations and Institutional Security in the five plus months leading up to Mr. Mullins's death." (*Wills* doc. 84 at 40) (citing *Wills* doc. 69 at 90). What Administrative Supervisor Culliver quotes was a question, not a finding or holding. To be sure, the operative complaint alleged that Administrative Supervisor Culliver left his position as Associate Commissioner in September 2018. (*Wills* doc. 40 ¶ 40). But Administrative Supervisor Culliver does not contend that it is undisputed he was no longer in that position. (*See Wills* doc. 166 at 55).

For these reasons, the court **DENIES** Administrative Supervisor Culliver's motion for summary judgment as to Count Nine. (*See Wills* doc. 166 at 55).

### 2. Remaining Defendants

All remaining defendants seek summary judgment on Counts One, Nine, and Ten. They contend that the plaintiffs cannot prove constitutional violations or wrongful death. None of the defendants provide undisputed facts in a manner that sustains their burden under Rule 56 or complies with this court's previous orders. (*Ezell* doc. 125; *Wills* doc. 96); *see also supra* at 4. Accordingly, the defendants have not established that they are entitled to judgment as a matter of law on Counts One, Nine, and Ten, and the court **DENIES** their motions for summary judgment. (*Ezell* docs. 183, 184; *Wills* docs. 158, 159).

## V.   MOTIONS TO STRIKE

Because the Administrative Supervisors failed to disclose Elliott Sanders as a witness pursuant to Federal Rule of Civil Procedure 26(e)(2), the court **GRANTS** Plaintiffs' motions to strike and **STRIKES** Mr. Sanders's declaration and those portions of the Administrative Supervisors' summary judgment briefs that cite to Mr. Sanders's declaration. (*Ezell* doc. 382; *Wills* doc. 366; *see Ezell* doc. 185-71; *Ezell* doc. 192 at 24–25 ¶¶ 97–100; *Wills* doc. 160-70; *Wills* doc. 166 at 27–28 ¶¶ 116–18); Fed. R. Civ. P. 37(c).

Because the court resolves the motions for summary judgment on other grounds, the court **FINDS AS MOOT** Defendants' motions to strike Plaintiffs' expert Dan Pacholke and Plaintiffs' motions to strike Defendants' experts Mark Inch, Kevin Myers, and Brian Zawilinski. (*Ezell* docs. 384, 393; *Wills* docs. 368, 377).

## VI.   CONCLUSION

For the reasons set out above, the court **DENIES** summary judgment as to Counts One, Nine, and Ten. (*Ezell* docs. 183, 184; *Wills* docs. 158, 159). Those claims shall proceed to trial. The court **GRANTS** Plaintiffs' motions to strike and **STRIKES** Mr. Sanders's declaration and those portions of the Administrative Supervisors' summary judgment briefs that cite to Mr. Sanders's declaration. (*Ezell* doc. 382; *Wills* doc. 366; *see Ezell* doc. 185-71; *Ezell* doc. 192 at 24–25 ¶¶ 97–100;

*Wills* doc. 160-70; *Wills* doc. 166 at 27–28 ¶¶ 116–18). The court **FINDS AS MOOT** the remaining motions to strike. (*Ezell* docs. 384, 393; *Wills* docs. 368, 377).

**DONE** and **ORDERED** this August 6, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE